United States District Court
For the District Of Columbia

**FILED**

JUL 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Adrian Williams-El, Pro Se - Petitioner
#97648-131/D.C.D.C. #162-518
1901 "E" Street, S.E., Medical Unit 82-15
Washington, D.C., 20003;

V.

Michael J. Gaines, Chairman, Et Al.,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815.

Warden Fred Figueroa
Corrections Corporation of America
1901 "E" Street, S.E.
Washington, D.C., 20003; Respondents.

Civil Action No.

CASE NUMBER    1:05CV01387

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 07/12/2005

Emergency Petition For Writ Of Habeas Corpus To Forthwith
Order The Release Of Petitioner, Adrian Williams-El,

(1)

From Respondent's Custody Since Petitioner Was
Freed From All Criminal Charges In The D.C.
Superior Court Regarding Formal Criminal Case
F-00041-05 On June 1, 2005, And Where Petitioner
Should Be Ordered Released Back To Special Parole
Without Further Delay On Prejudicial Bias Pursuant
To 28 U.S.C. §2241 Et Al

Comes now, the pro se petitioner Adrian Williams-El,
whom respectfully moves this Honorable Court pursuant to
the ("Great Writ of Habeas Corpus") As cited above and
hereto: Petitioner respectfully moves this Honorable Court
pursuant to 28 U.S.C. §2241 Et Seq. As grounds for
the ("Great Writ of Habeas Corpus") petitioner
respectfully states:

## Jurisdictional Authority

Jurisdictional Authority rest here upon 28 U.S.C. §
2241 Et Seq.

Jurisdictional Authority further rest upon the Constitutional ground of the Due Process Clause of the Fifth Amendment of the United States Constitution, where Respondent Michael J. Gaines, Chairman, United States Parole Commission and Warden Fred Figueroa, Warden of Corrections Corporation of America, 1901 "E" Street, S.E., Washington, D.C., 20003, has failed to forthwith release petitioner back to Special Parole after being vindicated before the D.C. Superior Court of all criminal charges where the ("Arresting officer") in Criminal Case F-00041-05 admitted under cross-examination that said ("Arresting officer") Lied on this petitioner rendering his testimony and Arrest of this petitioner constitutionally and legally illegal and unethical in criminal case F-00041-05.

(3)

Petitioner was freed on June 1, 2005, when the government finally admitted that petitioners arrest was a "bad arrest." Thus, Criminal Case F-00041-05 was dismissed with prejudice on June 1, 2005. Petitioner should have been released back to Special Parole within 72 hours of the Courts ruling, but because of the racial prejudice of Respondents and their Agents Against black's of the District of Columbia, this petitioner whom was exonerated in the D.C. Superior Court is still imprison by these racist and overwhelmingly prejudicial policies and practices of Respondent Michael J. Gaines, Chairman, United States Parole Commission and his Agent's. Once the formal arresting officer in formal criminal case F-00041-05 admitted on the witness stand that he had infact Lied on this petitioner, plus the eyewitnesses in the governments formal criminal case gave the decription of someone other than this petitioner, who's not 6' 2" tall, who's not 240 pounds or better, who's not extreemly dark completion and who's had gray and black facial hair which the two (2) eyewitnesses claimed the offender had no facial hair makes it clear

(3-A)

that petitioner was not the preperator of said crime. What is clear here is that petitioner was arrested for being black in a white area of the (District of Columbia, petitioner was set-up and now has to face a highly racist and bias authority such as the United States Parole Commission's Michal J. Gaines and his racist and prejudical agents dispite petitioner having been exonerated in the D.C. Superior Court with all the evidence pointing in petitioners favor; the United States Parole Commission's Chairman, Michael J. Gaines and his federal racist and bias agents are further placing petitioners life at jeopardy based upon petitioners medical situation is a clear sign of the racial prejudice of these Respondents to the safety and justice of this petitioner. They'd rather have petitioner die a innocent victim then release petitioner to the remainder of his Special Parole term and deprive petitioner of his family and children because of their racial haterite.

