Adrian Williams-El  v.  Michael J. Gaines, Et Al.

Exhibit (A)

Proof That Petitioner Was Arrested By United States Marshal's To Counterman Petitioners Release Before The D.C. Superior Court In Formal Criminal Case F-00041-05 By The Honorable Judge Formally Residing Over Said Formal Crim. Case

# Memorandum

**Subject**
Warrant Execution Instructions Regarding:
Williams, Adrian
Reg. No. 97648-131
DCDC No. 162-518

**Date**
February 17, 2005

**To**

U.S. Marshal
District of Columbia - District Court
333 Constitution Ave, N.W., Rm 1400
Washington, D.C. 20001
Attn: Karen Brown

**From**
Rhonda A. Shelton
Case Analyst
U.S. Parole Commission

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named D.C. Code offender. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

Please assume custody as soon as possible.

If the prisoner is already in the custody of federal, state or local authorities, do not execute the Commission's warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this prisoner, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed. If after executing the Commission's warrant, it is determined that another arrest warrant for the prisoner has been executed or was outstanding at the time the Commission's warrant was executed, the arresting officer may, within 72 hours of executing the Commission's warrant, release the prisoner to the other arrest warrant and place the Commission's warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave both Warrant and Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case.

Enclosure

cc: D.C. Court Services and Offender Supervision Agency
Special Projects Unit
300 Indiana Avenue, N.W., Suite 2076
Washington, D.C. 20001

RAS

---

Williams, Adrian
Reg. No. 97648-131    DCDC No. 162-518

U.S. DEPARTMENT OF JUSTICE  
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION  
D.C. Code Offender

Name .................................. Williams, Adrian

Reg. No ........................ 97648-131  
DCDC No ....................... 162-518  
FBI No ........................... 310535G  
Birth Date .................... April 21, 1945  
Race ............................. Black

Date .................................. February 17, 2005  
Termination of Supervision ...... July 18, 2006  
Violation Date .................... January 5, 2005  
Released ............................ July 19, 2003

Sentence Length ........... 30 months with 3 years supervised  
Original Offense ............ Attempted Second Degree Burglary

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**  
**Charge No. 1 – Law Violation – Burglary One While Armed.** On 1-1-05, the releasee stole a laptop computer belonging to Husain Haqqani from his residence at 4301 Massachusetts Avenue # 3005. During the search incident to arrest, the police recovered a laptop computer, numerous watches, coins, large knife, screwdriver, black leather gloves and assorted keys. The releasee was arrested by the Metropolitan Police for the above-cited offense on 1-1-05. This charge is based on the information contained in the violation report dated 1-4-05 from supervising officer Sonya Atkinson and a police report dated 1-1-05. Status of Custody/Criminal Proceedings: The subject was released on 1-4-05 and has a court date scheduled for 2-28-05  
I ADMIT [ ] or DENY [ ✓ ] this charge.

Williams, Adrian  
Reg. No. 97648-131   DCDC No. 162-518

Probable Cause Hearing Is Required

Warrant Recommended By:

_____
Rhonda A. Shelton, Case Analyst
U.S. Parole Commission

Warrant Issued.................. February 17, 2005

Community Supervision Office Requesting Warrant: General Supervision Unit VII-Team 4, 25 K Street

Williams, Adrian
Reg. No. 97648-131    DCDC No. 162-518