Adrian Williams-El  v.  Michael J. Gaines, Et Al.

Exhibit (3-A)

**FILED**

JUL 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1387

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America v.

Calendar: _____
Docket No.: _____
PDID: _____

_____    _____    _____
Name                              Address                           Telephone Number

### HIGH INTENSITY SUPERVISION PROGRAM (REVISED 11/29/04)

YOU ARE HEREBY RELEASED ON THE CONDITIONS INDICATED BELOW. THESE CONDITIONS WILL BE IN EFFECT UNTIL YOUR CASE IS DISPOSED OF, OR UNTIL THEY ARE CHANGED OR AMENDED BY A JUDICIAL OFFICER.

| | |
|---|---|
| ☐ **Community Supervision** | You have been placed into the Community Supervision Phase of the High Intensity Supervision Program with Electronic Monitoring and are to follow the rules, regulations, and requirements of the Program. You are to: <br><br> Report for Program orientation on _____ at 10:00 a.m. at 633 Indiana Avenue, 10th floor, Suite 1020, NW, Washington, DC. <br><br> Maintain face-to-face contact, abide by a curfew, attend group sessions, and/or participate in drug testing, as directed by the Pretrial Services Agency staff. You are to refrain from any illegal drug use. Failure to refrain from illegal drug use or to comply with your drug testing condition will result in an assessment for your placement into the Sanction-Based Treatment Program. Infractions of your contact and/or curfew requirements will, at a minimum, result in a more restrictive curfew, increased reporting requirements, and/or placement in the Home Confinement Phase of the Program, as described below and on the reverse of this Order. |
| ☒ **Home Confinement** | You have been placed into the Home Confinement Phase of the High Intensity Supervision Program with Electronic Monitoring and are to follow the rules, regulations, and requirements of the Program. You are to: <br><br> Report for Program orientation on 1/11/05 at 10:00 a.m. at 633 Indiana Avenue, 10th floor, Suite 1020, NW, Washington, DC. <br><br> Maintain a 24-hour curfew for the initial 21 days of Program participation. In addition, you are to maintain face-to-face contact, attend group sessions, and/or participate in drug testing, as directed by the Pretrial Services Agency staff. You are to refrain from any illegal drug use. Failure to refrain from illegal drug use or to comply with your drug testing condition will result in an assessment for your placement into the Sanction-Based Treatment Program. Infractions of your contact and/or curfew requirements will, at a minimum, result in an increase in your 21 days of 24-hour curfew for up to an additional 21 days. After successfully completing the Home Confinement Phase, you will be placed into the Community Supervision Phase of the Program. |
| **STAY AWAY** | You are to stay away from: |
| **OTHER** | Defendant will be allowed to attend medical related appointments. |
| **You Are to** | Refrain from committing any criminal offense and comply with all conditions of release, or you shall be subject to additional proceedings pursuant to 23 DC Code §1329, the penalties for which are explained on the reverse side of this order. |
| **NEXT DUE BACK** | On 2/28/05 in Courtroom 216 at 9:30 am/pm. If you have any questions about the date, time or location, call the DC Pretrial Services Agency at (202) 220-5530. | Your Attorney: |

Defendant's Signature: _____

I understand the penalties that may be imposed on me for willful failure to appear, for violation of any conditions of release, and I agree to comply with the conditions of my release and to appear as required.

Witnessed by: _____ (title or Agency) _____

> **IMPORTANT:** YOU MUST MAINTAIN YOUR RESIDENCE AT THE ABOVE ADDRESS. YOU CANNOT CHANGE YOUR ADDRESS WITHOUT PRIOR NOTIFICATION TO AND THE APPROVAL OF THE DC PRETRIAL SERVICES AGENCY. YOU MUST IMMEDIATELY NOTIFY THE DC PRETRIAL SERVICES AGENCY OF ANY CHANGE OF EMPLOYMENT OR OTHER CHANGE THAT MAY IMPACT ANY OTHER RELEASE CONDITION.

SO ORDERED:

_____    _____
Date                                Signature of Judicial Officer

Adrian Williams-El  v.  Michael J. Gaines, Et Al.

