RECEIVED

AUG - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court

For The District Of Columbia

Adrian Williams-El, Plaintiff, Pro Se
Federal No. 97648-131 / D.C.D.C. # 162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., EIB-20
Washington, D.C., 20003;

V.

Michael J. Gaines, Et Al., Chairman, Defendants;
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815    ;

Warden Fred E. Figueroa, Defendant,
Warden C.C.A. (D.C.)
1901 "E" Street, S.E.
Washington, D.C., 20003.

Civil Action No.
1:05-cv-1387
EGS

Motion For (Free Copies And Certified Process) Of
The Original Complaint Filed By Plaintiff And
Motion For Injunctive Relief (Emergency Status)

Comes now, the Plaintiff Adrian Williams-El, Pro Se,

(1)

Federal No. 97648-131 / D.C.(N.C. #162-518, whom respectfully moves this Honorable Court for Copies, i.e., (Free Copies) of the Origional Complaint filed before this Honorable Court And Certification of Process of Service upon the Named Defendant's listed there pursuant to Fed. R. Civ. Proc. Rule 6(d); Fed. R. Civ. Proc. Rule 7(b). As grounds for said motion entitled here and pursuant to Fed. R. Civ. Proc. Rule 65 et seq., for (Emergency Injunctive Relief). And As grounds for these two motions the plaintiff Adrian Williams-El, respectfully states the following: (1) When the Complaint was first written by this plaintiff, it was written while plaintiff was still asigned to Medical Unit 82, Cell 16. And for which this plaintiff and other medical patiences were suddenly denied "All" Access to C.C.A. (D.C.) Law Library and denied access to "Any" And "All" legal copies, research books, copy machines, denied "Any" para legal researches access by Order/Memorandum Issued by Warden Fred E. Figueroa, Warden C.C.A. (D.C.), said was done without prior notice or warning and said violated the Due Process Rights And the Bill of Rights of this Plaintiff without Due Process of Law while plaintiff was housed on Medical Unit 82-15, And based upon the unconstitutional

(1-A)

demands made upon me here at C.C.A. Facility, 1901 "E" Street, S.E., F1B-20, Washington, D.C., 20003; by Warden <u>Fred E. Figueroa</u>, "All" Medical Unit 82 prisoners were suddenly denied access to the facilities law library in violation of my procedural due process rights under the Fifth Amendment. <u>See</u> <u>McDonnell V. Wolff</u>, 342 F. Supp. 616 (Neb. 1972). <u>See Also</u> <u>Bounds V. Smith</u>, 430 U.S. 817 (1977). Here, while attempting to litigate my case against the United States Parole Commission's Chairman <u>Michael Gaines</u>, Et Al., every opportunity to do so was terminated without "prior notice," and without my having violated a single rule, (Defendant/Respondent Warden <u>Fred E. Figueroa</u> penalized me in every way possible to undermine, frustrate, stop my ability to litigate this matter before the federal court. <u>See</u> <u>Younger V. Gilmore</u>, 404 U.S. 15 (1971). <u>See Also</u> <u>Cochran V. Kansas</u>, 316 U.S. 255 (1942). Here, these defendants are vindictively inflicting a harsher punishment on the plaintiff for exercising the Constitutional right to trial and winning pre trially. <u>See</u> <u>North Carolina V. Pearce</u>, 395 U.S. 711, 725 (1969).

(2)

(2) Here, Defendant/Respondent Warden _Fred E._

_Figueroa_     "effectively foreclosed access," for months while I was housed on Medical Unit 82-15, thus even at times I was deprived of my "Heart Medications" whether deliberate or not, cause me to nearly pass-out on a few ~~occasions~~ occasion's, Medical Staff had to dial 911 and have me rushed over to Southeast Community Hospital. My lawyer Ms. _Vida Johnson_, Public Defender, can varify all of this. We have the Hospital documentations, and the medical doctor's reports from Southeast Community Hospital and D.C. General. _See Ex parte Hull_, 312 U.S. 546 (1941), _Cochran v. Kansas_, 316 U.S. 255 (1942).

(3) Thus, under the United States Federal Constitution, the plaintiff/petitioner _Adrian Williams-El_, Federal No. #_97648-131_, D.C.D.C. #_162-518_ is constitutionally entitled to "_free copies_" of his original pleadings before this Honorable Court and that "ALL" defendant's recieve a copy of this matter provided by this Honorable Court since plaintiff/

(3)

petitioner WAS "effectively foreclosed to Access" to this

Honorable Court by Defendant/Respondent Warden

Fred E. Figueroa's          policies and memorandum Order.

See Burns V. Ohio, 360 U.S. 252, 257 (1959); Smith V.

Bennett, 365 U.S. 708 (1961); Johnson V. Avery, 393 U.S. 483 (1969).

See Also Griffin V. Illinois, 351 U.S. 12, 20 (1956);

Wolff V. McDonnell, 418 U.S. 539, 577-580 (1974),

Gideon V. Wainwright, 372 U.S. 335 (1963); Aregersinger V.

