August 15, 2005

To Counsel Michael Stover:

Counsel For The United States Parole Commission

Office Of The Litigant Counsel

United States Parole Commission

5550 Friendship Blvd.

Chevy Chase, Maryland, 20815.

Mail Postage Pre Paid

RE: Discovery Request in: Adrian Williams-El v.
Gaines, Et Al. Docket No. 1:05-cv-1387
United States District Court For The
District Of Columbia

Dear Mr. Michael Stover;

Counsel, United States Parole Commission

Dear Sir, I am the pro se-litigant plaintiff Adrian Williams-El, Federal No. 97648-131 / D.C.D.C. # 162-518, And I'm Contacting you pursuant to: Rosser v. United States, 381 A. 2d 598, 610 (D.C. 1977), to seek out informal discovery in this case. See Also Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 1365 - 1367 (2004); Drew v. United States, 331 F. 2d 85 (D.C. Cir. 1964); Brady v. Maryland, 373 U.S. 83 (1963);

(1)

Kyles V. Whitley, 514 U.S. 419, 437-38 (1995).

It is my understanding that the United States Parole Commission intends to subpoena the formal "perjerious Arresting police officer" in formal @ D.C. Superior Court Criminal Case F-00041-05 to promote further perjerious testimony to threaten further my "conditional liberty interest?"

I have/am requesting that the up-coming parole revocation hearing be terminated do to this litigation pending in federal Court, we were suppose to complete revocation proceedings on 8/22/05, that must be discontinued until final decisions are reached in the United States District Court For the District of Columbia. See the following information:

Sincerely,

Adrian Williams-El

Adrian Williams-El, Pro Se-Plaintiff
Fed. No. 97648-131 / D.C.D.C. # 162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003.

(2)

August 15, 2005

To Whom It May Concern

Litigated Counsel For The United States Parole Commission

Office of The Litigated Counsel

United States Parole Commission

5550 Friendship Blvd.

Chevy Chase, Maryland, 20815.


Mailed Postage Pre Paid

RE: Discovery Request in: Adrian Williams-El V.
Gaines, Et Al. Docket No. 1:05-CV-1387,
United States District Court
District of Columbia


Dear To Whom It May Concern:

I am the pro se litigant plaintiff Adrian Williams-El,
Federal No. 97648-131/D.C.D.C.# 162-518, and I'm contacting you
pursuant to: Rosser V. United States, 381 A. 2d 598, 610 (D.C.1977),
to seek out informal discovery in this case. See Also Crawford V.
Washington, 541 U.S. 36, 124 S. Ct. 1354, 1365-1367 (2004).
Drew V. United States, 331 F. 2d 85 (D.C. Cir. 1964), Brady V.
Maryland, 373 U.S. 83 (1963); Kyles V. Whitley, 514 U.S. 419, 437-38

(1)

(1995); *United States v. Bagley*, 473 U.S. 667, 676 (1985).

*Davis v. Alaska*, 415 U.S. 308 (1974); *Beard v. United States*, 535 A.

2d 1373 (D.C. 1988). *Washington v. United States*, 461 A. 2d 1037

(D.C. 1983); *United States v. Enright*, 579 F. 2d 980, 989 (6th Cir. 1978)

*Delaware v. Van Arsdall*, 475 U.S. 673 (1986). *Giglio v. United States*,

405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959),

*Springer v. United States*, 388 A. 2d 846 (D.C. 1978), rev'd on

other grounds; *Matter of C.B.N.*, 499 A. 2d 1215 (D.C. 1985).

*United States v. Brooks*, 296 U.S. App. D.C. 219, 966 F. 2d 1500 (1992),

*Mooney v. Holohan*, 294 U.S. 103 (1935); *Sherer v. United States*,

470 A. 2d 732 (D.C. 1983), *Cert. denied*, 469 U.S. 931 (1984).

Note: It is my understanding that the United States Parole

Commission intends to <u>subpoena</u>     the formal ("Arresting

officer") in formal (D.C. Superior Court Criminal Case F-00041-05?

The (same) formal ("Arresting officer") under cross-examination

in formal (D.C. Superior Court Criminal Case F-00041-05, finally

admitted that he had "lied" on this (plaintiff in that matter)

under oath? The (same) formal ("Arresting officer") whom

As a direct result of his "perjurious testimony," caused the Grand Jury of the Superior Court of the (District of Columbia, informal (D.C. Superior Court Criminal Case F-00041-05, to indict this plaintiff?

The (same) formal ("arresting police officer.") for whom this plaintiff was awaiting this (same) ("perjurious police officer whom arrested this plaintiff") to take that witness stand in trial in formal (D.C. Superior Court Criminal Case F-00041-05, where after said under oath testimony would have caused said formal ("arresting police officer") to be offically read his rights before said jury and been arrested for perjury before said jury in said trial before the (D.C. Superior Court Criminal Case F-00041-05?

That on the morning of June 1, 2005; A.D., that the formal United States Attorney-Assistant, on the morning of trial in formal (D.C. Superior Court Criminal Case F-00041-05, admitted before the Court that this plaintiffs (arrest) was in-fact a (Bad-Arrest) that should have never taken place,

(3)

then moved the Court to have the matter <u>dismissed with prejudice</u>, for which the Court <u>granted</u>.

