United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se- Plaintiff,          : Civil Action No
Fed. No. 97648-131 / D.C.D.C. #162-518          : 1:05-cv-1387
C.C.A. (D.C.)
1901 "E" Street, S.E., EIB-20
Washington, D.C., 20003;

            V.

Michael J. Gaines, Et Al., Chairman,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815; Defendant's,

        And

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C.)
1901 "E" Street, S.E.
Washington, D.C., 20003; Defendant.

                Notice Of Filing
Motion For Offensive Collateral Estoppel By Plaintiff
To Stop Defendant's Michael J. Gaines, Et Al, Chairman

                    (1)

United States Parole Commission And Their Agents
Et Al. From Soliciting False Testimony (That Was
Already Proven False Before The D.C. Superior Court
Criminal Case F-00041-05 Where Said Formal "Arresting
Police Officer" Admitted Under Oath That He Lied On
Their Plaintiff") Which The Defendants Michael J. Gaines,
Et Al., And His Agents Have Subpoena The (Same)
Perjurious Formal Arresting Police Officer To Further
Promote/Soliciting More False Testimony To Violate
Plaintiffs Conditional Liberty Interest In Violation Of
Plaintiffs Fifth Amendment Rights And To Add Insult
To Further Injury These Defendants Michael J. Gaines,
Et Al., Chairman, United States Parole Commission And
His Agents. Et Al., Further Seek To Utilize Evidence
Unconstitutionally And Illegally Seized In Violation
Of Plaintiffs Fourth And Fifth Amendment Rights
From Formal D.C. Superior Court Criminal Case F-00041-
05, United States Of America V. Adrian Williams, Dismissed
With Prejudice June 1, 2005, A.D., Based Upon The
Illegal Arrest And Unconstitutional Search And
Seizures Of Plaintiff And Plaintiffs Personal Property
In Violation Of The fruits Of The Poisoneous Tree

Doctrines In Accords To <u>Wong Sun V. United States</u>, 371 U.C. 471, 83 S.Ct. 407, 9 L. Ed. 2d 441 (1963), Where In <u>United States Of America V. Adrian Williams</u>, Formal @ D.C. Superior Court Criminal Case <u>F-00041-05</u>, The Assistant United States Attorney On June 1, 2005, A.D., Admitted To The Court That This Plaintiffs Arrest And The Seizures Of Plaintiffs Personal Property Was In Fact A ("Bad Arrest") That Should Never Have Taken Place, The Assistant United States Attorney Moved The Court To Dismiss With Prejudice Said Formal Criminal Case <u>F-00041-05</u>, That Defendant's <u>Michael J. Gaines, Et Al.</u>, And His <u>Agents Et Al.</u>, Now Seek To Terminate Plaintiffs "<u>Conditional Liberty Interest</u>" Based Upon Said Formal Criminal Affairs Illegally And Certainly Unconstitutionally Thus Plaintiffs Quest For Offensive Collateral Estoppel Should Be <u>Granted Forthwith</u>

Comes now, this <u>pro se</u>-plaintiff, <u>Adrian Williams-El</u>, Federal No. <u>97648-131</u>/ D. C.D.C. # <u>162-518</u>,

in the above entitled matter before this Honorable Court, pursuant to Federal Rule Civil Procedure Rules 6 (d) et seq., and Federal Rule Civil Procedure Rule 7(b) et seq. As grounds for this remedy/motion the plaintiff Adrian Williams El, Federal No. 97648-131/D.C.D.C.# 162-518, does respectfully state:

(A) Plaintiff Adrian Williams-El, Federal No. 97648-131 /D.C.D.C.# 162-518, was a victim of an illegal and unconstitutional arrest, in violations of plaintiffs Fourth and Fifth Amendment rights in formal D.C. Superior Court Criminal Case F-00041-05, United States of America V. Adrian Williams, dismissed with prejudice June 1, 2005, A.D., on plaintiffs Trial date, where the Assistant United States Attorney in said case, admitted that the "Arrest" of this plaintiff was infact a ("Bad Arrest"), and the seizures of plaintiff and plaintiffs personal property was unconstitutional. See Wong Sun V. United States, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)

(2-B)

# Preponderance of Evidence

Evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it, that is, evidence which as a whole shows that the fact sought to be proved is more probable than not. Braud v. Kinchen, La. App., 310 So. 2d 657, 659.

