United States District Court
for The District of Columbia

Adrian Williams-El, Pro Se-Petitioner,
D.C. D.C. #162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E, E/B-20
Washington, D.C., 20003;

v.

Michael J. Gaines, Et Al, Chairman,
Edward F. Reilly, Jr., Commissioner, Et Al,
Cranson J. Mitchell, Commissioner, Et Al,
John Simpson, Commissioner, Et Al,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815, Respondents;

And,

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003; Respondent.

Civil Action No.
1:05-CV-1387

The Honorable Judge:
Emmet G. Sullivan

<u>One Bite At The Apple</u>

The United States Parole Commission had its opportunity at petitioners Revocation hearing on August 22, 2005; A.D., to present their Case against this petitioner in full.

The United States Parole Commission Went so extraordinary far as to solicitate the perjurious police officer from formal D.C. Superior Court Criminal Case <u>F-00041-05</u>, to again Attempt to undermind petitioners "conditional liberty interest" by Seeking to promote further slaughterious, perjurious testimony from the (same) formal Arresting police officer from formal D.C. Superior Court Criminal Case <u>F-00041-05</u>, whom finally admitted Before the Court that he <u>lied</u> on this petitioner.

<u>See</u>  Proceedings Transcripts submitted as evidence for petitioner, filed in this Case, Before this Honorable Court. See <u>Johns V. Gilmore,</u> 75 F. Supp. 2d 841 (1999).

(2)

## Argument

Not only has the United States Parole Commission violated its own revocation proceeding rules and regulations prejudicially, they've violated procedural due process under the U.S. Federal Constitutional Amendment V., but they've also violated timelyness in process, under the U.S. Federal Constitutional Amendment V. and VI.. See Barker V. Wingo, 407 U.S. 514, 531, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

Furthermore, the United States Parole Commission has violated prejudicially its decision in: Long V. Gaines, 167 F. Supp. 2d 75 (2001).

See Also (Dubria V. Smith, 224 F. 3d 995, Certiorari denied, 121 S. Ct. 1089, 531 U.S. 1148, 148 L. Ed. 2d 963 (2000); Wilkerson V. Jones, 211 F. Supp. 2d 856 (2002); United States ex rel. Hindi V. Warden of McHenry County Jail, 82 F. Supp. 2d 879 (2000); Beall V. Cockrell, 174 F. Supp. 2d 512 (2001); Castillo V. Pratt, 162 F. Supp. 2d 575 (2001).

See 28. U.S.C.A. § 2243. See Also Morrissey V. Brewer, 408 U.S. 471, 484-486, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972);

(4)

Here, the United States Parole Commission is re-writing the scripe on "parole revocation procedures" where their own procedures, rules, regulations and policies mean nothing... here the Constitution nor the laws of the United States mean nothing... Respondent's are clearly presenting their abuse of authority prejudicially against this petitioner without fear or conscious thought of the consequences. They have clearly exhibited their ("good-old-boy") mentality in pursuit of their "Jim Crowism" ethic's, where "fairness" and "impartialness" is non-existent here.

Thus, petitioner is legally entitled to Summary Judgment on the merit's, here Respondent's arn't allowed untimely excuses or defences where they've violated the Court's own Show Cause Order that expired September 8th, 2005, A.D., having had 30 days to respond too this Honorable Court's Show Cause Order issued August 8th, 2005, A.D.

So judgment on the proceedings against Respondent's is ripe, ethical and constitutionally and legally warranted.

(5)

See Also Mullen V. United States Parole Commission, 756 F. 2d 74;

Lawrence V. Smith, 451 F. Supp. 179; State ex rel. Gibson V.

Department of Health and Social Services, App. 272 N.W. 2d 395,

86 Wis. 2d 345; Downie V. Klincar, 759 F. Supp. 425; Hines V.

Pennslyania Board of Probation and Parole, 430 A. 2d 381, 491 Pa. 142;

Johnson V. Williford, 682 F. 2d 868; United States ex rel. Sims V. Sielaff,

563 F. 2d 821; Commonwealth V. Holmes, 375 A. 2d 379, 248 Pa. Supr.

552. People ex rel. Flores V. Dalsheim, 413 N.Y.S. 2d 188, 66 A.D. 2d 381;

People ex rel. Alexander V. LeFevre, 3 Dept. 498 N.Y.S. 2d 485, 116 A.D.