(3-B)

Wherefore, under the (Due Process Clauses of the Fifth Amendment of these United States federal Constitution and in Accords to this Honorable Court's decision in: <u>Virgil Long, Et Al., V. Michael J. Gaines, Et Al.,</u> Civil Action No. <u>01-0010(EGS)</u> October 12th, 2001 and <u>Joost V. United States Parole Commission,</u> 698 F.2d 418 (1983). <u>See Also</u> 18 U.S.C.A. §4206(c). Thus, the United States Parole Commission's Chairman, <u>Michael J. Gaines, Et Al.</u>, and his <u>Agents</u> have infringed upon the <u>liberty interest</u> of this petitioner where said authorities stand in violation of the federal constitutional rights of this petitioner <u>Adrian Williams-El,</u> retalitonally and vindictively where on this Special Day, September 27th 2001. before this Honorable Court, the United States Parole Commission filed its plan before this Honorable Court for implementing the Court's Order of September 27th, 2001, forwhich said federal Authority, i.e., the United States Parole Commission's Chairman, <u>Michael J. Gaines, Et Al.</u>, and his <u>Agents</u> stand in breach of here today prejudically and retalitonally regarding this petitioner ...

(4)

After petitioner "Won" his Criminal Case In Q.C. Superior Court In formal Criminal Case F-00041-05 on June 1, 2005. dispite the prejudical interferences by the cowardly prejudical Act's employed by the United States Parole Commission's Chairman, Michael J. Gaines and his racist Agents by issuing A parole violation warrant against this petitioner on Febuary 17th, 2005, and arresting petitioner on March 3rd, 2006; and executing said warrant to deny petitioner A ("fair") and ("impartial") opportunity to defend himself while on bond by helping Counsel Ms. Vida B. Johnson and her "new investigator's" help track down "two" critical eyewitnesses of this petitioner whom were illegally run-off by the ("same") arresting officer in formal Criminal Case F-00041-05; whom later admitted on the witness stand in formal Criminal Case F-00041-05, that he had infact lied on this petitioner. Nevertheless, the prejudical impact of haven threaten and run away "two" white eyewitnesses of this petitioner

(4-A)

to keep them from coming forward and explaining that he was detaining the wrong man, whom were also eyewitnesses to this "same" arresting officer's assault upon this petitioner in plane view of said residence at 4201 Mass. Avenue, N.W., Washington, D.C., reaching the legal of: ("tampering, threatening potential eyewitnesses") in a felony case, (is) itself a ("felony") that said ("same") arresting officer should have been charged with. The double standard in that, coupled with the description's given by the government eyewitnesses never came close to matching this petitioner, and finally the straw that broke the Camel's back was the admission on the witness stand under cross-examination by petitioners Counsel Ms. Vida B. Johnson, this "same" arresting police officer admitted he lied on this petitioner. These Respondent's, United States Parole Commission's Chairman, Michael J. Gaines, and his agents are now illegally and unconstitutionally detaining petitioner dispute petitioners serious medical situation to keep petitioner from trying to locate his "eyewitnesses"

(4-B)

in formal criminal case F-00041-05, to hinder, impede, frustrate, interfer and or stop altogether, petitioners attempt to locate his two white eyewitnesses to petitioners illegal and unconstitutional arrest. This is the Abuse of Authority and power by the United States Parole Commissions Chairman, Michael J. Gaines, and his racist, prejudical, retalitorial, vindictive Agents in keeping petitioner from locating his two eyewitnesses whom would cause said racist Authorities to ("hear the truth of petitioners illegal and unconstitutional arrest") from coming to the light; As well as keeping from hearing that this petitioner was never even in the building where the alledge crime took place and that two other people had run past this petitioner nearly knocking petitioner to the ground where they lost the bag they were carrying after running into this petitioner while fleeing from police.