Exhibit (3-B)

U.S. DEPARTMENT OF JUSTICE  
United States Parole Commission  
Chevy Chase, MD 20815

Probable Cause and Revocation  
Hearing Form for D.C. Code Parolees or Releasees  
Arrested in the District of Columbia

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

### Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

FILED  
JUL 1 2 2005  
NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

05 1387

OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING. The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

> I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

X (A) ( ✓ ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (   ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

X *[signature: Adrian Williams]*                     3/8/05
(Signature of Parolee or Releasee)                   (Date)

## PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

***OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.*** The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(  ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(A.W.) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS: The arresting police officer in Superior Court Criminal Case F-00041-05 gave false testimony and later admitted that he lied against me. Also the eyewitnesses, the description was of someone else and not me.

_____    _____
(Signature of Parolee or Releasee)         (Signature of Hearing Examiner)

3/8/05                                                        3-8-05
(Date)                                                        (Date)

ASSIGNMENT OF COUNSEL FOR A PAROLE REVOCATION HEARING
Before The
UNITED STATES PAROLE COMMISSION

Name: _Adrian Williams-El_     Register No. _97648-131_   DCDC No. _162-518_

___ For Probable Cause Hearing                          ___ For Revocation Hearing
                          *(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

I, _Adrian Williams-El_, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____
(initials)     I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

_A.W._
(initials)     I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

    I am                                              employed      unemployed ✓
    If employed, state weekly income                               $ _____
    If self-employed, state average weekly income     $ _____
    Cash on hand and in bank                                       $ _____
    Number of dependents                                             _____
    Property Owned                                                   _____

    I certify the above to be correct.

    _Adrian Williams_                     _3/8/05_
    (Signature of Applicant and Date)

Witness: _____
             (Signature, Title and Date)

A false or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1001).

---

Return From D.C. Public Defender Service

The above-named applicant will be represented by _____
                                                    (Name and Phone Number)

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525

Adrian Williams-El v. Michael J. Gaines, Et Al.

Exhibit (3-C)

Adrian Williams-El v. Michael J. Gaines, Et Al.

## D.C. PROBABLE CAUSE HEARING DIGEST

Name....................: **Williams, Adrian**  
Reg. No. ................: **97648-131**  
Type of Release ...........: **Supervised Release**  
Full Term Date When Warrant Issued..: **July 18, 2006**

Date Warrant Executed.: _3.3.05_  
Hearing Date ........: _3.8.05_  
Examiner ............: _Hylton_  
Supervision Officer: **Sonya Atkinson**

**Attorney at Probable Cause Hearing:**

[X] PDS    [ ] Other    [ ] None  
Name _Deborah Ritter_  
Address _____  
_____  
Phone _____

**Attorney Representing Subject at Revocation Hearing:**

[X] PDS    [ ] Other    [ ] Unknown  
Name _Vida Johnson_  
Address _____  
_____  
Phone _____

**I. Items Advised** *(Check that the subject has been advised of the following two rights):*

[X] Advised of Right to a Probable Cause Hearing   [X] Advised of Right to Attorney

**II. Reason For Not Conducting Probable Cause Hearing**
*(If Probable Cause Hearing not conducted, indicate the reason):*

[ ] Postponed to Next Docket *(If so, provide reason for postponement and omit rest of form.)*

    [ ] At Request of Attorney/Prisoner    [ ] Prisoner Unavailable

    [ ] Other Reason: _____

[ ] Combined Probable Cause/Revocation Scheduled *(If so, skip to VI, Revocation Hearing)*

**FILED**  
JUL 1 2 2005  
NANCY MAYER-WHITTINGTON, CLERK  
U.S. DISTRICT COURT

05 1387

Williams, Adrian  
Reg. No. 97648-131    DCDC No. 162-518

## III. Review of Charges:

Charge No. 1 - Law Violation – Burglary One While Armed.

[ ] ADMITS    [X] DENIES

The Subject's Response:

Attorney- states M was harassed by police. M has congestive heart failure w/ little movement. Officer indicated that he lied in order to stop M. Witnesses claim M B shades darker and has facial hair which does not specifically identify M. Patient of greater So. East. transfer to Wash. Hospital Center

[X] **Probable Cause Found.** After considering the violation report dated 1-4-05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding: Living at 606 Condon Terrace S.E. No previous violations. Health is a considerable push. Released on PR from Ct. Ct. date 3-26-05. M not receiving all the medication he is supposed to.