Hamlin, 407 U.S. 25 (1972).

See Fed. Rules Civ. Proc. Rule 8(A)(1),(3).

As noted in plaintiff/petitioners complaint, the original

inmate Grievence filed by this plaintiff/petitioner was

sabotaged by C.C.A. employee's under the Wardenship of

Defendant/Respondent Warden Fred E. Figueroa And

his administrative staff.

See Wolff V. McDonnell, 418 U.S. 539, 577-580 (1974),

See Cf. Gardner V. California, 393 U.S. 367, 369-370 (1969).

(4)

As this Honorable Court has noted; and "constantly emphasized," habeas corpus and civil rights actions are of "fundamental importance... in our constitutional scheme" because they directly protect our most valued rights. Johnson v. Avery, 393 U.S., at 485; Wolff v. McDonnell, 418 U.S., at 579.

See Also Haines v. Kerner, 404 U.S. 519, 520 (1972).

See Younger v. Gilmore, 404 U.S. 15 (1971); Cruz v. Beto, 405 U.S. 319, 321 (1972); Chaffin v. Stynchcombe, 412 U.S. 17, 34 n. 22 (1973); Procunier v. Martinez, 416 U.S. 396, 421-422 (1974). See Also Johnson v. Avery, 393 U.S., at 488.

(4) Thus, because plaintiff/petitioner is a pauper, was factually denied "access" to this Honorable Court for months while plaintiff/petitioner was House on Medical Unit 82-15, because plaintiff/petitioner has "congested heart failure" and where plaintiff/petitioners medical doctor's from Southeast Community Hospital, D.C. General and

(5)

Washington Hospital Center "ALL" Agreed, i.e., (the heart
Specialist) that plaintiff/petitioners heart is only functioning
At 10% and is why these medical doctors have been trying to
get plaintiff/petitioner medically released, esspecially since
plaintiff/petitioner won his formal criminal offense in the
(D.C. Superior Court on June 1, 2005. Yet, the defendants/
respondents Michael J. Gaines, Et Al., Chairman, United States
Parole Commission has thus far denied plaintiff/petitioners
re-parole because plaintiff/petitioner is a (District of
Columbia Black Parolee whom has no other technical's other
than a (former new Arrest) where said arresting officer
Admitted on the witness stand that he had lied on this
plaintiff/petitioner, which formal governmental counsel
admitted to the Court that the arrest of this plaintiff/
petitioner was infact a ("bad arrest.") which should have
Automatically, Any where else in the United States, this
plaintiff/petitioner would have been Automatically reinstated,
but because plaintiff/petitioner is a (District of Columbia Black

(6)

resident, this plaintiff/petitioner is unconstitutionally and illegally denied his conditional freedom by these defendant/respondents. The defendant/respondent Michael J. Gaines, Et Al., Chairman, United States Parole Commission is attempting to call this police perjuror as a witness against this plaintiff/petitioner to further deny the plaintiff/petitioner his "liberty interest." See United States v. Aguns, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed. 2d 342 (1976); Giglio v. United States, 405 U.S. 150, 153, 92 S.Ct. 763, 765, 31 L.Ed. 2d 104 (1972); United States v. Bagley, 473 U.S. 667, 678-80, 105 S.Ct. 3375, 3381-82, 87 L.Ed. 2d 481 (1985)...

("(D)eliberate deception of the court by the presentation of false evidence is incompatible with rudimentary demands of justice" and a resulting conviction must be set aside "if there is any reasonable likelihood that the false

testimony could have effected the jury verdict."

See Also Pyle v. Kansas, 317 U.S. 213, 63 S. Ct. 177, 87 L. Ed. 214 (1942) . . . "(t)he same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." Id., at 269, 79 S.Ct., at 1177.

See Napue v. Illinois, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959).

Thereafter see Brady v. Maryland, 373 U.S., at 87, 83 S.Ct, at 1197, held that suppression of material evidence justifies a new trial "irrespective of the good faith or bad faith of the prosecution." See American Bar Association, Project on Standards for Criminal Justice, Prosecution Function and the Defense Function §3.11(A).

When the "reliability of a given witness may well be determinative of guilt or innocence", nondisclosure of evidence affecting credibility falls within this general rule. Napue, supra, at 269, 79 S.Ct., at 1177.

See Also Mooney v. Holohan, 294 U.S. 103 (1935).

The requirement, in safeguarding the liberty of the citizen against deprivation through the action of the state, embodies the fundamental conceptions of justice which lie at the base of our civil and political institutions. Herbert V. Louisiana, 272 U.S. 312, 316, 317 S., 47 S. Ct. 103, 48 A.L.R. 1102. It is a requirement that cannot be deemed to be satisfied by mere notice and hearing if a state has contrived a conviction through the pretence of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury in the presentation of testimony known to be perjured. Such a contrivance by a state to procure the conviction and imprisonment of a defendant is an inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation. And the action of prosecuting officers on behalf of the state, like that of adminis-

[294 U.S. 103, 113] trative officers in the execution of its

(9)

Laws, may constitute state action within the purview of the Fourteenth Amendment. Note: Here, in the (District of) Columbia, we embrace the Fifth Amendment because the (District of) Columbia is not a state, rather a Territory within the United States. Nevertheless, the Fourteenth Amendment governs the States, and the Fifth Amendment govern's the (District of) Columbia where the incident's occured. See Carter v. Texas, 177 U.S. 442, 447, 20 S.Ct. 687, 689, Rogers v. Alabama, 192 U.S. 226, 231, 24 S.Ct. 257, Chicago, Burlington & Quincy R.Co. v. Chicago, 166 U.S. 226, 233, 234, S., 17 S.Ct. 581.