(The matter was deemed as tho it, <u>i.e.</u>, my ("<u>arrest</u>") never took place, for the whole affair was considered "<u>tainted.</u>")

Note: II., We have the "<u>proceedings transcripts</u>" from formal D.C. Superior Court Criminal Case <u>E-00041-05</u>. We have Counsel as a <u>witness</u> whom "<u>cross-examine</u>" the (same) formal ("<u>Arresting police officer</u>") whom finally admitted he <u>lied</u> on me which was <u>under oath</u>, and you're <u>subpoena</u> this (same) police <u>perjurer</u> to further <u>promote</u> more <u>perjury</u> to "<u>threaten my conditional liberty interest</u>" in violation of my procedural due process rights under the Fifth Amendment? As well as violate my <u>Bill of Rights</u>?

Just for the record, should continue to pursue this insane course to further threaten my liberty interest, I'm prepared to <u>subpoena</u> as witnesses the following: A) D.C. Superior Court Judge <u>Holeman</u> ; B) Ms. <u>Deborah L. Ritter</u>,

(4)

Public Defender Service, Staff Parole Division, 633 Indiana Avenue, N.W., Washington, D.C., 20004; (800) 341-2582 or (202) 628-1200; C) The "Proceeding Transcripts" of formal D.C. Superior Court Criminal Case F-00041-05; D) Ms. Vida B. Johnson, Staff Attorney, 633 Indiana Avenue, N.W., Washington, D.C., 20004; (202) 824-2348; E) My formal "two" Criminal investigators whom conducted the investigations in formal D.C. Superior Court Criminal Case F-00041-05.

Under the provisions set forth in the 48 hour rule...
See Gerstein V. Pugh, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975).

See Also Cupp v. Murphy, 412 U.S. 291, 294-295, 93 S. Ct. 2000, 2003, 36 L. Ed. 2d 900 (1973); Ex parte Bollman, 4 Cranch 75, 2 L. Ed. 554 (1807); Ex parte Burford, 4 Cranch 448, 2 L. Ed. 495 (1806).

(5)

The standard for arrest is probable cause, defined in terms of facts and circumstances, 'Sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.' Beck V. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142 (1964). See Also Henry v. United States, 361 U.S. 98, 80 S. Ct. 168, 4 L. Ed. 2d 134 (1959); Brinegar v. United States, 338 U.S. 160, 175 – 176, 69 S. Ct. 1302, 1310 – 1311, 93 L. Ed. 1879 (1949).

See Johnson v. United States, 333 U.S. 10, 13-14, 68 S. Ct. 367, 369, 92 L. Ed. 436 (1948):

'The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. It is protection which consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the

(6)

Officer engaged in the often competitive enterprise of ferreting out crime.'

See Also Terry V. Ohio, 392 U.S. 1, 20-22, 88 S. Ct. 1868, 1879-1880, 20 L. Ed. 2d 889 (1968).

Here, plaintiff was never given the benefit of doubt. Note: Eyewitness accounts' listed the prepertrator as being 6'2" to 6'4" tall, extreemly dark completion, weight 185 pounds. No facial hair, age around 25-28 years of age.

Facts: This plaintiff is 5'10" tall, brown completion, at the time of the incident plaintiff weight was 237 pounds, plaintiff had and still has a salt and pepper beard, plaintiff is 55 years of age.

See Beck V. Ohio, supra, 379 U.S. at 96, 85 S.Ct. at 228; Wong Sun V. United States, 371 U.S. 471, 479-482, 83 S. Ct. 407, 412-414, 9 L. Ed. 2d 441 (1963).

(7)

Once plaintiff WAS in custody, however, the reasons that justify dispensing with the magistrate's neutral judgment evaporated. There no longer is any danger that this plaintiff will escape or commit further crimes while the police submit their evidence to a magistrate. And, while the State's or as here, the District of Columbia prosecutor's Office reasons for taking summary action subside, the plaintiff's need for a neutral determination of probable cause increases significantly. The consequences of prolonged detention as here was more serious than the interference occasioned by arrest. Pretrial confinement here (which comprised the Court being fooled because of the false sworn testimony by the arresting officer in formal D.C. Superior Court Criminal Case F-00041-05,) had imperil plaintiff's job and physical health since at the time of plaintiff's illegal and unconstitutional arrest, plaintiff suffered from ("conjestive heart failure") and was on serious medications and could only barely move around since only 10%

(8)

of plaintiff's heart was functioning then and now.
It further carried plaintiff to the common family relationships.
See R. Goldfarb, Ransom 32-91 (1965); L. Katz,
Justice Is the Crime 51-62 (1972).

Even pretrially when plaintiff was released on bond
in the formal D.C. Superior Court Criminal Case F-00041-05,
where plaintiff was under burdensome conditions that
effect a significant restraint of liberty. See, e.g., 18 U.S.C.
§§ 3146 (A)(2), (5). When the stakes are this high, the
detached judgment of a neutral magistrate is essential if
the fourth Amendment is to furnish meaningful protection
from unfounded interference with liberty. Here, Defendants'
Michael J. Gaines, Et Al., ignored the position taken
by the Honorable County's Superior Court Justice in
formal D.C. Superior Court Criminal Case F-00041-05,
and had plaintiff jailed with the help of Sonya Atkinson,
Community Supervision Officer, General Supervision Branch,

(9)

25 K Street, N.E., 2nd Floor, Washington, D.C., 20002; Voice (202) 442-1271; Fax (202) 442-1394.

Court Services And Offender Supervision Agency for the District of Columbia. For more than a year, from plaintiffs release upon Supervise Release, plaintiff was never late for appointments, never had "any" dirty urines, had retain a residence in the Community, Employment and was a model parolee Until his "illegal arrest" and "unconstitutional stop" by police whom lied, and continued to lie Until they were caught lying under oath before the Superior Court of the District of Columbia. Based solely that plaintiff was "Black" in a nearly "all" white neighborhood. According, plaintiff believes that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following Arrest.