With respect to burden of proof in civil actions, means greater weight of evidence, or evidence which is more credible and convincing to the mind. That which best accords with reason and probability. The word "preponderance" means something more than "weight"; it denotes a superiority of weight, or outweighing. The words are not synonymous, but substantially different. There is generally a "weight" of evidence on each side in case of contested facts. But juries cannot properly

(3)

Act upon the weight of evidence, in favor of the one having the onus, unless it overbear, in some degree, the weight upon the other side. See Black's Law Dictionary, Fifth Edition, 1979.

See Also E. I. duPont de Nemours & Co. V. Union Carbide Corp., D.C. Ill., 250 F. Supp. 816, 819.

See City of St. Joseph V. Johnson, Mo. App. 539 S.W. 2d 784, 785.

See Cromwell V. County of SAC., 94 U.S. 351, 24 L. Ed. 681 (1876), A much cited case in this area, Mr. Justice Field of the United States Supreme Court clearly announced the doctrine of collateral estoppel, stating that a prior judgment between the same parties, on a different cause of action is an estoppel:

> " * * * As to those matters in issue
> or points controverted, upon the
> determination of which the finding
> or verdict was rendered. In all cases,
> therefore, where it is sought to apply
> the estoppel of a judgment rendered
> upon one cause of action to matters

(3-A)

Arising upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined."

See Also Lawlor v. National Screen Service, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955).

"Under the doctrine of collateral estoppel * * * such a (prior) judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit."

See Florasynth Laboratories v. Goldberg, 191 F.2d 877 at 880 (7th Cir. 1951):

"It is fundamental that material facts or questions judicially determined in one action by a judgment may not be tried in

(3-B)

A subsequent Action between the same parties (or their privies, whether the second Action is upon the same or a different cause of Action As the earlier Action. * * *"

See Johnson Co. V. Wharton, 152 U.S. 252, 257, 14 S. Ct. 608, 38 L. Ed. 429 (1894).

Here, defendants Michael J. Gaines, Et Al., Chairman, United States Parole Commission Are ("privies") As cited in: Florasynth Laboratories V. Goldberg, 191 F. 2d 877 At 880.

Thus, A Administrative trial upon the (same) facts from the formal D.C. Superior Court Criminal Case F-00041-05, which was dismissed with prejudice on June 1, 2005, A.D., should rightfully be collerally estopped and plaintiff Ordered released forthwith.

(3-C)

Argument I.

B) Defendants Michael J. Gaines, Et Al., Chairman, United States Parole Commission and his agents are attempting to utilize illegal and unconstitutionally seized evidence from formal D.C. Superior Court Criminal Case F-00041-05, that violated plaintiff's Fourth and Fifth Amendment rights under the United States Constitution. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed. 2d 441 (1963).

Said defendants Michael J. Gaines, Et Al., Chairman, United States Parole Commission should be barred from utilizing the ("fruits of the poisoneous tree") to deny plaintiff his conditional liberty. See Collins v. Seaboard Coastline R. Co., 681 F. 2d 1333, 1334. See Also Johnson v. United States, 576 F. 2d 606 (5th Cir. 1978) Cert. denied, 451 U.S. 1018, 101 S.Ct. 3007, 69 L. Ed. 2d 389 (1981).