2d 869; United States ex rel. Fitzpatrick V. United States Parole

Commission, 444 F. Supp. 1302 (Warrant insufficient, Delay unreasonable or

prejudiced).

Petitioner is legally and constitutionally entitled to his "conditional

liberty" and the Writ should be granted. See 28 U.S.C.A. §2243.

(7)

## Federal Question

Are federal government entities, i.e., Respondent's United States Parole Commission excused/exempt/extinct from Procedural defaults and or Summary judgments when they thumb their noses at federal court Show Cause Orders when they horrendously violate A federal parolee's federal Constitutional and federal legal rights in their prejudicial overzealness to deny petitioners conditional liberty interest After Already having their "bite of the apple" in A revocation proceeding That ("no evidence was found to warrant violation of petitioners parole,") yet, they now violate the Court's Show cause Order in their illegal and Unconstitutional quest to violate petitioner no matter what?

Respondent's United States Parole Commission has dug itself in this hole of contempt to ignore this Court's Show Cause Order of August 8th,

(8)

2005, A. @., And have thus far ignored the federal courts Authority and order while they, the Respondents, the United States Parole Commission in their failures to timely respond to this Courts Authority And show cause order are now exempt from raising Any collateral excuses of Any Kind, furthermore, under the federal courts Civil Rules, Respondent's silence is counted As An admission of guilt, Wherefore, this petitioner is legally and civilly and constitutionally entitled to summary judgment on the merits forthwith.

See Federal Rules of Civil Procedure, Et Seq., for summary Judgment on the Proceedings.

See Also Medberry V. Crosby, 351 F. 3d 1049, Certiorari denied, 124 S. Ct. 2098 (2003); Al-Marri V. Bush, 274 F. Supp. 2d 1003, Affirmed, 360 F. 3d 707 (2003).

See Beall V. Cockrell, 174 F. Supp. 2d 512 (2001); Cherrix V. True, 177 F. Supp. 2d 485 (2001).          (9)

## Release From Restraints

As the evidence and facts of this matter reveal, petitioner is legally and constitutionally entitled to "Release from these unconstitutionally restraints" of these Respondents. See Long v. Gaines 167 F. Supp. 2d 75 (2001).

See Also Gilbert v. Martin, 5 Fed. Appx. 518 (2001); Thomas v. Mugan, 109 F. Supp. 2d 763 (2000); Bell v. U.S.I.N.S., 292 F. Supp. 2d 370 (2003).

See Also McQuillion v. Duncan, 253 F. Supp. 2d 1131, Affirmed, 342 F. 3d 1012 (2003); Chadwick v. Graves, 110 F. Supp. 2d 1110 (2000);

Osses v. McElroy, 287 F. Supp. 2d 866, Affirmed in part, vacated in part, 262 F. 3d 615, 2001 Fed. App. 289 P, rehearing en banc denied, Certiorari denied, 122 S.Ct. 1572, 535 U.S. 1002, 152 L. Ed. 2d 492 (1999).

Petitioner Respectfully moves this honorable court for expidited release to whatever modified condition this (10) honorable court deems just and appropriate.

Construction, Liberality And Disregard of
<u>Technical Requirements</u>

<u>See</u> <u>Williams V. Breslin</u>, 274 F. Supp. 2d 421 (2003)(Pro Se petition for federal habeas relief must be read liberally and should be interpreted to arise strongest arguments that it suggests).

<u>See Also</u> <u>Laws V. Lamarque</u>, 351 F. 3d 919 (2003); <u>Brown V. Roe</u>, 279 F. 3d 742 (2002); <u>Corjasso V. Ayers</u>, 278 F. 3d. 874, Amended on denial of rehearing (2002); <u>James V. Pliler</u>, 269 F. 3d 1124 (2001); <u>Urbina V. Thomas</u>, 270 F. 3d 292, 2001 Fed. App. 370 P (2001); <u>Archuleta V. Hedrick</u>, 365 F. 3d 644 (2004); <u>KoKinda V. Saffle</u>, 36 Fed. Appx. 939 (2002); <u>Robertson V. Abramajtys</u>, 144 F. Supp. 2d 829 (2001).