(4-C)

Petitioners two eyewitnesses were coming toward petitioner to see if petitioner was altright as petitioner stoped to pick up the bag the assailent's had droped by running into this petitioner when the police came upon the scene and grabed this petitioner whom was innocent of any wrong-doing. Petitioners two eyewitnesses told this to the arresting police officer whom slamed petitioners head into the hood of his police vehicle and threaten petitioners two eyewitnesses to get out of there or they'd be beaten and arrested to. At that, petitioners two eyewitnesses fled into the building of 4201 Mass. Avenue, N.W., Washington, D.C., never to have been seen again according to petitioners lawyers investigator. And who can blame them because the police didn't want the truth that they'd screwed up, coming to light, just as this United States Parole Commission's Chairman, Michael J. Gaines, and his agents are doing their best to keep the truth from being revealed

(4-D)

That infact is their calling card, impeding, hindering, frustrating, stoping black offenders here in the District of Columbia, from exercising their Constitutional right to defend themselves freely and without restraints to any charges they may be faced with before whatever Court system they may face in violation of the Due Process Clause of the fifth Amendment of these United States federal Constitution. Thus, the playing field is never equal for "Black's" in the District of Columbia with the prejudical strangle-hold imposed illegally and unconstitutionally by the United States Parole Commission's Chairman, Michael J. Gaines, and his prejudical agents.

<u>Constitutional Violations</u>

The United States Parole Commission's Michael J. Gaines, and his agents are in violation of the Due Process

(4-E)

Clause of the Fifth Amendment of the United States Constitution in their failure to forthwith release this petitioner Adrian Williams-El, after being vindicated of all criminal charges, i.e., ("any wrong doing") in criminal case F-00041-05 before the D.C Superior Court after discovering that the ("Arresting officer") admitted that he had infact lied against this petitioner.

Dispite this petitioner having suffered conjested heart-failure and is currently under serious medical care in the Medical Unit here in Medical Unit 82 in the custody of Michael J. Gaines, Chairman, United States Parole Commission and Warden Fred Figueroa

Corrections Corporation of America, 1901 "E" Street, S.E., Washington, D.C., 20003. where according to petitioners medical doctor's, petitioners heart is only functioning 10% and needs immediate medical release since petitioners health is further deteriorating here.

(5)

The United States Parole Commission's <u>Michael J.</u>
<u>Gaines</u>, Chairman and Warden <u>Fred Figueroa</u>
of Corrections Corporation of America, are detaining
petitioner under <u>Cruel</u> and <u>Unusual</u> standards in
further violation of the Eighth Amendment of the United
States Constitution, where petitioner was vindicated of all
criminal charges in criminal case <u>F-00041-05</u> on June
1, 2005, making petitioners current detaining
horror in violation of the letter of the law and the
United States Constitution.

Petitioner request that his criminal attorney of the
Public Defender Service, Ms. <u>Vida B. Johnson</u>, Staff Attorney,
633 <u>Indiana Avenue</u>, N.W., Washington, D.C., 20004, be
called as a <u>witness</u> and <u>representive</u> of petitioner, where
said counsel has the "<u>proceedings transcript</u>" in criminal
case <u>F-00041-05</u> where said ("Arresting officer") confessed

(6)

that he, said "Arresting officer" lied on this petitioner. Wherefore, the detainer lodged by the United States Parole Commission should be Ordered forthwith VACATED with prejudice and ANY violation in relationship to D.C. Superior Court Case F-00041-05 by the United States Parole Commission's employee's likewise be Ordered VACATED with prejudice and petitioner Ordered forthwith restored to immediate Special Parole without delay, or without further delay ~~by~~ any of these Respondent's.

Note: Because Warden Fred Figueroa of Corrections Corporation of America has denied this petitioner access to the institutions Law Library in violation of: Bounds V. Smith, U.S. Supreme Court and Jones V. Cunningham, U.S. Supreme Court, petitioner has a constitutional entitlement to access to the institutions Law Library that is illegally and unconstitutionally denied petitioner without Due Process of Law under the Fifth Amendment.