[ ] No Probable Cause Found

## IV. Additional Charges:

N/A.

## V. Outcome of Probable Cause Hearing:

[X] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

   [ ] **Reinstate** to Supervision or  [ ] **Close Case** *{If expiration date has passed}*

[ ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and
    [ ] **Summon** to revocation hearing or  [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Sonya Atkins
Status:__X__Approved            ____Not Approved            ____Pending Further Review


Name: Stephen E. Allen, Metropolitan Police Department, Badge # 4377,
Status:__X__Approved            ____Not Approved            ____Pending Further Review

Victim
Name: Husain Haqqani 4301 Massachusetts Avenue N.W. # 3005
Status:__X__Approved            ____Not Approved            ____Pending Further Review


## VII. Adverse Witnesses Requested by Subject:

Name:_____
Address:_____
Phone No._____
Status: [ ] Denied at PC Hearing   [ ] Approved at PC Hearing   [ ] Pending Further Review
Reason for Denial:_____

_____

_____


Name:_____
Address:_____

_____

Phone No._____

Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [ ] Denied at PC Hearing    [ ] Approved at PC Hearing    [ ] Pending Further Review

Reason for Denial:_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

## IX. Revocation Hearing:

[X] Local Revocation or      [ ] Combined Probable Cause/Local Revocation on:

Location: [ ] CTF  [ ] DC Jail  **Date:** 5-5-05  **Time:** [ ] am  [X] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address: continue.hearing@usdoj.gov**

May Qualify for an Expedited Offer:  [X] No   [ ] Yes  (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.  [X] No   [ ] Yes

_____        3/8/05
        *Attorney/Prisoner*                                  *Date*

*Additional Text:*

_____        3-8-05
        *Examiner*                                          *Date*

**Disclosure Documents:** Warrant dated 2-14-05, Warrant Application dated 2-14-05, Supplemental Warrant Application dated ___ (only if applicable), Violation Report dated 1-4-05 with attachments, Supervised Release Certificate dated 12-12-03, Pre-Sentence Report (N/A)

I acknowledge having received the above disclosure documents and a copy of this document.

---

Williams, Adrian
Reg. No. 97648-131    DCDC No. 162-518

# PUBLIC DEFENDER SERVICE
## FOR THE DISTRICT OF COLUMBIA

BOARD OF TRUSTEES

CYNTHIA D. ROBBINS
  CHAIRPERSON
JO-ANN WALLACE
  VICE CHAIRPERSON
THOMAS L. BOWEN
EMILIO W. CIVIDANES
CLAIRE M. JOHNSON
HANNAH JOPLING
KARL A. RACINE
JEFFREY D. ROBINSON
DONALD R. VEREEN, JR.
ROBERT L. WILKINS

633 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582
TTY (202) 824-2531
FAX (202) 824-2791

www.pdsdc.org

AVIS E. BUCHANAN
DIRECTOR

PETER KRAUTHAMER
DEPUTY DIRECTOR

## Probable Cause Hearing
## Request for Release Notwithstanding Finding of Probable Cause

**Date:** 3/8/05

§ 2.211-01 of the U.S. Parole Commission's Rules and Procedures manual states a preference for release of a parolee to a Community Corrections Center (CCC) as opposed to incarceration pending a final revocation hearing when the charges against a parolee are merely technical violations.

Adrian Williams _____ DCDC # 162 518 _____, is charged with only technical violations and requests release to a summons or at least release to a CCC because of § 2.211-01, because no other reason has been identified at the probable cause hearing to overcome the preference of § 2.211-01, and because of the following additional information:

Has congestive heart failure, doctors doing what they can @ CTF but not enough. Has been living at 607 Condon Terrace S.E. Has no other supervised release problems, always reported, negative urines since released.

Respectfully submitted,

[signature]

Staff Attorney – Public Defender Service

AN EQUAL OPPORTUNITY EMPLOYER