Here, the plaintiff/petitioner Adrian Williams-El, Fed. No. #97648-131, D.C.D.C. #162-518, has/is being deprived of his "conditional liberty" and his "liberty rights" without due process of law in violation of the Constitution of the United States, based upon plaintiff/petitioner being a Black (District of) Columbia Parolee.

(10)

Upon the state courts, equally with the courts of the Union, rests the obligation to guard and enforce every right secured by that Constitution. Robb V. Connolly, 111 U.S. 624, 637, 4 S. Ct. 544. See Also United States District Court For the District of Columbia decision in: Virgil Long Et Al. V. Michael J. Gaines, Et Al., Civil Action No. 01-0010 (EGS) ( See United States Parole Commission's Plan For Implementing The Court's Order Of September 27, 2001.) (decided 11/21/01).

This Honorable Court retains jurisdiction to inforce the Above Order, decided 11/21/01, to maintain the Courts injunction Against defendant/respondent Michael J. Gaines, Et Al., whom is in breach of said injunction.

These defendant's/respondents should not be Allowed to Bring forth the (same) formally arresting officer to further jeopardize plaintiffs/petitioners "Liberty interest" since said police officer has Already Admitted under oath in the D.C. Superior Court that he lied on this plaintiff/

(11)

petitioner.

Note: Based on these facts, plaintiff/petitioner Adrian Williams-El, Fed. No. #97648-131, D.C.D.C. #162-518 request that this Honorable Court issue an "emergency restraining Order" against these defendants/respondents to stop their continuation in introducing the "police perjuror" as their witness against this plaintiff/petitioner for revocation of plaintiff/petitioners parole pursuant to Fed. Rules of Civil Proc. Rule 65(b)   , scheduled for August 22, 2005.

Note II: Since the plaintiff/petitioner has eyewitnesses to the "police perjuror" whom finally admitted in the Superior Court that he had lied on this plaintiff/petitioner, we move to secure these witnesses for future proceedings before this Honorable Court. We respectfully move to summons and subpoena   , The Honorable D.C. Superior Court Judge _____, whom formally presided over former D.C. Superior Court Criminal Case F-00041-05, We respectfully move to summons and subpoena   , Public Defender Vida Johnson.

(12)

Note II:

We respectfully summons and subpoena plaintiff/ petitioners hearing transcript from formal D.C. Superior Court Criminal Case F-00041-05, (Probable Cause Hearing Transcript) when said arresting police officer admitted he had lied on me. Said transcript is in possession of my counselor Ms. Vida Johnson, Esq., Public Defender, and we move for a "copy" of said to be placed into evidence for plaintiff/petitioner. See Fed. Rule Civ. Proc. Rule 45(c)(3) and (d)(2). See Also Fed. R. Civ. Proc. 4(B).

(5) Wherefore, plaintiff/petitioner is legally and constitutionally entitled to free copies of plaintiff/petitioners original pleadings before this Honorable Court. See Eskridge V. Washington Prison Bd., 357 U.S. 214 (1958); Draper V. Washington, 372 U.S. 487 (1963)(same); Lane V. Brown, 372 U.S. 477 (1963); Rinaldi V. Yeager, 384 U.S. 305 (1966). Long V. District Court of Iowa, 385 U.S. 192 (1966); Roberts V. LaVallee, 389 U.S. 40 (1967); Gardner V. California, 393 U.S. 367 (1969); Williams V. Oklahoma City, 395 U.S. 458 (1969); Mayer V. Chicago, 404 U.S. 189 (1971).

(13)

See Also Procunier V. Martinez, 416 U.S. 396 (1974),

Younger V. Gilmore, 404 U.S. 15 (1971); Estelle V. Gamble, 429

U.S. 97 (1976); Griffin V. Illinois, 351 U.S. 12 (1956).

See Cf. 42 U.S.C. 2996 (4)(1970 ed. Supp. V.)

See U.S.C.A. Const. Amend. V.

See Wolff V. McDonnell, 418 U.S. 539, 558 (1974)(citing Dent

V. West Virginia, 129 U.S. 114, 123 (1889)); Leslie V. Doyle, 125 F.

3d 1132, 1136 (7th Cir. 1997).

The Due Process Clause are designed to protect the individual

against arbitrary government action.

See Also United States V. Tucker, 404 U.S. 443, 447-49 (1972)

(due process requires that defendant not be sentenced on basis

of "misinformation of a constitutional magnitude"); United States V.