(10)

This result has historical support in the common law that has guided interpretation of the Fourth Amendment. See Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 283, 69 L.Ed. 543 (1925). At common law it was customary, if not obligatory, for an arrested person like plaintiff here to be brought before a justice of the peace shortly after arrest. 2 M. Hale, Pleas of the Crown 77, 81, 95, 121 (1736); 2 W. Hawkins, Pleas of the Crown 116.-117 (4th ed. 1762).

See Also Kurtz v. Moffitt, 115 U.S. 487, 498-499, 6 S.Ct. 148, 151-152, 29 L.Ed. 458 (1885).

The justice of the peace would 'examine' the prisoner and the witnesses to determine whether there was reason to believe the prisoner had committed a crime. If there was, the suspect would be committed to jail or bailed pending trial. If not, he would be discharged from custody. 1 M. Hale, supra, at 583-586; 2 W. Hawkins, supra, at 116-119; 1 J. Stephen, History of the Criminal Law of England 233 (1883).

(11)

Plaintiff notes that the initial determination of probable cause also could be reviewed by higher courts on a Writ of Habeas Corpus. 2 W. Hawkins, supra, at 112-115; 1 J. Stephen, supra, at 243; see Ex parte Bollman, 4 Cranch, at 97-101. This this practice furnished the model for criminal procedure in America immediately following the adoption of the Fourth Amendment, see Ex parte Bollman, supra; Ex parte Burford, 3 Cranch 448, 2 L. Ed. 495 (1806); United States v. Hamilton, 3 Dall. 17, 1 L. Ed. 490 (1795); and there are indications that the Framers of the Bill of Rights regarded it as a model for a 'reasonable' seizure. See Draper v. United States, 358 U.S., at 317-320, 79 S.Ct., at 335-336 (Douglas, J., dissenting).

(12)

There was never sufficient reason to detain plaintiff pending his trial other than defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commissions Agency was to execute the "old Jim Crow plan," and deny this plaintiff his "conditional liberty without due process of law," and in so doing undermine the Superior Court Judge sitting on the formal D.C. Superior Court Criminal Case F-00041-05, where the proceedings trial judge was "black" and "plaintiff" is "black" and a resident of the District of Columbia. Such racist profiling of District of Columbia Black Parolee's by these defendants violates plaintiff's federal constitutional rights and the Bill of Rights. See Albrecht v. United States, 273 U.S. 1, 5, 47 S.Ct. 250, 251, 71 L.Ed. 505 (1927), the Court held that an arrest warrant issued solely upon a United States Attorney's information was invalid because the

(13)

Accompany Affidavits were defective.

Although the Court's opinion did not explicitly state that the prosecutor's official oath could not furnish probable cause, that conclusion was implicit in the judgment that the arrest was illegal under the Fourth Amendment. Note: That the plaintiff's formal parole officer Sonya Atkinson and her Supervisor acted without sufficient knowledge to seek out a Warrant for parole violation against this plaintiff, having been advised prior to plaintiff's "Arrest" by the United States Marshals that the ("Arresting police officer in formal (D.C. Superior Court Criminal Case F-00041-05 had given false testimony against this plaintiff and lied under oath to falsely place plaintiff where he wasn't.") This fact had became part of the proceedings transcript of plaintiff's Preliminary Hearing in formal (D.C. Superior Court Criminal Case F-00041-05, likewise said (same) formal ("Arresting

(14)

police officers testimony under oath before the Grand Jury of the Superior Court was false.") See Napue v. Illinois, 360 U.S. 264 (1959). See Also Mooney v. Holohan, 294 U.S. 103 (1935), Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 1365-1367 (2004); Matter of C.B.N., 499 A.2d 1215 (D.C. 1985); United States v. Brooks, 296 U.S. App. D.C. 219, 966 F.2d 1500 (1992), Sherer v. United States, 470 A.2d 732 (D.C. 1983), Cert. denied, 469 U.S. 931 (1984).

Any information regarding any prior "bad acts" of a government witness that may bear upon the veracity of the witness with respect to the issues involved in this matter before the court. See Murphy v. Bonanno, 663 A.2d 505, 508-509 (1995), Lawrence v. United States, 482 A.2d 374 (D.C. 1984). Cf. Kitchen v. United States, 95 U.S. App. D.C. 277, 279, 221 F.2d 832, 834 (1955), Cert. denied,

(15)

357 U.S. 928 (1958).

See Also Brown V. United States, 726 A. 2d 149, 153 (1999), Roundtree V. United States, 581 A. 2d 315, 321, and 323 n. 20 (1990).

See Also United States V. Bagley, 473 U.S. 667 (1985), Jenkins V. United States, 617 A. 2d 529 (D.C. 1992), here plaintiff seeks any other information tending to show a government witness's bias in favor of the government or against the defendant or which otherwise impeaches a witness's testimony (including pending C.C.R.B. complaints against police officers and closed C.C.R.B. cases whether resolved for or against the officer that involve facts similar to those of this case).

A) The names and addresses of all persons who would contradict or impeach any government witness. testimony or other evidence.