Here, plaintiff won his criminal case in the D.C. Superior Court in formal Criminal Case F-00041-05, on June 1, 2005, A.D.,

Where the format ("arresting police officer") in format
(D.C. Superior Court Criminal Case F-00041-05, in United
States of America V. Adrian Williams, it finally came to
light that format ("arresting police officer") finally admitted
under cross-examination by plaintiffs Counsel Ms. Vida B.
Johnson, Staff Attorney, Public Defender Service for the
District of Columbia, that said format ("arresting police
officer") had lied on this plaintiff. See Preliminary Hearing
Transcript, in format (D.C. Superior Court Criminal Case
F-00041-05, for which the Assistant United States Attorney
on plaintiffs trial date, admitted that this plaintiffs
("Arrest") was in fact a ("bad arrest") that never should
have taken place. See Post-Trial Transcript of June 1, 2005;
(D.C. Superior Court Criminal Case F-00041-05, in United
States of America V. Adrian Williams. Wherefore, the
plaintiffs ("Arrest") was without probable cause, the
("search") of plaintiff and items ("seized") was in

(5)

essence in violation of plaintiffs Fourth and Fifth Amendment rights under the United States Constitution. See Wayne R. LaFave, <u>Search and Seizure: A Treatise on the Fourth Amendment</u> (3d ed. 1996).

See Also <u>Wong Sun v. United States</u>, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed. 2d 441 (1963); <u>Terry v. Ohio</u>, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L. Ed. 2d 889 (1968).

See Also <u>Kozlcwski v. Ferrara</u>, 117 F. Supp. 650 (1954); <u>Henry v. United States</u>, 80 S.Ct. 168 (1959); <u>Matter of C.B.N.</u>, 499 A. 2d 1215 (D.C. App. 1985); <u>Hawkins v. United States</u>, 663 A. 2d 1221 (D.C. App. 1995).

See Also <u>Mooney v. Holohan</u>, 294 U.S. 103 (1935); <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

See <u>Collins v. Seaboard Coastline R. Co.</u>, 681 F. 2d 1333, 1334 (1982).

See <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354,

1365 - 1367 (2004).

Now here, defendants <u>Michael J. Gaines</u>, <u>Et Al</u>., have (subpoena the (same) (perjurious formal arresting police officer) in formal D.C. Superior Court Criminal Case <u>F-00041-05</u>, to further promote more (perjurious testimony) from the (same) formal (perjurious arresting police officer) whom admitted he lied, forwhich he also <u>lied</u> before the <u>Grand Jury</u> of the Superior Court of the District of Columbia in formal D.C. Superior Court Criminal Case <u>F-00041-05</u>, in: <u>United States of America V. Adrian Williams</u>, dismissed with prejudice on June 1, 2005, A.D. Here, defendants <u>Michael J. Gaines</u>, <u>Et Al</u>., Chairman, United States Parole Commission and his Agents' want to utilize illegally seized evidence, products of the ("fruits of the poisoneous tree doctrine...") <u>See Wong Sun V. United States</u>, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). to ambush plaintiff with

(7)

And threaten, withhold, terminate plaintiffs "conditional liberty interest," even though plaintiff "never" singed any ("Agreement") to be on Supervised Parole, "never" signed any ("Agreement") to obey, or follow any rules set-forth by defendants Michael J. Gaines, Et Al, Chairman, United States Parole Commission and his agents. See U.S.C.A. Const. Amend. V.

Without "any" signed ("Agreement") by plaintiff to comply with "any" alleged rules/regulations set-forth by the defendants Michael J. Gaines, Et Al, and his agents are without ~~probe~~ probable cause to detain plaintiff. And certainly without probable cause to threaten, ~~and~~ withhold, terminate plaintiffs "conditional liberty interest." See Crawford V. Washington, 541 U.S. 36, 124 S.Ct. 1354, 1365-1367 (2004).