Petitioner Respectfully request that all his pleading filed before this Honorable Court be Likewised so considered. (11)

## Sworn Declaration

I, _Adrian Williams-El_, Being Of Sound Mind, Do Verify, Certify, Swear Under Penalty Of Perjury, That The Information And Statements Made Here Are True And Correct To The Best Of My Knowledge.

This being the _13th_ day of _October_ 2005, A.D.

_Adrian Williams-El_
Adrian Williams-El, Swearer
D.C.D.C. # 162-518
Federal No. 97648-131

## Certificate Of Service

This being the _13th_ day of _October_, 2005, A.D., that I certify, verify that a true and correct copy was mailed to: Mr. Michael Stover, Esq., General Counsel, United States Parole Commission, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815; to: Warden Fred E. Figueroa, Warden and Custodian of Petitioner, C.C.A. (D.C.) C.T.F., 1901 "E" Street, S.E., Washington, D.C. 20003; this _13th_ day of _October_ 2005, A.D.,

(12)

The United States Attorney For The District of Columbia, 555 Fourth Street, N.W., Washington, D.C., 20004; this 13th day of October 2005, A.D.

_Adrian Williams-El_
Adrian Williams-El, Petitioner, Pro Se
(D.C.@D.C.# 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., EIB-20
Washington, D.C., 20003.

(13)

United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se- Petitioner

D.C.D.C.# 162-518

Federal No. 97648-131

v.

Michael J. Gaines, Et Al., Chairman,

United States Parole Commission

5550 Friendship Blvd.

Chevy Chase, Maryland, 20815, Respondents;

and

Warden Fred E. Figueroa, Custodian,

Warden C.C.A. (D.C.) C.T.F.

1901 "E" Street, S.E.,

Washington, D.C., 20003, Respondent.

Civil Action No. 1:05-CV-1387

The Honorable Judge:

Emmet G. Sullivan

Orders

It Being This ___ Day of _____ 2005, A.D., So Ordered:

That The Writ of Habeas Corpus Is Granted, The United States Marshal Shall forthwith Bring Petitioner Before Me This Day.

(1)

Petitioner Is Ordered Released Forthwith With All His Personal And Monitary Property This Day.

_____
United States District Court Judge Emmet G. Sullivan

(2)

United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se- Petitioner,
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003;

V.

Michael J. Gaines, Et Al., Chairman,
Edward F. Reilly, Jr., Commissioner, Et Al.,
Cranson J. Mitchell, Commissioner, Et Al.,
John Simpson, Commissioner, Et Al.,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815. Respondents,

and

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003; Respondent.

Civil Action No. 1:05-CV-1387
The Honorable Judge:
Emmet G. Sullivan

## Notice Of Filing

Here, the Respondents in this matter stand in contempt for violating this Honorable Courts Show Cause Order, issued August 8th 2005, pursuant to 28 U.S.C.A. § 2243. Respondents had 30 days to respond why the Writ should not be granted which expired September 8th 2005, A.D.

Giving Respondents a grace period of 10 days to file late, Respondents failed to offer any defense and thereby by rule are barred from taking any excuse or defense to file out of time.

The allegations cited by this petitioner must be viewed as true, and as such the great writ must issue and petitioner freed. See 28 U.S.C.A. § 2243.

    28 U.S.C.A. § 2241 et seq.

Wherefore, petitioner is legally and constitutionally entitled to summary judgment upon the pleadings.

(2)

Wherefore, we respectfully moves this Honorable Court for

Summary Judgment on the pleadings and on release on bond

to personal recognizance forthwith.

This being the 13ᵗʰ day of October 2005, A.D.

_Adrian Williams-El_
Adrian Williams- El, Pro Se - Petitioner
(D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., EIB-20
Washington, (D.C., 20003,

(3)