(7)

Whereas petitioner is denied "copies" and the availability to properly present his constitutional decreation without interference before this Honorable Court. As such, petitioner prays that this Honorable Court present him "copies" of this action and a Order requiring the Warden here to stop his interferences of petitioners ACCESS and availability to present his constitutional decreations before this Honorable Court forthwith. See Bounds v. Smith, USNC, 97 S.Ct. 1491, 430 U.S. 817, 52 L. Ed. 2d 72.

Wherefore, based upon these facts and constitutional decreations, petitioner submits that said information and statements are true and correct to the best of my knowledge.

This being the 3rd day of June                    2005.

Adrian Williams-El
Adrian Williams-El, #97648-131/DCDC#
(1901 "E" Street, S.E., Medical Unit          162-518
Washington, D.C., 20003.                       82-15

(8)

Based upon the prejudical and barbaric attitudes of these Respondents and their prejudical handling of this petitioners case, coupled with petitioners current medical deterioration of his heart which is only functioning 10% according to the top four Cardiac Doctors in the District of Columbia's Washington Hospital Center and Greater Southeast Community Hospital Corporation I, this petitioner is legally entitled and requesting "expidited relief" before his heart gives out altogether. Petitioners Counselor Ms. <u>Vida B. Johnson,</u> of the Public Defender Service has petitioners medical records from both hospitals and is more than willing to provide this Honorable Court with any medical confirmation this Honorable Court feels it may need to "<u>expidite the relief</u>" justly and legally sought by this petitioner. <u>See</u> 28 U.S.C. §2243. In a life and death quest for justice, the petitioners

(9)

health should be priority number one, and the callious delay of petitioners release back on Special Parole under these circumstances reflects upon the outright racist conduct by these Respondents whom have clearly demonstrated racial prejudice towards this petitioner. Thus, petitioner respectfully moves this Honorable Court to enact the ten (10) day rule regarding Respondents Answering time to the Court's Show Cause Order, and permit petitioner to Respondent by Traverse within 72 hours by having the United States Marshals Appear here in 72 hours to transport petitioners response by Traverse to this Honorable Court since Respondents have denied petitioner Law Library access in violation of the letter of the law and the United States Constitution. Wherefore, petitioner further respectfully moves this Honorable Court to forthwith produce petitioners Attendence before said Honorable Court by Court Order requiring said United States

(10)

Marshals to forthwith produce the body of this Petitioner forthwith and grant the relief sought by said petitioner.

Respectfully Submitted,

Adrian Williams-El

Adrian Williams-El, Pro Se-Petitioner
#97648-131 / D.C.D.C. #162-518
1901 "E" Street, S.E., Medical Unit 82-15
Washington, D.C., 20003

This being the 3rd day of June _____ 2005.

Adrian Williams-El

Adrian Williams-El, Pro Se-Petitioner
#97648-131 / D.C.D.C. #162-518
1901 "E" Street, S.E., Medical Unit 82-15
Washington, D.C., 20003

(11)

## Requesting Bond Relief

In accordance to the <u>Habeas Corpus Act</u>, Et Seq., petitioner respectfully request that should the proceedings exceed the ten (10) day relief sought under 28 U.S.C. § 2243, Et Seq., that this Honorable Court forthwith <u>Order</u> the <u>release</u> of petitioner upon his own ("personal <u>reconjurcence</u>") since petitioner was originally <u>Ordered</u> <u>released</u> before the D.C. Superior Court in connection with formal criminal case <u>F-00041-05</u> until Respondent's United States Parole Commission <u>over-ruled</u> the Superior Court Judges authority by having this petitioner <u>arrested</u> even though the United States Parole Commission was <u>Alerted</u> that the ("Arresting officer") in formal criminal case <u>F-00041-05</u> in the D.C. Superior Court had <u>Lied</u> against petitioner and would have faced charges of making ("false statements") if petitioner had not been immediately vendicated