Pugliese, 805 F.2d 1117, 1124 (2d Cir. 1986)(due process requires

that defendant not be sentenced on basis of materially untrue

assumptions or misinformation).

(14)

Plaintiff Adrian Williams-El, Respectfully Request Emergency Injunctive Relief Against Defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commission

This plaintiff Adrian Williams-El, Federal No. #97648-131, D.C.D.C. #162-518, respectfully request and moves this Honorable Court for: ("Emergency Injunctive Relief") Against these named defendants, Defendant Michael J. Gaines, Et Al., Chairman, United States Parole Commission, for their continued, unending violations of plaintiff's federal "liberty rights" And "liberty interest" in defendants continued attempt to have plaintiff "parole revoked" through their continued and undying further promotion of knowing perjured testimony by defendant's subpoena As government witness the ("arresting police officer") in formal D.C. Superior Court Criminal Case F-00041-05, United States of America V. Adrian Williams, dismissed with prejudice on June 1, 2005; After (same) said ("arresting police officer") Admitted under oath during cross-examination, that he had infact lied on this plaintiff during said government witnesses testimony during cross-examination of this government witness by plaintiffs Counsel Ms. Vida Johnson, Esq.,

(15)

Because said ("Arresting police officer") after perjuring himself under oath, finally admitted under cross-examination by plaintiffs Counselor Ms. Vida Johnson, Esq., Public Defender, that said ("Arresting police officer") had lied on this plaintiff and now defendant Michael J. Gaines, Et Al., Chairman, United States Parole Commission has subpoena this (same) formally ("Arresting police officer") whom perjured himself already in the Superior Court regarding this plaintiff, now seeks to further promote the "false information" by said formal (Arresting police officer) in their attempt to undermind the truth and terminated plaintiffs ("organised liberty") in promoting more "false testimony" to have plaintiffs "liberty interest" terminated in the utilazation of knowingly "false information" to deny plaintiffs release.

See Mooney V. Holohan, 294 U.S. 103 (1935)

See Also Napue V. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed. 2d 1217 (1959); United States V. Aguas, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L. Ed. 2d 342 (1976); Giglio V. United States, 405 U.S. 150, 153, 92 S.Ct. 763, 765, 31 L. Ed. 2d 104 (1972); United States V. Bagley, 473 U.S. 667, 678-80, 105 S.Ct. 3375, 3381-82, 87 L. Ed. 2d 481 (1985).

See U.S.C.A. Const. Amend. V.

See Brady V. Maryland, 373 U.S., At 87, 83 S.Ct., At 1197.

See Pyle V. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942).

Here, the defendant's Michael J. Gaines, Et Al, Chairman, United States Parole Commission has a long-term standing principle, policy which under similar and (same) circumstance that plaintiff faces today, rather than forthwith re-instate plaintiff whom was indeed a model parolee with no other technical violations to date, was wrongfully

(17)

And illegally ("Arrested.") As stated by the Assistant United States Attorney in formal D.C. Superior Court Criminal Case F-00041-05, United States of America V. Adrian Williams, that this plaintiff was "wrongfully arrested," that said "arrest was a bad arrest." That gentlemen was stated by the Assistant United States Attorney whom was prosecuting formal D.C. Superior Court Criminal Case F-00041-05. Yet, that's not good enough for these defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commission whom seek's to further promote the "perjerious testimony" of the ("Arresting police officer") whom finally admitted he lied.

Wherefore, such habital behavior that threaten's the "liberty interest" of this plaintiff is not only illegal, but it's unconstitutional as well.

Thus, plaintiff respectfully moves this Honorable Court for an injunction against these defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commission

(18)

forthwith, the United States Supreme Court has said:

That injunctive relief is appropriate where plaintiffs can demonstrate a pervasive pattern of violations flowing from a deliberate plan of the named defendants. See Rizzo v. Goode, 423 U.S. 362, 379-80, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

See Also Ellis v. District of Columbia, 84 F. 3d 1413, 1424 (D.C. Cir. 1996)("Injunctive relief is warranted in this type of § 1983 action only if there is 'a pervasive pattern... flowing from a deliberate plan by named defendants'");

Washington Mobilization Comm. v. Cullinane, 566 F. 2d 107, 122 (D.C. Cir. 1977)(requiring plaintiffs show that defendants "directed, authorized or approved" the allegedly unconstitutional conduct).

This plaintiff Adrian Williams-El, has eyewitnesses proof, that in formal D.C. Superior Court Criminal Case F-00041-05, United States of America V. Adrian Williams

that the ("Arresting police officer") admitted under oath,
under cross-examination by plaintiffs counsel Ms. Vida
Johnson, Esq., Public Defender, the said (same) ("Arresting
police officer") admitted he'd lied on plaintiff, and now
defendants by "Subpoenaing" the (same) ("Arresting police
officer") whom perjured himself in the Superior Court
Criminal Case, is given the opportunity to further endanger
plaintiffs "Liberty interest" by further promoting said
"false testimony" to have plaintiffs parole revoked by
these defendant's Michael J. Gaines, Et Al., Chairman,
United States Parole Commission in violation of plaintiffs
federal constitutional rights under the Fifth Amendment,
as well as violate the laws of the United States of America
and the (District of Columbia.