(16)

B) With respect to identifications, I request the names and addresses of any person who:

(i) gave any description(s) of the perpetrator of the alleged offense that in some material respect (e.g., height, weight, clothing, race complexion, and/or age) differs from plaintiff Mr. Adrian Williams-El. See Trezzell V. United States, 380 A. 2d 1382, 1385 (D.C. 1977), Cert. denied, 439 U.S. 931 (1978). See Also Gibson V. United States, 566 A. 2d 473 (D.C. 1989). Jackson V. Wainwright, 390 F. 2d 288 (5th Cir. 1968).

C) Any evidence that any potential government witness has or gave a version of events relating to this matter that differed from any other version of events given by that same witness. See Strickler V. Greene, 527 U.S. 263, 282 (1999).

(17)

D) Any evidence that any prospective government witness has ever made a false, contradictory or inconsistent statement with regard to this case, or any statement showing bias or a motive to fabricate. See Pennsylvania V. Ritchie, 480 U.S. 39 (1987).

E) All information that any prospective government witness has ever given false information to the police, other law enforcement agencies or a grand jury, regarding any prior alleged crime not involving plaintiff Adrian Williams-El, Federal No. 97648-131/D.C.D.C.# 162-518, whether or not under oath or under penalty of perjury. See Bennett V. United States, 797 A. 2d 1251, 1256-1258 (D.C. 2002).

F) The name, address, and whereabouts of any cooperating witness or informant who provided information in regards to the investigation of this case or who may

(18)

have information relevant and helpful to plaintiff.
See <u>Roviaro V. United States</u>, 353 U.S. 53 (1957).

Note: As a reminder to defendants <u>Michael J. Gaines</u>, <u>Et Al.</u>, Chairman, United States Parole Commission, that your government witness ("the police officer whom arrested plaintiff") in formal (D.C. Superior Court Criminal Case <u>F-00041-05</u>, At the location of plaintiff's "illegal and unconstitutional arrest" said government ("arresting police officer threaten and chased away "two" of plaintiff's eyewitnesses") to help make the government's case against plaintiff which constitutes as being an ("obstruction of justice offense,") which plaintiff has the legal and constitutional right to pursue criminal charges against the formal ("arresting police officer") in formal D.C. Superior Court Criminal Case <u>F-00041-05</u>.

(19)

Plaintiff Adrian Williams-El, Federal No. 97648-131,

(D.C.D.C.# 162-518, respectfully moves this Honorable Court

to grant plaintiffs injunction request, grant plaintiffs

personal recognizance, i.e., bond request forthwith, that

plaintiff may locate the "two" eyewitnesses that said

("Arresting police officer") chased off by threatening them

not to say anything or they'd be locked up as well, and

forwhich plaintiff will takecare of his medical health on

a higher professional level than C.C.A. (D.C.) can provide.

G) All information that any prospective government

witness does not have a good reputation in the

community for honesty.

H) Any evidence that any testimony of any

prospective government witness is inconsistent with

or contradicted by that of any other person or

prospective witness.

(20)

I) The name and last known address of each prospective government witness. *See Gregory V. United States*, 369 F. 2d 185, 188 (D.C. Cir. 1966).

## Jencks Material

In addition to the above-listed request, pursuant to the ABA Standards for Criminal Justice, 11-2.2 (Discovery and Procedural Before Trial), and the practice enunciated in *United States V. Hinton*, 631 F. 2d 769, 779-80, 203 U.S. App. D.C. 187, 197-98 (1980), I request early disclosure of all Jencks material, so that any issues involving disclosure may be resolved in advance, I will have adequate time to review the material, and there will be no delay in court proceedings while I review the material, consider and discovery on Brady ramifications, and prepare to

(21)

Use the material in cross-examination. I also request that you diligently preserve "all" <u>Jencks</u> material.

For purposes of this letter and related litigations, "information" refers to all documentary, tangible, or oral material, including, but not limited to, statements by witnesses, whether recorded or otherwise memorialized or not, grand jury testimony, and reports of investigation or personal notes of investigators. Such information is "Known" to the government if known to you personally or known to any other prosecutor or law enforcement agent, which you could acquire actual knowledge of through the exercise of due diligence in responding to these inquiries. If such information is disclosed to you, please disclose all supporting documents or objects as well as the names and addresses of all witnesses having knowledge of the information disclosed. If you elect not to disclose

(22)

exculpatory information concerning the requests made herein until the day of trial, then please secure the presence of witnesses having such knowledge by subpoena so that delay will not be necessitated between the time of your disclosure and the time I seek to use or explore the ramifications of that information. Finally, but not limited thereto, as you know, the duty to disclose is continuing one, stretching until the final disposition of this case. See Fed. R. Civil Procedural Rule

See Also Pennsylvania v. Ritchie, 480 U.S. 39, 60, 107 S.Ct. 989, 1003, 94 L.Ed. 2d 40 (1987)(holding that "the duty to disclose is ongoing; information that may be deemed immaterial upon origional examination may become important as the proceedings progress"). See Also Kyles, 514 U.S. at 437-38 (imposing upon government duty to learn favorable information relating to the plaintiffs).