(8)

See United States v. Agurs, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397, 49 L. Ed. 2d 342 (1976), Giglio V. United States, 405 U.S. 150, 153, 92 S. Ct. 763, 765, 31 L. Ed. 2d 104 (1972), United States V. Bagley, 473 U.S. 667, 678-80, 105 S. Ct. 3375, 3381-82, 87 L. Ed. 2d 481 (1985)( "(D)eliberate deception of the court by the presentation of false evidence is incompatible with rudimentary demands of justice" and a resulting conviction must be set aside "if there is any reasonable likelihood that the false testimony could have effected the jury verdict.") See Also Pyle V. Kansas, 317 U.S. 213, 63 S. Ct. 177, 87 L. Ed. 214 (1942)( "(t)he same result obtains when the State, although not soliciting false evidence...("As the defendants Michael J. Gaines, Et Al., Chairman, United States Parole Commission is doing here with plaintiff by subpoenaing the (same) formal (8-A)

police officer whom admitted in the D.C. Superior Court Criminal Case F-00041-05, in <u>United States of America V. Adrian Williams</u>, dismissed with prejudice June 1, 2005, A.D.")("that he had <u>lied</u> against this plaintiff")(" thus we view these defendants' <u>Michael J. Gaines</u>, Et <u>Al.</u>, Chairman, United States Parole Commission and his <u>Agents</u>, Et <u>Al.</u>, are <u>soliciting</u> more "<u>false evidence</u>" to deny plaintiff his "<u>conditional Liberty interest,</u>") allows it to go unconrected when it appears." <u>Id.</u>, at 269, 79 S.Ct., at 1177. <u>See</u> <u>Napue V. Illinois</u>, 360 U.S. 264, 79 S.Ct. 1173, 3 L. Ed. 2d 1217 (1959). Thereafter <u>Brady V. Maryland</u>, 373 U.S. at 87, 83 S. Ct. at 1197, held that suppression of material evidence justifies a new trial " irrespective of the good faith or bad faith of the prosecution."( Here, defendants <u>Michael J. Gaines</u>, Et <u>Al.</u>, Chairman, United States Parole Commission and his agents are acting in <u>bad faith</u> and in <u>concert</u> promoting <u>perjurious testimony</u> to deny plaintiff his "<u>conditional liberty interest.</u>") <u>See</u> American Bar Association, Project on Standards for Criminal Justice, Prosecution

(8-13)

And the (Defense Function § 3.11(A).

When the "reliability of a given witness may well be determinative of guilt or innocence," nondisclosure of evidence affecting credibility falls within this general rule. <u>Napue</u>, <u>supra</u>, at 269, 79 S. Ct. at 1177.

Thus, the defendants <u>Michael J. Gaines, Et Al.</u>, Chairman, United States Parole Commission and his agents have already demonstrated their bias, and bad faith in further soliciting false evidence to revoke plaintiffs "conditional liberty interest," in violation of plaintiffs federal constitutional rights. <u>See</u> U.S.C.A. Const. Amend. V. Their is no excuse for a federal enity soliciting false evidence to deny anyone their constitutional rights in these United States.

(8-C)

Wherefore, based upon the facts, information and statements and evidence awaiting to be presented before this Honorable Court should plaintiffs Motions For Summons' And Subpoenas' are granted and issued forthwith, the Court will be divulge of all plaintiffs awaiting evidence to finally put this matter to rest.

Therefore, plaintiffs Motion For Offensive Collateral Estoppel should be granted here forthwith.

This being the 15th day of August — 2005, A.D.

Adrian Williams-El
Adrian Williams-El, Pro Se-Plaintiff
Fed. No. 97648-131/D.C.D.C.# 162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003.

Note Exhibits (A), (B) relate to defendants sole allege violation against plaintiff that he won in the Superior Court on June 1, 2005, A.D.; and exhibit (B) is proof of

(9)

Administrative remedy being sabotaged by defendant Warden <u>Fred E. Figueroa</u>, Custodian, and his agents.

## Sworn Declaration

I, <u>Adrian Williams-El</u>, Federal No. 97648-131/ D.C.D.C.# 162-518, Being Of Sound Mind, Do Verify, Certify, Swear Under Penalty of Perjury That The Information And Statements Made Here Are True And Correct.