(11-A)

. Before the D.C. Superior Court. Thus, in accordance to the Eighth Amendment's excessive bond policy, we ask that this Honorable Court forthwith release this petitioner upon his own ("personal reconancence") should this matter exceed ten (10) days period. Petitioner will reside within the District of Columbia At: 607 Condon Terrance, Southeast, Washington, D.C., 20032; the same residance petitioner was released to before the Superior Court of the District of Columbia in formal criminal case F-00041-05, this way petitioner can see his medical Doctor's at Washington Hospital Center which would greatly improve petitioners deteriated state here at Corrections Corporation of America, 1901 "E" Street, S.E., Washington, D.C., 20003; which is no place for a serious heart patient to be housed.

Wherefore, based upon these facts which are true

(11-B)

And correct to the very best of my knowledge, the petitioner <u>Adrian Williams-El</u>, should be <u>Ordered</u> <u>forthwith</u> <u>released</u> upon his own (" personal reconawcence" should this matter exceed ten (10) days.

This being the <u>3rd</u> day of <u>June</u> 2005.

Respectfully submitted,

<u>Adrian Williams-El</u>

Adrian Williams-El, Pro Se- Petitioner
#97648-131 /D.C.D.C. #162-518
1901 "E" Street, S.E., Medical Unit 82-15
Washington, D.C., 20003.

Note: The United States Parole Commission's Chairman, <u>Michael J. Gaines</u>, And It's <u>Employee's</u> Are Guilty Of Practicing Racial Discrimination Towards This Petitioner And All Black District of Columbia Parolee's In Prison Under Similar/Same Circumstances Of This Parolee...
The Proof Awaits In The Numbers Of Similar/Same Black

(11-C)

Offenders/Parolee's Whom In The State Of Virginia, The State Of Maryland, The State Of New Jersey And The State Of New York Clearly Show That Black's Whom Alledgedly Violate Their Paroles With New Arrest Are Not Only Allowed To Defend Themselves Before Various Local And Federal Court Systems Without The Threat Of Violations Pending The Outcome Of Their Criminal Cases, But Whites Enjoy A Even Greater Freedom. Black's In These Various States Should They Win Their Criminal Cases Are Automatically Returned To Their Perspective Paroles Without Fears Of Revocations By These Same United States Parole Authorities, Yet Petitioner Whom Is A Resident And A Life Long Citizen Of The District Of Columbia Whom Beat Their Criminal Cases As Other District Of Columbia Black's Are Racially Denied The Same Treatment And Fairness As Other Black's Across The Nation. And Whites Here In The Same Or Similar Circumstances Win Their Criminal Cases Are Seldom Even Held, Less ~~Strung~~ Alone Threaten With Violations Of Their Paroles By These Same United States Parole Commission Authorities Which Clearly Brings

(11-D)

About A Double Standard Comprised Of Racial Seperation By Color And Prejudice By Practice By These Same United States Parole Commission Authorities, And Which The Double Standard Is Certainly Enforced Upon Black District Of Columbia Offenders Overwhelmingly So, In Comparison To All Black's Living In Other States Across The United States. Only District Of Columbia Black's Are Held Regardless To Whether They Win Their Criminal Cases Or Not, We Are Racially Discriminated Against By These Same United States Parole Commission Authorities Not Only For The Color Of Our Skin But Because We Are District Of Columbia Black's And Thus Our Location Of Where We Live As A Race Is Also Discriminated Against By These Same United States Parole Commission Authorities And To Further Prove This Factor Petitioner Respectfully Request That A Federal Servay Be Conducted Throughout The United States Of Black's And Whites Under Parole By These Same United States Parole Commission Authorities Of Similar/Same Circumstances Where Said Parolee's Won Their Criminal

(11-E)