Plaintiff has the "Preliminary Hearing Transcript," from
format D.C. Superior Court Criminal Case F-00041-05,

United States of America V. Adrian Williams, of the Admission of the ("Arresting police officer") whom Admitted he lied, said transcript is in possession of plaintiffs other eyewitness, Counselor Vida Johnson, Esq., Public Defender, Area Code (202) 628-1200.

We would also if needed, subpoena the (D.C. Superior Court Judge whom presided over that criminal matter in formal D.C. Superior Court Criminal Case F-00041-05, United States of America V. Adrian Williams, should defendant's continue on this unjust and illegal detention of plaintiff.

We would also if needed, subpoena the two criminal investigators, whom investigated formal D.C. Superior Court Criminal Case F-00041-05, United States of America V. Adrian Williams, whom are witnesses for plaintiff should defendant's continue this unjust and illegal detention of plaintiff. In view of plaintiffs evidences, plaintiffs eyewitnesses, the Record from D.C. Superior Court Criminal

(21)

Case F-00041-05, formally dismissed with prejudice in the D.C. Superior Court on June 1, 2005. this plaintiff has clearly presented such a claim for "emergency injunctive relief." See Also Morrissey v. Brewer, 408 U.S. 471, 484-86, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972).

See County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed. 2d 49 (1991); Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54 (1975).

See Also Long et al v. Gaines, et al., 167 F. Supp. 2d 75 (D.C. 2001); House v. Cameron, 373 F. 2d 451, 457 (D.C. Cir. 1966)(A "(C)ontinuing failure to provide suitable... treatment cannot be justified by lack of staff or resources"); Detainees of Brooklyn House of Detention for Men v. Malcolm, 520 F. 2d 392 (2nd Cir. 1975)(" inadequate resources of finances can never be an excuse for depriving detainees of their constitutional rights.").

Here, unless this Honorable Court interrupts, stop's the defendants in their tracks, there is a real immediate threat

(22)

that the injuries to plaintiff will continue.

See Also Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L. Ed. 2d 101 (1972).

See Chessman v. Teets, 354 U.S. 156, 165, 77 S.Ct. 1127, 1132, 1 L. Ed. 2d 1253 (1957).

See Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L. Ed. 884 (1954).

See Riverside, 500 U.S., At 55-58, 111 S.Ct. 1661.

See Dent v. West Virginia, 129 U.S. 114, 123 (1889).

See Also U.S.C.A. Const. Amend. V.

If was with callous detail, defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commission and his agent's are like evil visionaries whom stalked innocent, unsuspecting Black parolee's of the District of Columbia, making unheard of demands, stalking "us", pressuring us with outragious demands, setting their unholy trap's, then executing parole violation

(23)

detainers upon us at the least little thing. We're deamed guilty before any procedure is undertaken, from having urine bottles switched if the urine guy doesn't like you or your parole officer is after you, giving you a positive urine sample is a everyday event. That threat for District of Columbia Black's is as real as the nose on your face, and we're helpless to combat it. We are expected to retain jobs where none are available, failure to do so automatically causes you to be violated. If your late for appointments in meeting your parole officer, it doesn't matter how Metro failed to get you there on time, as District of Columbia Black's we're automatically violated.

And if you're arrested for any reason, regardless whether it was by mistake or not, regardless as here, whether the police officer lied to you and wrongfully arrested you doesn't matter, as District of Columbia Black's we're automatically violated and seriously hampered in

(24)

Attempting to assist in helping investigators locate potentional witnesses, we are cut-off from being able to arguably defend ourselves in "any" court of law, simply because we're (District of Columbia Black's. In no other jurisdiction across the United States, are Black's singled out, stalked, set-up, expected to do the impossible than District of Columbia Black's. This whole stalking game is orchestrated pre meditatedly by these defendants. They are paid more money to set us up, violate us no matter what, because the more they violate the more money they make and the greater the security in keeping their jobs. No where in these United States are Black's set-up, stalked, hunted, made outragious demands upon, given false dirty urines, false reports written against "one" race of people than District of Columbia Black's. This is indeed racial profiling by these defendants whom are masters-of-stalking-us, setting us up, making outragious and impossible demands upon us

(25)

for living and on being born a (District of Columbia Black.

We cannot emphasize this point enough, there is a outrageously Racist inner-circle within the structured power of the United States Parole Commission, there within the good-old-boy's get to devise some of the most devious,    capricious, devouring, heinous, hellish helter-skelter schemes amagionable to systematically destroy (District of Columbia Black's and they get paid federal dollars to accomplish it.