(23)

I gather at this point you have had the opportunity to read, digest the original complaint of plaintiff <u>Adrian Williams-El</u>, Federal No. <u>97648-131</u>/D.C.@ D.C. # <u>162-518</u>, although defendant <u>Fred E. Figueroa</u>, Warden and Custodian of plaintiff violated every conceivable constitutional rights of plaintiff to freely and without duress litigate this matter before the district court. From denying plaintiff law library access, envelopes, paper, pens, folders, para legal assistance, copies without due process of law and without constitutional prior notice, denied legal calls to contact plaintiff's counsel Ms. <u>Vida B. Johnson</u>, Staff Attorney, Public Defender Service for The District of Columbia, 633 Indiana Avenue, N.W., Washington, D.C., 20004; (202) 824-2348 or (202) 628-1200; and Ms. <u>Deborah L. Ritter</u>, Staff Parole Division, The Public Defender Service, 633 Indiana Avenue, N.W., Washington,

(24)

D.C., 20004; (800) 341-2582 or (202) 628-1200, while plaintiff WAS housed on Medical Unit 82, Cell 15, here At C.C.A. (D.C.) Said WAS violative of: U.S.C.A. Const. Amend. I; U.S.C.A. Const. Amend. IV; U.S.C.A. Const. Amend. V; U.S.C.A. Const. Amend. VI; U.S.C.A. Const. Amend. VIII. Said WAS done so without plaintiff having violated A single rule or regulation of C.C.A. (D.C).

See McDonnell V. Wolff, 342 F. Supp. 616 (1972).

See Also Stiltner V. Rhay, 322 F. 2d 314 (9th Cir. 1963); Coonts V. Wainwright, 282 F. Supp. 893, 895 (1968); Johnson V. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969); United States V. Simpson, 141 U.S. App. D.C. 8, 436 F. 2d 162 (1970); Nolan V. Fitzpatrick, 451 F. 2d 545 (1st Cir. 1971); Peek V. Ciccone, 288 F. Supp. 329 (1968); Sostre V. McGinnis, 442 F. 2d 178 (2nd Cir. 1971);

(25)

*Moore v. Ciccone*, 459 F.2d 574 (8th Cir. 1972);

*Rowland v. Jones*, 452 F.2d 1005 (8th Cir. 1971); *Younger v. Gilmore*, 404 U.S. 15. Pp. 821-833 (1971); *Ex parte Hull*, 312 U.S. 546 (1941); *Burns v. Ohio*, 360 U.S. 252, 257 (1959); *Smith v. Bennett*, 365 U.S. 708 (1961); *Griffin v. Illinois*, 351 U.S. 12, 20 (1956); *Wolff v. McDonnell*, 418 U.S. 539, 577-580 (1974); *Ross v. Moffitt*, 417 U.S. at 616. "(M)eaningful Access" to the courts is the touchstone. *See id.* at 611, 612, 615. *See Gideon v. Wainwright*, 372 U.S. 335 (1963); *Argersinger v. Hamlin*, 407 U.S. 25 (1972); *Cf. Gardner v. California*, 393 U.S. 367, 369-370 (1969).

*See Cruz v. Beto*, 405 U.S. 319, 321 (1972); *Chaffin v. Stynchcombe*, 412 U.S. 17, 34 n. 22 (1973); *Procunier v. Martinez*, 416 U.S. 396, 421-422 (1974).

*See Also Eskridge v. Washington Prison Bd.*, 357 U.S.

(26)

_Draper v. Washington_, 372 U.S. 487 (1963)(same); _Lane v. Brown_, 372 U.S. 477 (1963); _Rinaldi v. Yeager_, 384 U.S. 305 (1966); _Long v. District Court of Iowa_, 385 U.S. 192 (1966); _Roberts v. LaVallee_, 389 U.S. 40 (1967); _Gardner v. California_, 393 U.S. 367 (1969); _Williams v. Oklahoma City_, 395 U.S. 458 (1969); _Mayer v. Chicago_, 404 U.S. 189 (1971).

Furthermore, you be aware that Defendant _Fred E. Figueroa_, Warden (Custodian of Plaintiff), C.C.A. (D.C.), penalized plaintiff because plaintiff sought trial in formal D.C. Superior Court Criminal Case _F-00041-05_, where plaintiffs "_heart medications_" either _stoped_ being issued for a time, or simply having "_run-out_" and defendant _Fred E. Figueroa_, Warden (Custodian of Plaintiff), C.C.A. (D.C.), was _slow_ in having said "_cronic care heart medications_" and plaintiffs "_high-blood pressure medications_" timely replaced or renewed. Cf. _Estelle v. Gamble_, 429 U.S. 97 (1976).

(27)

We view the repeated endangerment of plaintiffs life while formally house upon Medical Unit 82, to curtail and or stop his litigations of this matter altogether as a real threat upon plaintiffs life by defendant Warden Fred E. Figueroa, Custodian of Plaintiff. Plaintiff had to be rushed to area hospitals after 911 calls, to Southeast Community Hospital because plaintiff was deprived of his "heart medications" and "high blood pressure medications" from time to time, while plaintiff was housed on Medical Unit 82, Cell #15. Furthermore, we strongly believe that formal government counsel in formal D.C. Superior Court Criminal Case F-00041-05, knew about the goings on with plaintiff being systematically "single-out" and made a "target" to halt plaintiff from going to trial.

(28)

Which explains why plaintiffs ("personal property"), i.e., clothing, watches, jewlry, i.e., jewelry, book-bags, casset tape player, keys to plaintiffs "two" housses where plaintiff formally stayed, gold chaines, silver chaines, screw drivers, phone books, money, date book, identifications _ i.e., Social Security Card, Medical Card. Drivers Permit, Non-Drivers Identification, "Bills" i.e., Medical Bills, @D-214 Identification on Plaintiffs Military Identification, Knife, etc. Said has been unconstitutionally withheld from plaintiff without due process of law under the Fifth Amendment of the United States Constitution and in violation of plaintiffs fourth Amendment rights to be free from illegal searches and seizures. See Malcolm V. United States, 332 A. 2d 917, 918 (D.C. 1975), See also Brown V. Illinois, 422 U.S. 590 (1975). It was noted in the Superior Court Criminal Case F-00041-05, that the intrusion was unreasonable, that the searches and

(29)

Seizures of plaintiff's ("personal property") was

Constitutionally unsound under the Fourth Amendment.