This being the 15th day of August 2005, A.D.

<u>Adrian Williams-El</u>
Adrian Williams-El, Swearee
(Fed. No. 97648-131/D.C.D.C.# 162-518

## Certificate Of Service

This is to certify, verify, that a true and correct copy of the foregoing plaintiff's motion for Offensive Collateral Estoppel was mailed postage pre paid to: General Counsel <u>Michael Stover</u>, United States Parole Commission, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815;                    (10)

this _15th_ day of ___August___ 2005, A.D., And W/arden Fred E. Figueroa, Custodian, W/arden C.C.A. (D.C.), 1901 "E" Street, S.E., Washington, D.C., 20003; this _15th_ day of ___August___ 2005; A.D.

Adrian Williams-El

Adrian Williams-El, Pro Se-Plaintiff
Fed. No. 97648-131/D.C.D.C.#162-518
C.C.A. (D.C.)
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003.

(11)

United States District Court
For The District Of Columbia

Adrian Williams-El, Pro Se - Plaintiff
(Federal No. 97648-131/D.C.D.C. #162-518

V.

Michael J. Gaines, Et Al., Chairman,
United States Parole Commission, Defendants,

And

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C.),
                    Defendant.

: Civil Action No.
: 1:05-CV-1387

Orders

If Being This ___ Day of _____, 2005, A.D.,
So Ordered: That Plaintiffs Motion For Offensive
Collateral Estoppel Is Granted.

    If Is Further Ordered This Date That Plaintiff Be
Forthwith Released From Custody.

_____
United States District Court Judge

(1)

Adrian Williams-El V. Michael J. Gaines, Et Al.

Civil Action No. 1:05-CV-1387

Plaintiffs Exhibit (A)

# Memorandum

| | |
|---|---|
| **Subject**<br>Warrant Execution Instructions Regarding:<br>Williams, Adrian<br>Reg. No. 97648-131<br>DCDC No. 162-518 | **Date**<br><br><br>February 17, 2005 |
| **To**<br><br>U.S. Marshal<br>District of Columbia - District Court<br>333 Constitution Ave, N.W., Rm 1400<br>Washington, D.C. 20001<br>Attn: Karen Brown | **From**<br><br>Rhonda A. Shelton<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named D.C. Code offender. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

**Please assume custody as soon as possible.**

**If the prisoner is already in the custody of federal, state or local authorities, do not execute the Commission's warrant. Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this prisoner, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed. If after executing the Commission's warrant, it is determined that another arrest warrant for the prisoner has been executed or was outstanding at the time the Commission's warrant was executed, the arresting officer may, within 72 hours of executing the Commission's warrant, release the prisoner to the other arrest warrant and place the Commission's warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.**

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave both Warrant and Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case.

Enclosure

cc: D.C. Court Services and Offender Supervision Agency
    Special Projects Unit
    300 Indiana Avenue, N.W., Suite 2076
    Washington, D.C. 20001

RAS

U.S. DEPARTMENT OF JUSTICE
UNITED STATES PAROLE COMMISSION

WARRANT APPLICATION
D.C. Code Offender

Cl 3c7

Name .........................Williams, Adrian

Reg. No .........................97648-131
DCDC No.........................162-518
FBI No.............................310535G
Birth Date.........................April 21, 1945
Race...............................Black

Date...........................................February 17, 2005
Termination of Supervision.....July 18, 2006
Violation Date...........................January 5, 2005
Released...................................July 19, 2003

Sentence Length ........... **30 months with 3 years supervised**
Original Offense.............**Attempted Second Degree Burglary**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision; and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Law Violation – Burglary One While Armed.** On 1-1-05, the releasee stole a laptop computer belonging to Husain Haqqani from his residence at 4301 Massachusetts Avenue # 3005. During the search incident to arrest, the police recovered a laptop computer, numerous watches, coins, large knife, screwdriver, black leather gloves and assorted keys. The releasee was arrested by the Metropolitan Police for the above-cited offense on 1-1-05. This charge is based on the information contained in the violation report dated 1-4-05 from supervising officer Sonya Atkinson and a police report dated 1-1-05. Status of Custody/Criminal Proceedings: The subject was released on 1-4-05 and has a court date scheduled for 2-28-05.
I ADMIT [  ] or DENY [ ✓ ] this charge.