Cases As This Petitioner Won His In Formal Criminal Case F-00041-05, Formally Before The D.C. Superior Court System. This Honorable Court May Order The Records Of All Parolee's White And BLACK From This Same United States Parole Commission Authorities And Compare Them With District of Columbia Offenders By The Court's Appointee's To Demistrate And Prove That District Of Columbia Black's Have And Are Being Discriminated Against In The Similar/Same Circumstance Of Petitioner Based Upon Petitioners Color/Race And Location/Living Within The District of Columbia. Discrimination As Discrimination And It's Illegal And Unconstitutional To Practice Said Discrimination In The District Of Columbia And Within And Throughout The United States Which These Respondent's And Their Agents Of The United States Parole Commission Authorities Are Guilty Of.

Respectfully Submitted,

Adrian Williams-EL

Adrian Williams-EL, Pro Se - Petitioner
#97648-131 / D.C.D.C. #162-518
1901 "E" Street, S.E., Medical Unit 82-15
Washington, D.C., 20003
(11-F)

# Sworn Declaration

In Accords to the federal statute, I, Adrian Williams-El, Federal No. #97648-131, (D.C.D.C. # 162-518, do swear under federal statute that the information, exhibits and facts Are true and correct to the very best of my Knowledge under penalty of perjury.

This being the 3rd day of June 2005.

Adrian Williams-El

Adrian Williams-El, Pro Se-Petitioner
#97648-131/D.C.D.C # 162-518
1901 "E" Street, S.E., Medical Unit 82-15
Washington, D.C., 20003.


In Accords to the federal habeas corpus Act, et seq., we respectfully request that this matter be forthwith expidited under the ten day policy of 28 U.S.C. §2243 et seq. That the ("Great Writ of Habeas Corpus") in Accords to 28 U.S.C. §2241 et seq., be forthwith expidited and executed to the fullest extent of the law. Respectfully submitted, Adrian Williams-El, #97648-131

(11-6)

Requesting Copies To Be Provided By
This Honorable Court And Certification
For Service And Process Be Conducted
By United States Marshal's And That
Petitioner Be Mailed Or Served A Copy
Of These Proceedings And A Copy Of
The Service Of Process Upon Respondents

Respectfully: This petitioner Adrian Williams-El,
respectfully moves this Honorable Court by request that said
authority produce the correct number of copies for Respondents,
their agents, the Warden here and this petitioner whom has
been denied access to the law library by Order/Memorandum
by Respondent Warden Fred Figueroa for "all" prisoners
asigned to Medical Unit 82 as this petitioner in violation
of the Due Process Clause of the Fifth Amendment of the
United States federal Constitution and in violation of the
First Amendment rights of the United States federal Constitution
to deny petitioner legal access to the Courts... See Also

(12)

Bounds v. Smith, 97 S. Ct. 1491, 430 U.S. 817, 52 L. Ed. 2d 72 (1977). Burns v. Ohio, 360 U.S. 252, 257, 79 S. Ct. 1164, 1168, 3 L. Ed. 2d 1029 (1959); Ex parte Hull, 312 U.S. 546, 61 S. Ct. 640, 85 L. Ed. 1034 (1941).

See Also Griffin v. Illinois, 351 U.S. 12, 20, 76 S. Ct. 585, 591, 100 L. Ed. 891 (1956). Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

See Cruz v. Beto, 405 U.S. 319, 321, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972). Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972); Wolff v. McDonnell, 418 U.S. 539, 577-580, 94 S. Ct. 2963, 2985-2988, 41 L. Ed. 2d 935 (1974).

Cf. National League of Cities v. Usery, 426 U.S. 833, 96 S. Ct. 2465, 49 L. Ed. 2d 245 (1976)

Based upon these Constitutional entitlements and the Laws of the United States, petitioner prays that this Honorable Court forthwith grant him this request.

Respectfully Submitted,

Adrian Williams-El

Adrian Williams-El, Pro Se - Petitioner
#97648-131 / D.C.D.C. # 162-518
1901 "E" Street, S.E., Medical Unit 82-15
Washington, D.C., 20003

(12-A)