Every now and then they get caught at it, As here... One question is will any one else turn their head to keep from seeing what's being presented? We are being systematically slaughtered in the guise of racist politic's orchestrated and administered by these defendants:

(Defendants Michael J. Gaines, Et Al., Chairman, United States Parole Commission has been down this (same) road for years, and every time they get caught violating procedures,

(26)

Violating their own policies, being in contempt of federal Court Orders, it's unmistakable what goes on here, and whom gets the ax. <u>Not a single racist member</u> of that <u>inner-circle</u> within the <u>good-old-boys camp</u> inside the United States Parole Commission as with this defendant <u>Michael J. Gaines</u>, <u>et al.</u>, Chairman, United States Parole Board will ever get that ax. They will retire with honors, esspecially the way they go about singling out, stalking and setting-up (District of Columbia Blacks.

<u>See Equal Protection Clause</u> under the Fifth Amendment of the United States Constitution and the <u>Bill of Rights</u> has systematically been torn asunder, assassinated pre meditatedly by these defendants and their agents.

<u>See</u> (Due Process <u>Clause</u> under the Fifth Amendment of the United States Constitution and the <u>Bill of Rights</u> have been systematically torn asunder, assassinated pre meditatedly by these defendants and their agents.

(27)

Here, the defendants have substituted "fairness" and "justice" under the Due Process Clause of the Fifth Amendment... for the "RACK" and "torture chamber" may not be substituted for "fairness" and "equal protection," where here, these defendants in their so-called "hearing process on revocation procedures" is but a "MASK" without supplying corrective process. See Walker V. Sauvinet, 92 U.S. 90, 23 L. Ed. 678.

See Moore V. Dempsey, 261 U.S. 86, 91, 43 S. Ct. 265, 67 L. Ed. 543; Mooney V. Holohan, 294 U.S. 103, 112; 55 S. Ct. 340, 342, 79 L. Ed. 791, 98 A.L.R. 406; Herbert V. Louisiana, 272 U.S. 312, 316, 47 S. Ct. 103, 104, 71 L. Ed. 270, 48 A.L.R. 1102.

See Also Wade V. Mayo, 334 U.S. 672, 68 S. Ct. 1270, 92 L. Ed. 1647; and Leyra V. Denno, 347 U.S. 556, 74 S. Ct. 716, 98 L. Ed. 948, where miscarriages of justice were prevented only through the writ of habeas corpus.

See Pollak, Proposals to Curtail Federal Habeas Corpus for State Prisoners: Collateral Attack on the Great Writ, 66 Yale L.J. 50.

(28)

Governmental enities have for a century in these United States and for four Centuries in Europe have sought to undermind the Peoples Great Whit which has been the champion to dig into the "injustices" of "any" governing authority and "root-out" the "poison" discovered from within and free those "wrongfully detained."

The United States Parole Commission's Authoritive representatives have wrongfully deprived "black people" within these United States, esspecially "District of Columbia Black's" their "limited constituthional freedom's" Without due process of law for nearly a hundred years now or forever long these defendant's have been in business. See U.S.C.A. Const. Amend. V.

See Also The Bill of Rights.

It's time that the farfetched, racist orchestrations in policies and procedures presented by defendants Michael J. Gaines, Et Al., Chairman, United States Parole Commission and it's "agents" be striped clean of their authority once and for all and "all" District of Columbia Black's faced

(29)

With revocation proceedings pending as here and those whom have already fallen because their District of Columbia Black's be Ordered Freed, until such time "fair" and "just" "policies" and "procedures" can be formulated by the Congress of these United States. See Brown v. Allen, 344 U.S. 443, 73 S. Ct. 397, 97 L. Ed. 469. Mooney v. Holohan, 294 U.S. 103, 55 S. Ct. 340, 79 L. Ed. 791; Price v. Johnson, 334 U.S. 266, 291, 68 S. Ct. 1049, 1062, 92 L. Ed. 1356.

See Also U.S.C.A. Const. Amend. V; The Bill of Rights.

Based of these fact's, the relief sought by this plaintiff should be granted and expidited forthwith.

## Common Law

See United States v. W. T. Grant Co., 73 S. Ct. 894, 345 U.S. 629, 97 L. Ed. 1303 (1953).

See Also Marine Cooks & Stewards, AFL v. Panama, S.S. Co., 268 F. 2d 935 (1959); United States v. School Dist. of Omaha, State of Neb., 367 F. Supp. 179 (1973);

(30)

Gaier v. Bowker, 314 F. Supp. 624 (1970); Pharmaceutical Mfrs. Ass'n v. Weinberger, 401 F. Supp. 444 (1975); Dow Chemical Co. v. Blum, 469 F. Supp. 892 (1979).

## Deterrence

Injunctive relief is historically designed to deter, not to punish. Rondeau v. Mosinee Paper Corp., 95 S.Ct. 2069, 422 U.S. 49, 45 L. Ed. 2d 12 (1975).

See Hecht Co. v. Bowles, 64 S.Ct. 587, 321 U.S. 321, 88 L. Ed. 754 (1944).

## Future Violations, Prevention

Purpose of injunction is to prevent future violations and it can be utilized even without a showing of past wrongs, but the moving party must satisfy Court that relief is needed. United States v. W. T. Grant Co., 73 S.Ct. 894, 345 U.S. 629, 97 L. Ed. 1303 (1953).