See Malcolm V. United States, 332 A. 2d 917 (D.C. 1975).

Here, nor there in formal (D.C. Superior Court Criminal Case

F-00041-05, that the government could not satisfy the

heavy burden it was to meet to satisfy the warrantless

Seizures of plaintiff in the said formal criminal case.

See Smith V. United States, 558 A. 2d 312, 314 (D.C. App.

1989)(en banc); United States V. Mendenhall, 446 U.S. 544, 554

(1980); Prophet V. United States, 207 A. 2d 1087 (D.C. 1992);

Hayes V. Florida, 470 U.S. 811 (1985); Dunaway V. New York,

442 U.S. 200 (1979); Terry V. Ohio, 392 U.S. 1 (1968).

Furthemore, as a matter of law, the description provided

in the formal Superior Court Criminal Case F-00041-05,

was insufficient to create either probable cause or

(30)

Reasonable, articulable suspicion to justify the stop.

A description containing only scarce, general or vague information cannot justify a seizure As the formal D.C. Superior Court Criminal Case F-00041-05, had done. See In re A.S., 614 A. 2d 534, 538-39 (D.C. 1992); Bryant v. United States, 359 A. 2d 1107 (D.C. 1991); Brown v. United States, 590 A. 2d 1008 (D.C. 1991).

See Also Wong Sun, 371 U.S. 471, 484-88.

Thus, whatever evidence defendants Michael J. Gaines, Et Al., And Warden (Custodian) Fred E. Figueroa, Are fruits of plaintiffs illegal Arrest. See United States v. Bryant, 599 A. 2d 1107, 1112 (D.C. 1991).

Thus, these defendants Michael J. Gaines, Et Al., And Warden (Custodian) Fred E. Figueroa, cannot legally utilize "Any" evidence deriving from plaintiffs illegal and unconstitutional Search and seizures that were violative of plaintiffs Fourth

(31)

Amendment rights. See U.S.C.A. Const. Amend. IV.
See Also Wong Sun, 371 U.S. 471, 484-88.

Plaintiff Adrian Williams-El, Federal No. 97648-131/(D.C.Q.C. # 162-518, Will respectfully move the district court for "offensive collateral estoppel" to prevent you from utilizing "illegal and unconstitutionally seized evidence" See Wong Sun, 371 U.S. 471, 484-88, from formal (D.C. Superior Court Criminal Case F-00041-05. See Collins V. Seaboard Coastline R. Co., 681 F. 2d 1333, 1334 (1982). Said plaintiffs ("arrest") was "illegal and unconstitutional" where said ("arrest") in formal (D.C. Superior Court Criminal Case F-00041-05 for violations of my Fourth Amendment rights. See Terry V. Ohio, 392 U.S. 1 (1968), Wong Sun, 371 U.S. 471, 484-88. In other words, (D.C. Superior Court formal Criminal Case F-00041-05, was dismissed with prejudice because not only was my ~~my~~ being stoped illegal, but my being search and allege evidence seised

(32)

Was in violation of my Fourth Amendment rights, than to Add insult to further injury, you subpoena the (same) ("Arresting police officer") whom perjured himself before the Superior Court of the District of Columbia at my Preliminary Hearing and then again before the Grand Jury of the Superior Court in Formal Criminal Case F-00041-05, to further promote More perjurious testimony to further threaten my "conditional Liberty interest" in Violation of my Fifth Amendment rights under the United States Constitution and the violations to the Bill of Rights of this plaintiff. I understand that in desperate times people resort to desperate messures, but these tactic's Are constitutionally unsound, and illegal.

See Albrecht V. United States, 273 U.S. 1, 5, 47 S.Ct. 250, 251, 71 L. Ed. 505 (1927).

See Also Coolidge V. New Hampshire, 403 U.S. 443, 449-453, 91 S.Ct. 2022, 2029- 2031, 29 L. Ed. 2d 564 (1971).

(33)

_Shadwick v. City of Tampa_, 407 U.S. 345, 92 S.Ct. 2119,

32 L. Ed. 2d 783 (1972).

See Also _United States v. United States (District Court_, 407 U.S. 297,

317, 92 S.Ct. 2125, 2136, 32 L. Ed. 2d 752 (1972).

Here, plaintiffs ("parole warrant") was sought by

Sonya Atkinson, Community Supervision Officer based on

the ("same perjurious police officer") whom perjured

himself before the Superior Court of the District of Columbia

in formal D.C. Superior Court Criminal Case F-00041-05,

had plaintiff formal parole officer Ms. Sonya Atkinson

conducted "any" probable cause investigation they would have

realized that "perjury" by the ("arresting officer") in

formal D.C. Superior Court Criminal Case F-00041-05,

where said formal ("arresting police officer") finally admitted

he'd lied on this plaintiff is not enough to warrant

"a parole violation warrant on unconstitutional testimony."

(34)

See Napve V. Illinois, 360 U.S. 264 (1959).