Probable Cause Hearing Is Required

Warrant Recommended By:

Rhonda A. Shelton, Case Analyst
U.S. Parole Commission

Warrant Issued.................. **February 17, 2005**

Community Supervision Office Requesting Warrant: General Supervision Unit VII-Team 4, 25 K Street

Adrian Williams-El V. Michael J. Gaines, Et Al.

Civil Action No. 1:05-CV-1387

Plaintiffs Exhibit (B)

Form 17-102E

# CORRECTIONS CORPORATION OF AMERICA
## CORRECTIONAL TREATMENT FACILITY

## RESIDENT REQUEST SLIP

TO: _Whom It May Concern:_   DATE: _5/18/05_   UNIT: _E3A-11_

FROM: (Name: Last, First) _Williams-El, Adrian_   DCDC #: _162-518_

## PLEASE INDICATE BY CHECK (✓) THE NATURE OF REQUEST

( ) Classification or Reclassification  ( ) Parole
( ) Custody Review  ( ) Personal or Family Problem (s)
( ) Visiting List  ( ) Legal Call
( ) School  ( ) Sentence Structure
( ) Escorted Trip  ( ) Squad Change
( ) Canteen  (✓) Other (Specify)
( ) Interview Counseling/Appts.

Comments : _Respectfully request (2) copies each!_

Actions Taken/Remarks: _Copies turned over to Mr Parker_
_5-18-05_   _S/m AQUAOWO_

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS

Office of the External Confinement
& Monitoring Administration



## MEMORANDUM

TO:        Adrian Williams-El
           DCDC 162-518

FROM:      Carey L. Parker III
           Contract Monitor

DATE:      April 25, 2005

SUBJECT:   Out of Cell Activities

---

The Office of Contract Monitor is in receipt of an Inmate Resident Grievance Form wherein you alleges your Constitutional Rights have been violated.

Please be advised that your concerns have been forwarded to the Health Administrator Lorella Willis.

cc. Health Administrator Lorella Willis

CORRECTIONS CORPORATION OF AMERICA
CORRECTIONAL TREATMENT FACILITY

## RESIDENT REQUEST SLIP

TO: _Carey L. Parker III_   DATE: _5/17/05_   UNIT: _E 3A-11_
    Contract Monitor
FROM: (Name: Last. First) _Williams-EL, Adrian_   DCDC #: _162-518_

## PLEASE INDICATE BY CHECK (✓) THE NATURE OF REQUEST

( ) Classification or Reclassification    ( ) Parole
( ) Custody Review                        ( ) Personal or Family Problem (s)
( ) Visiting List                         ( ) Legal Call
( ) School                                ( ) Sentence Structure
( ) Escorted Trip                         ( ) Squad Change
( ) Canteen                               (✓) Other (Specify) _(Failure To Timely Respond To_
( ) Interview Counseling/Appts.               _Grievance...)_

Comments _One Health Administrator Lorella Willis has violated_
_the Inmate [Resident] Grievance response time regarding the violation_
_of my federal constitutional rights without due process of law and in violation_
_of my equal protection rights without timely notice (in violation of U.S.C.A._
_Constitutional Amendment I._

_As such said is viewed as an admission of guilt under civil regulation,_
_And by rule I am entitled to the relief sought within the Grievance._

                    _Respectfully Submitted,_

                    _Adrian Williams-EL #162-518_

Actions Taken/Remarks: _____
_____
_____
_____
_____
_____