(30-A)

Wherefore, based upon the vital information and facts respectfully submitted here and before this Honorable Court, the plaintiff Adrian Williams-El, Federal No. 97648-131 D.C. D.C. # 162-518, is legally and constitutionally entitled to the relief sought here and hereto within the Original Complaint, we respectfully ask that said be granted and expidited forthwith.

This being the 1 day of August 2005, A.D.

Adrian Williams-El

Adrian Williams-El, Plaintiff, Pro Se
97648-131/D.C. D.C. # 162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., EIB-20
Washington, D.C., 20003

(31)

## Federal Declaration

I, Adrian Williams-El , Being Of Sound Mind, And Without Duress, Do Certify, Verify, Swear Under Penalty Of Perjury That The Information And Statement's Made Here Regarding Defendant's Warden Fred F. Figueroa, C.C.A. Warden, (D.C.), 1901 "E" Street, S.E., Washington, D.C., 20003; this 1 day of August 2005; A.D., Are True And Correct To The Best Of My Knowledge And As To That I Swear Them To Be True And Defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commission, And Their "Agents," 5550 Friendship Blvd., Chevy Chase, Maryland, 20815 , That The Information And Statement's Made Here Regarding Defendant's Michael J. Gaines, Et Al., And His "Agents" Are True And Correct To The Best Of My Knowledge And As To That I Swear That Its True. This being the 1 day of August 2005, A.D.

Adrian Williams-El
Adrian Williams-El, Swearee
Fed. No. 97648-131/D.C.D.C# 162-518

(32)

<u>Certificate Of Service</u>

This being the _1_ day of _August_ 2005; A.D.; I certify, verify that a true and correct copy was mailed to: Warden <u>Fred E. Figueroa</u>, Warden C.C.A. (D.C.), 1901 "E" Street, S.E., Washington, D.C., 20003; And this being the _1_ day of _August_ 2005; A.D.; I certify, verify that a true and correct copy was mailed to: <u>Michael J. Gaines</u>, Et <u>Al</u>., Chairman, United States Parole Commission, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815 .

We Note That Said Enclosed Motions Were Infact Mailed This Day: _1_ day of _August_ 2005; A.D.

<u>Adrian Williams-El</u>
Adrian Williams-El, Plaintiff, <u>Pro Se</u>
Fed. No. 97648-131/D.C.D.C. # 162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003.

United States District Court
For The District of Columbia

Adrian Williams-El, Plaintiff, Pro Se
Fed. No. 97648-131 / @.C.@.C. # 162-518

Civil Action No.
1:05-CV-1387

V

Michael J. Gaines, Et Al, Chairman, Defendant's
United States Parole Commission,

Warden Fred. E. Figueroa, Defendant,
Warden C.C.A. (@.C.)

Order's

It Being This ___ Day of _____ 2005, A.D., So
Ordered: That Plaintiff's Request For (Free Copies) And
Certification Of Service To The Named Defendant's And A
Copy (Mailed To) Plaintiff Of The Original Complaint Is
Ordered Granted.

It Is Further Ordered: That Plaintiff's Request For
Emergency Expidited Injunctive Relief Is Hereby

(1)

Ordered GRANTED, Based Upon The Relevant Facts Of This Case, The Information And Statements Presented And The Witnesses And Evidence Of Plaintiffs Pleadings Before This Honorable Court.

It Is This ___ Day of _____ 2005, A.D., So Ordered That The Relief Sought By This Plaintiff For Emergency Expidited Injunctive Relief Against These Named Defendants Michael J. Gaines, Et Al., United States Parole Commission Is GRANTED.

It Is Further Ordered This ___ Day of _____, 2005, A.D., That Warden Fred E. Figueroa, Warden C.C.A. (D.C.) Where Plaintiff Adrian Williams-El, the Plaintiff Here Is Currently Housed Because Of Real Medical Problem With His Heart. This Court So Advises You In Its Strongest Language That This

(2)

Plaintiffs Medications Had Better Not Come Late / Or Run Out / Or Be Withheld From This Plaintiff For Any Reason Whatsoever: See <u>Estelle V. Gamble</u>, 429 U.S. 97 (1976).

Plaintiff Is Now Housed In E1B-20 Within Your C.C.A. (D.C.) Facility Where He Is To Remain Until His Court-Ordered Release Without Needless Shakedown's Which This Court Will Deem As Harassment Tactic's Employed By You Through Your Administrative Personel. See <u>Wolff V. McDonnell</u>, 418 U.S. 539, 577-580 (1974).

You (Defendant <u>Fred E. Figueroa</u>, Warden C.C.A. (D.C.), Did Violate Plaintiffs Federal Constitutional Rights When You Had Plaintiff Housed On Your Medical Unit 82, Cell 15 In Denying This Plaintiff Access To Your Facilities Law Library And Denied His Access To A Valid Legal Aid. See <u>Johnson V. Avery</u>, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 [1969].