See Also Mooney v. Holohan, 294 U.S. 103 (1935);

Crawford V. Washington, 541 U.S. 36, 124 S.Ct. 1354, 1365 - 1367 (2004); Matter of C.B.N., 499 A. 2d 1215 (D.C. 1985); United States V. Brooks, 296 U.S. App. D.C. 219, 966 F. 2d 1500 (1992); Sherer V. United States, 470 A. 2d 732 (D.C. 1983), Cert. denied, 469 U.S. 931 (1984).

In Coolidge V. New Hamshire, 403 U.S. 443, 449 - 453, 91 S.Ct. 2022, 2029 - 2031, 29 L.Ed. 2d 564 (1971), the Court held that a prosecutor's responsibility to law enforcement is inconsistent with the Constitutional role of a neutral and detached magistrate. That was reaffirmed by principle in Shadwick V. City of Tampa, 407 U.S. 345, 92 S.Ct. 2119, 32 L. Ed. 2d 783 (1972), and held that probable cause for the issuance of an arrest warrant must be determined by someone independent of police and prosecution.

(35)

See Also  United States v. United States (District Court,

407 U.S. 297, 317, 92 S.Ct. 2125, 2136, 32 L. Ed. 2d 752 (1972).

The reason for this separation of functions was expressed by Justice Frankfurter in a similar context:

'A democratic society, in which respect for the dignity of all men is central, naturally guards against the misuse of law enforcement process. Zeal in tracking down crime is not in itself an assurance of soberness of judgment. Disinterestedness in law enforcement does not alone prevent disregard of cherished liberties. Experience has therefore counseled that safeguards must be provided against the dangers of the overzealous as well as the despotic. The awful instruments of the criminal law cannot be entrusted to a single functionary.

(36)

The Complicated process of criminal justice is therefore divided into different parts, Responsibility for which is seperately vested in the various participants upon whom the criminal law relies for its vindication.' McNabb V. United States, 318 U.S. 332, 343, 63 S. Ct. 608, 614, 87 L. Ed. 819 (1943).

Here, the Barbarians of the torch the United States Parole Commission defendants, Michael J. Gaines, Et Al., Chairman, have no neutral enity to seek out probable cause Warrants without their notorious overzealness, as presented here. See Coleman V. Alabama, 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970); Y. Kamisar, W. LaFave & J. Israel, Modern Criminal Procedure 957-967, 996-1000 (4th ed. 1974).

'In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not

(37)

technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.' ~~Being~~. Brinegar V. United States, 388 U.S. at 174-175, 69 S.Ct. 1302, 1310, 93 L. Ed. 1879.   Cf. McCray V. Illinois, 386 U.S. 300, 87 S. Ct. 1056, 18 L. Ed. 2d 62 (1967).

Here, it can be Acquiesce that defendants Michael J. Gaines, Et Al., Chairman, United States Parole Commission violated the probable cause practice under the Fourth Amendment and the Bill of Rights, making plaintiffs current imprisonment, illegal and unconstitutional.

We finally request, any and all information, numbers, facts relating to "Blacks" throughout the United States under the authority of the United States Parole Commission to show and prove once and for all how (District of Columbia

(38)

"Black's" Are single-out, stalked, hunted by your District of Columbia Agent's because we're "District of Columbia Black Parolee's," no where within these United States Are "Black's" whom happen to be parolee's, Are "singled-out," "hunted like ANIMALS," "stalked," "harrassed" "expected to do the impossible," As District of Columbia Black Parolee's Are. It's open-season on "District of Columbia Black Parolee's," and we're never given the "benefit of the doubt." As "District of Columbia Black Parolee's," like Slaves, we're Assigned numbers, and the District of Columbia is our modern day Nightmare for your Plantation. Remember Slaves were assigned numbers rather than names in Antebellum censuses, and we didn't have birthdays either.

(39)

"White people got As MANY Ages
As you CAN count But slaves
only got four Ages," Forty-
Seven learns. ("Thats babychild,
boy or girl, old boy or old girl,
An' dead.")

For over 173 years, We were slaves and afixed with the
number "47." The old Jim Crow Diaries in their trade
is still practice today, and no where is that more affluent
than in the District of Columbia, Among "District of
Columbia Black Parolee's." We are the living portrait
of slave life As "District of Columbia Black Parolee's."
These are the unleashed instruments orchestrated by the
United States Parole Commission and its good-old-boy agents,
that "hunt us," "stalk us," "single us out," and "harrast us"
every step of the Way As "District of Columbia Black Parolee's

(40)

See The Founding White Slaves Owner's Opinions Of Free Slaves: See Eriecka Huggins "Underground Railroad," and her Diaries on the Underground Railroad. As "District of Columbia Black Parolee's," we're "singled out," And in 99% of cases we're denied our "conditional liberty" rights, just for being "District of Columbia Black Parolee's."

See Also Equal Protection Clause Under the Fifth Amendment which defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commission has violated here with this plaintiff. See U.S.C.A. Const. Amend. V.

See Also The Bill of Rights.

See Also U.S.C.A. Const. Amend. IV, As presented here by plaintiff. See Johnson v. United States, 333 U.S. 10, 68 S. Ct. 367, 92 L. Ed. 436 (1948).