(3)

Then You (Defendant Warden Fred E. Figueroa, C.C.A. (D.C.) Denied Plaintiff Legal Calls, Envelopes, Copies, Research Time And Law References In Violation Of The Laws Of These United States And In Violation Of Plaintiffs Federal Constitutional Rights While He Was Formally Housed To Your Medical 82 Unit. See Peek V. Ciccone, 288 F. Supp. 329 [W.D. Mo. 1968]. Sostre V. McGinnis, 442 F. 2d 178 [2nd Cir. 1971]; Palmigiano V. Travisono, 317 F. Supp. 776 [D.R.I. 1970]; Rowland V. Jones, 452 F. 2d 1005 [8th Cir. 1971]; Moore V. Ciccone, 459 F. 2d 574 [8th Cir. 1972]; Wolff V. McDonnell, 418 U.S. 539, 577-580 (1974). See Also Ex parte Hull, 312 U.S. 546 (1941); Cochran V. Kansas, 316 U.S. 255 (1942); Burns V. Ohio, 360 U.S. 252, 257 (1959); Smith V. Bennett, 365 U.S. 708 (1961); Griffin V. Illinois, 351 U.S. 12, 20 (1956); Douglas V. California, 372 U.S. 353, 358 (1963).

See U.S.C.A. Const. Amend I.

See U.S.C.A. Const. Amend V.

See U.S.C.A. Const. Amend VIII.

(4)

Essentially Defendant Warden <u>Fred E. Figueroa</u>, C.C.A. (D.C.), You Not Only Broke One Laws Of These United States In Your Mishandling Of Plaintiff, You Also Violated His Federal Constitutional Rights As Outlined Here And Within Plaintiffs Origin003 Complaint.

Now That This Plaintiff Is Employed In Your Law Library As He Should Be, One Court Will Be Watching Your Actions Very Closely. One Plaintiff Had Better Be Able To Make "Copies" Of His Pleadings, Conduct Legal Research Without Harrastment, Obtain Legal Envelopes To Mail Out His Legal Pleadings Free Of Charge: <u>See</u> <u>Griffin V. Illinois</u>, 351 U.S. 12, 20 (1956). Whatever Legal Folders Plaintiff Needs You Provide Without Delay (Free Of Charge). Whatever Amount Of Time Plaintiff Needs Within Your Law Library Facilities To Complete Dead-Lines, Etc., Timely With One Rules Of This Court You Had Better Make Those Arrangements Forthwith Today. <u>See</u> <u>Johnson V. Avery</u>, 393 U.S. 483, 89

(5)

S. Ct. 747, 21 L. Ed. 2d 718 [1969].

It Is Indisputable That Indigent Inmates Must Be Provided At State Expense With Paper And Pen To Draft Legal Documents, With Notarial Services To [430 U.S. 817, 825] Authenticate Them, And With Stamps To Mail Them.

See Gideon v. Wainwright, 372 U.S. 335 (1963). Argersinger v. Hamlin, 407 U.S. 25 (1972); Griffin v. Illinois, 351 U.S. 12, 20 (1956); Haines v. Kerner, 404 U.S. 519, 520 (1972).

As This Court Has "Constantly Emphasized," Habeas Corpus And Civil Rights Actions As Here Are Of Fundamental Importance . . . In Our Constitutional Scheme" Because They Directly Protect Our Most Valued Rights. Johnson v. Avery, 393 U.S., at 485; Wolff v. McDonnell, 418 U.S., at 579.

See Also Younger v. Gilmore, 404 U.S. 15 Pp. 821-833.

See Cruz v. Beto, 405 U.S. 319, 321 (1972); Chaffin v. Stynchcombe, 412 U.S. 17, 34 n. 22 (1973); Wolff v. McDonnell, 418 U.S., at 578-579.

(6)

See Johnson V. Avery, 393 U.S., At 488; Procunier V. Martinez, 416 U.S. 396, 421-422 (1974).

See Also Es Kaidge V. Washington Prison Bd., 357 U.S. 214 (1958); Draper V. Washington, 372 U.S. 487 (1963)(same); Lane V. Brown, 372 U.S. 477 (1963); Rinaldi V. Yeager, 384 U.S. 305 (1966); Long V. District Court of Iowa, 385 U.S. 192 (1966); Roberts V. LaVallee, 389 U.S. 40 (1967); Gardner V. California, 393 U.S. 367 (1969); Williams V. Oklahoma City, 395 U.S. 458 (1969); Mayer V. Chicago, 404 U.S. 189 (1971). The Plaintiff Adrian Williams-El, Fed. No. 97648-131/ D.C.D.C.# 162-518, Is Constitutionally And Legally Entitled To The Relief Sought Here By Plaintiff.

We Gather That Defendant Warden Fred E. Figueroa, C.C.A.(D.C.) Fully Understands That He Is Walking On A Very Thin Line Here And Should A Single Other Infraction Occur With This Plaintiff By You Or Your Staff You Will Be Faced With The fullest Penalty

(7)

The Court May Impose for Your Failure In Compliance To What Is Presented Here And Hereto In Plaintiffs Original Complaint.

_____

United States District Court Judge

(8)