In *United States v. Lefkowitz*, 285 U.S. 452, 464, 52 S.Ct. 420, 423, 76 L. Ed. 877, 82 A. L. R. 775, the Court said: '*** the informed and deliberate determinations of magistrates empowered to issue warrants as to what searches and seizures are permissible under the Constitution are to be preferred over the hurried action of officers and others who may happen to make arrests. Security against unlawful searches is more likely to be attained by resort to search warrants than by reliance upon the caution and sagacity of petty officers while acting under the excitement that attends the capture of persons accused of crime. ***'

In *Gouled v. United States*, 255 U.S. 298, 302, 303, 41 S.Ct. 261, 263, 65 L. Ed. 647, the Court said: 'It would not be possible to add to the emphasis with which the framers of our Constitution and the court (in *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, in

(42)

*Weeks v. United States,* 232 U.S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L.R.A. 1915B, 834, Ann. Cas. 1915C, 1177, and in *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S. Ct. 182, 64 L. Ed. 319 (24 A.L.R. 1426)) have declared the importance to political liberty and to the welfare of our country of the due observance of the rights guaranteed under the Constitution by these two (Fourth and Fifth) Amendments. The effect of the decisions cited is: That such rights are declared to be indispensable to the "full enjoyment of personal security, personal liberty, and private property"; that they are to be regarded as of the very essence of constitutional liberty; and that the guaranty of them is as important and as imperative as are the guaranties of the other fundamental rights of the individual citizen — the right to trial by jury, to the writ of habeas corpus, and to due process of law.

(43)

If has been repeatedly decided that these amendments should receive a liberal construction, so as to prevent stealthy encroachment upon or 'gradual depreciation' of the rights secured by them, by imperceptible practice of courts or by well-intentioned, but mistakenly overzealous, executive officers.'

Not only does plaintiff have Article III standing here. Plaintiff satisfied the standing doctrine's core requirement that they allege personal injury fairly traceable to the defendant's Michael J. Gaines, Et Al., Chairman, United States Parole Commission's allegedly unlawful conduct and likely to be redressed by the requested injunction. See, e.g., Allen V. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed. 2d 556.

See Also County of Riverside V. Laughlin, 500 U.S. 44,

(44)

111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991).

Here, there was neither reasonable grounds nor probable cause for plaintiffs arrest. It is basic that an arrest with or without a warrant must stand upon firmer ground than mere suspicion. See Henry V. United States, 361 U.S. 98, 101, 80 S. Ct. 168, 170, 4 L. Ed. 2d 134. See Also Brinegar Brinegar V. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L. Ed. 1879; Giordenello V. United States, 357 U.S. 480, 486, 78 S. Ct. 1245, 2 L. Ed. 2d 1503. See Wong Sun V. United States, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

The district court here, is authorized to issue plaintiffs offensive collateral estoppel     to bar the "illegal fruits of the poisoneous tree doctrine" from coming into play here by the defendant's, Michael J. Gaines, Et Al., United States Parole Commission, in the utilization of illegally seized evidence that stands in violations of both the Fourth and Fifth Amendments of the United

(45)

States Constitution from former D.C. Superior Court

Criminal Case F-00041-05, where the ("Arresting police

officer") finally Admitted he Lied on this plaintiff.

Thus, the ("Unconstitutional Arrest") of plaintiff should

not be Allowed into evidence, nor the illegally seized

"fruits from the poisoneous tree doctrine" should not be

Allowed into evidence either, nor should defendants

Michael J. Gaines, Et Al., Chairman, United States

Parole Commission should be allowed to further permote

perjurious testimony from the formal (" perjurious Arresting

police officer") (to further threaten plaintiffs conditional

Liberty interest.

## Conclusion

If is my sincere belief that the requested materials

is discoverable under Fed. Rule Civ. Proc. Rule 26 (A) et

seq.

(46)

And/or under pertinent case law. In the event that you are unable or unwilling to provide the requested information, or if you disagree with "any" of the foregoing representations, please advise me prior to the up-coming federal hearing before the United States District Court, For the District of Columbia, so that I might respond appropriately.

Note: There should be a continuation in the up-coming parole revocation hearing scheduled for August 22nd, 2005, A.D., pending resolutions in the federal court; unless you decide to forego it, and release me without reprizal's forthwith.

Sincerely,

Adrian Williams-El

Adrian Williams-El, Pro Se Plaintiff
Fed. No. 97648-131/D.C.D.C.#162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., E1B-20

(47)

Washington, D.C., 20003.

## Sworn Declaration

I, _Adrian Williams-El_ , Being of Sound Mind, Do Verify, Certify, Swear Under Penalty of Perjury, That The Information And Statements Made Here Are True And Correct To The Best Of My Knowledge.

_Adrian Williams-El_
Adrian Williams El, Pro Se- Swearce
Fed. No. 97648-131/D.C.D.C.# 162-518

This being the 15th day of _August_ 2005, A.D.

_Adrian Williams-El_
Adrian Williams-El, Pro Se- Plaintiff
Fed. No. 97648-131/D.C.D.C.# 162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003.

(48)

<u>Certificate of Service</u>

This is to certify, verify that a true and correct copy of plaintiffs Discovery request, was mailed postage pre paid to: <u>Michael Stover</u>, Counsel, United States Parole Commission, Et Al., 5550 Friendship Blvd., Chevy Chase, Maryland, 20815; this 15th day of August, 2005, A.D., and Warden <u>Fred E. Figueroa</u>, Custodian, Warden C.C.A. (D.C.), 1901 "E" Street, S.E., Washington, D.C., 20003; this 15th day of August, 2005, A.D.

Adrian Williams-El, <u>Pro Se</u> - Plaintiff
Fed. No. 97648-131/D.C.D.C. #162-518
1901 "E" Street, S.E., EIB-20
Washington, D.C., 20003.

(49)