United States District Court
For The District Of Columbia

Adrian Williams-El, Pro Se- Petitioner,
(D.C.D.C.# 162-518
Federal No. 97648-131
C.C.A. (D.C) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003;

       V.

Michael J. Gaines, Et Al, Chairman,
Edward F. Reilly, Jr., Et Al, Commissioner,
Cranson J. Mitchell, Et Al, Commissioner,
John Simpson, Et Al, Commissioner,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815, Respondents,

      And,
Warden Fred E. Figueron, Custodian,
Warden C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003, Respondent.

Civil Action No.
1:05-CV-1387
The Honorable Judge
Emmet G. Sullivan

(1)

The Solicitation Of Knowingly Perjured
Testimony To Revoke Petitioners Parole
Makes Respondent's United States Parole
Commission Guilty Of Subornation Of Perjury

Come now, the Pro Se - petitioner, Adrian Williams-El, D.C.D.C.
#162-518, Federal No. 87648-131, respectfully moves this Honorable Court
for an immediate Order stopping Respondent's United States Parole
Commission employee's and their agents from the Solicitation of
Knowingly perjured testimony from formal D.C. Superior Court Criminal
Felony Case F-00041-05, from said formal Arresting police officer
to appear before the Respondents United States Parole Commission and
their agent's to further promote more perjured testimony against
this petitioner in their unconstitutional efforts to have petitioners
parole revoked upon knowingly false allegations and further
perjured testimony that in essence makes Respondent's United States
Parole Commission guilty of subornation of perjury.   As grounds

(2)

for this immediate, emergency remedy the petitioner respectfully states the following:

Petitioner respectfully moves this Honorable Court pursuant to Federal Rules of Civil Procedure

1) Before this Honorable Court is the (proceedings) transcripts of formal D.C. Superior Court Criminal Felony Case F-00041-05, from: United States of America V. Adrian Williams, dismissed with prejudice on June 1, 2005, A.D.

Thin (proceedings) transcript reveals one critical factor:

A) One admission under cross-examination of the formal arresting Metropolitan Police Officer's admission after having perjured himself, admits he lied on this petitioner.

See 18 U.S.C.A. § 1621 - (Perjury).

See Also Behale V. United States, App. D.C. 1938, 100 F. 2d 714;

(3)

United States V. Hammer, (D.C. N.Y. 1924), 299 F. 1011, Affirmed, 6 F. 2d 786; Rosenthal V. United States, 1918, 248 F. 684, 160 C.C.A. 584 and United States V. Smull, On. 1915, 35 S. Ct. 349, 236 U.S. 405, 59 L. Ed. 641.

2) Now, out of simple bias and retaliatorial conduct, Respondent's United States Parole Commission for the ("second") time, they seek not only a second bite upon the apple for which the United States Parole Commissions own revocation examiner found "NO evidence of ANY wrong doing by this petitioner," petitioner was recommended forthwith reinstated to his formal status ~~ordinarily~~ expeditiously, on August 22nd, 2005, A.D.

Not only has Respondent's, United States Parole Commission violated their own procedures, rules and regulations in their

(4)

Prejudicial delays. See Morrissey V. Brewer, 408 U.S. 471,

484-486, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).

See Also Long V. Gaines, 167 F. Supp. 2d 75 (D.C. 2001)(citing

Barker V. Wingo, 407 U.S. 514, 531, 92 S. Ct. 2182, 33 L. Ed. 2d

101 (1972)).

A) Furthermore, Respondents', United States Parole Commission

are prejudicially greedy, not only do they seek to further

take a ("second") bite upon the apple... they simply don't

care in their wanton disregard to the Constitution, their own

procedural rules, regulations, and policies in seeking A ("second")

bite upon the apple after having found "no evidence of any

wrong-doing by this petitioner on August 22nd, 2005, A.D."

B) Respondents', United States Parole Commission now

seek to not only further solicitate knowingly perjured

testimony from the formal arresting Metropolitan Police Officer

(5)

in formal (D.C. Superior Court Criminal Felony Case F-00041-05,

for a ("second") time, they seek to promote false testimony

given by that ("same") formal arresting Police Officer of the

Metropolitan Police, which constitutes their guilt of

subornation of perjury. See United States v. Gross, (N.J.), 1975,

511 F. 2d 910, Certiorari denied, 96 S. Ct. 266, 423 U.S.

924, 46 L. Ed. 2d 249.

See Also United States v. Landieri, 497 F. 2d 317, 320

(3d Cir. 1974), rev'd in part on other grounds on a

rehearing before original panel, 506 F. 2d 319 (3d. Cir. 1974)

United States v. Hvass, Iowa, 1958, 78 S. Ct. 501, 355 U.S.

570, 2 L. Ed. 2d 496.

C) Petitioners continued imprisonment by these Respondents,

(6)

United States Parole Commission after having been found to have committed no violations, that there simply is no evidence of any wrong-doing on petitioners part, and recommended forthwith reinstated to ("same") formal status; yet, denied release by this racist, misguided federal entity is a travesty to justice. See State V. Termaint, 881 A. 2d 539 (Conn. App. 2005).

See Also Long V. Gaines, 167 F. Supp. 2d 75 (D.C. 2001); Morrissey V. Brewer, 408 U.S. 471, 484-486, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).

## Closing

We ask that this Honorable Court not continue to allow these Respondents, United States Parole Commission, recklessly,

(7)

And prejudicially trample over this petitioners federal Constitutional rights without disregard to their own procedures, rules, and regulations and policies for which they've systematically continue to do here in violation of petitioners: See U.S.C.A. Const. Amend. V. See Also U.S.C.A. Const. Amend VI; U.S.C.A. Const. Amend VIII

In that regard, We pray that this Honorable Court expedite an Order Against these Respondents and Respondent's agents and grant whatever Additional relief this Honorable Court see's just and appropriate. See 28 U.S.C.A. §2243 et seq.

This being the ___ day of _____ 2005, A.D.

Adrian Williams-El, Pro Se-Petitioner
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

(8)

As a matter of record here, the Respondents, United States Parole Commission and their Agents have "tainted" the ("parole revocation process entirely") in their failure to follow and adhere to their own procedural policies, regulations and rules.

Furthermore, the Respondents, United States Parole Commission and their Agents violated the courts standing in: Long v. Gaines, 167 F. Supp. 2d 75 (D.C. 2001). See Also Ash V. Reilly, 354 F. Supp. 2d 1 (D.D.C. 2004), Gant V. Reilly, Civil Action No. 02-858 (RBW) (D.D.C. 2002).

Furthermore, the Respondents, United States Parole Commission and their Agents violated: 28 C.F.R. § 2.70, et seq.

Respondents, United States Parole Commission and their Agents violated: 28 C.F.R. § 2.98 (A)(2); 28 C.F.R. § 2.101(A); 28 C.F.R. § 2.102(Y); 28 C.F.R. § 2.103(A); 28 C.F.R. § 2.103 (d); 28 C.F.R. § 2.105(C).

(8-A)

See Gerstein V. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54

(1975) See Also Morrissey V. Brewer, 408 U.S. At 488, 92 S.Ct. 2593.

Here, We call this Honorable Courts Attention to exhibit (A),

Received today; October 26th, 2005; A.D., More than 2 months

After the original decision stated herein of the Respondents,

United States Parole Commission and their Agents decision

on August 22nd, 2005, A.D., At petitioners "Original Revocation

hearing." See Also exhibit (B) (Further proof, of the

Retalitorial Bias exhibited in this case by Respondents, United

States Parole Commission and their Agents.)

Respondents, United States Parole Commission's and their Agent's

Bias and to Again see A ("second") Bite of the Apple

constitutes An erroneous legal conclusion Prejudicially

(8-B)

Orchestrated by these Racist Respondent's. See Barnett V. Malley, 567 P. 2d 482, 90 N.M. 633 (N.M.).

See Also Commonwealth V. Holmes, 375 A. 2d 379, 248 Pa. Super. 552. People ex rel. Flores V. Dalsheim, 413 N.Y.S. 2d 188, 66 A.D. 2d 381; Hunter V. Burke, 387 A. 2d 1018, 36 Pa. Cmwlth. 391, State ex rel. Gibson V. Department of Health and Social Services App. 272 N.W. 2d 395, 86 Wis. 2d 345; Mullen V. United States Parole Commission, 756 F. 2d 74; Downie V. Klincar, 759 F. Supp. 425, United States ex rel. Sims V. Sielaff, 563 F. 2d 821, Barnett V. Kennedy, 94 S. Ct. 1633 (1974).

Petitioner is legally, Constitutionally and morally entitled to immediate release from these Unconstitutional and illegal Restraints by these Racist Respondents, United States Parole Commission and their Agents.

(8-C)

Respondent's, United States Parole Commission, And their Agent's, have elected to hold a ("second") revocation hearing, a ("second") bite at the apple for the ("same") alleged offense that Respondents, United States Parole Commission And their Agents, Along with their ("Parole revocation examiner") found "no evidence of any wrong doing by this petitioner on August 22nd, 2005, A.D." Thus, Respondent's, United States Parole Commission And their Agent's, Are once again Attempting to bring forth the formal "Arresting Metropolitan Police Officer" from formal D.C. Superior Court Felony Criminal Case F-00041-05, to solicitate the "Arresting Metropolitan Police Officer" furthered "perjured testimony" And "false Allegations" in Respondent's, United States Parole Commission And their Agents quest to further promote more "perjured testimony" And "false Allegations" in their

(8-C-1)

desperate attempt to revoke petitioners parole at "any" cost, regardless to truth or facts. Therefore, this petitioner respectfully request that this Honorable Court Order the United States Marshal's to appear at petitioners ("second") revocation hearing on November 9th, 2005, A.D., in or around 8:30 a.m. until it's final and should Respondent's, United States Parole Commission and their Agent's present the formal "Arresting Metropolitan Police Officer from formal D.C. Superior Court Criminal Felony Case F-00041-05," and said states anything other than his name, rank and badge number, that said "Arresting Metropolitan Police Officer be arrested and read his Miranda rights for his ("perjurious testimony") and formal (D.C. Superior Court Criminal Felony Case F-00041-05," and for his ("obstruction of justice") offenses by "threatning and chasing away petitioners ("two white eyewitnesses") at the scene of said event."

(8-C-2)

Respondent's, United States Parole Commission and their Agents in their presentation of the said "formal arresting Metropolitan Police Officer" may in the interest of justice, elect to take the Fifth Amendment by "stating he refuses to answer any questions other than his name and rank on the grounds that it may incriminate himself." He states anything other than that, we move to have said "formal arresting Metropolitan Police Officer" ("Arrested.") See 18 U.S.C.A. §1621 et seq.

See Also United States v. Gross, (N.J.), 1975, 511 F. 2d 910, Certiorari denied, 96 S.Ct. 266, 423 U.S. 924, 46 L. Ed. 2d 249, The Court may in its discretion, have "all" members of the United States Parole Commission and their Agents ("Arrested") and ("Charged") for their ("Subornation of perjury") in this matter.

(8-C-3)

See Also United States V. Moran, C.A. 2 (N.Y.) 1952, 194 F.2d

623, Certiorari denied, 72 S.Ct. 1058, 343 U.S. 965, 96 L.Ed. 1362;

Phair V. United States, C.C.A. 3 (N.J.) 1932, 60 F.2d 953;

United States V. Close, C.A. Pa. 1954, 215 F.2d 617.

Here, petitioner has presented the testimony transcript

of the (SAME) "formal arresting Metropolitan Police Officer"

whom under cross-examination admitted he lied

against this petitioner in formal (D.C. Superior Court Criminal

Felony Case F-00041-05. See Smith V. United States, C.C.A.

6 (Ohio) 1948, 169 F.2d 118( thus here it has been shown

by clear, convincing, And direct evidence to a moral

Certainty And beyond a reasonable doubt that the

formal arresting Metropolitan Police Officer from formal

D.C. Superior Court Criminal Felony Case F-00041-05,

(8-C-4)

Willfully and Knowingly lied under Oath before the D.C. Superior Court Criminal Felony Case F-00041-05 and the Grand Jury of said (D.C. Superior Court Criminal Felony Case F-00041-05) for which now the Respondents, United States Parole Commission and their Agents seek to Capitalize off the falsity of testimony by soliciting the (same) formal "Arresting Metropolitan Police Officer" to testify before petitioners (second Revocation hearing) in violation of petitioners due process rights Under the Fifth Amendment, Where said Respondents, United States Parole Commission employee's and their Agents are guilty of promoting Knowingly false Allegations to Revoke petitioners Parole is in fact ("Subornation of Perjury") and "ALL" members thereof should be Arrested. See United States v. Gross, (N.J.) 1975, 511 F. 2d 910,

Certiorari denied, 96 S. Ct. 266, 423, U.S. 924, 46 L. Ed. 2d 249.

Because this (same) formal "Arresting Metropolitan Police Officer" threaten, intimidated and ran-off petitioners ("two elderly white eyewitnesses") so police could set this petitioner up. Said constitutes Obstruction of Justice, 18 U.S.C.A. § 1503:

See United States v. Brand, 775 F. 2d 1460 (1985), United States v. Rasheed, 663 F. 2d 843, Certiorari denied; Phillips v. United States, 102 S. Ct. 1031, 454 U.S. 1157, 71 L. Ed. 2d 315.

Here, it is without question that the (same) formal "Arresting Metropolitan Police Officer" in formal (D.C. Superior Court Criminal Felony Case F-00041-05, acts in threatening, intimidating and running-off petitioners ("two elderly white eyewitnesses") demonstrates ("said officers") corrupting endeavor's to influence, obstruct, or impede petitioners ("eyewitnesses") from coming forward impeded the due administration of justice and reflects ("said officers") evil purpose. United States v. Silverman, 745 F. 2d 1386 (1984).

(8-C-6)

Petitioner's Custodian Respondent, Warden Fred E. Figueroa, has made communications with this Honorable Court an Adventure, from withholding the brown envelopes to mail-out legal correspondences and litigations to the Court next to impossible. The withholding (:legal call's to the Court") is yet another adventure in communicating with the Court since petitioners Case Manager is always making himself unavailable so that this petitioner cannot make valid legal calls. Then by chance, if petitioner gets someone on the outside, in society to call the Court for me, (202) 354-3080 is the Courts electronic answering service forwhich seldom opperates nor allows me the ability to communicate with this Honorable Court to find out the status of this case? There must be a better way to gain contact with the Court?

Sincerely,

Adrian Williams-El, Pro Se-Petitioner
D.C.D.C.# 162-518
Federal No. 97848-131

(8-D)

## Sworn Declaration

I, __Adrian Williams-El__, D.C.Q.C. # 162-518, Federal No. 97648-131, Being Of Sound Mind, Do Verify, Certify, Swear Under Penalty Of Perjury That The Information And Statements Presented And Recorded Here By Me Are True And Correct.

This Being the 26th day of

October 2005, A.D.

Adrian Williams-El
Adrian Williams-El, Swearer
D.C.Q.C. # 162-518
Federal No. 97648-131

Adrian Williams-El
Adrian Williams-El, Swearer
D.C.Q.C. # 162-518
Federal No. 97648-131

<u>Certificate Of Service</u>

This is to certify, verify that a true and correct copy of this Expedited Emergency Motion was mailed postage fee paid to: Mr. <u>Michael Stover</u>, General Counsel, United States Parole Commission, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815, this 26th day of <u>October</u> 2005, A.D., to:

<u>United States Attorney for the District of Columbia</u>, United States Department of Justice, 555 Fourth Street, N.W., Washington, D.C, 2004 A.D., this 26th day of <u>October</u> 2005, A.D., to:

Warden <u>Fred F. Figueroa</u>, Custodian, Warden C.C.A. (D.C.) C.T.F., 1901 "E" Street, S.E., Washington, D.C., 20003; this 26th day of <u>October</u> 2005, A.D.

Adrian Williams-El
Adrian Williams-El, <u>Pro Se</u> Petitioner
(D.C.) D.C. # 162-518
Federal No. 97648-131
(10) C.C.A. (D.C.) C.T.F.

1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003.




Adrian Williams-El
Adrian Williams-El, Pro Se-Petitioner
D.C.D.C. #162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

CC: United States Attorney
For The District Of Columbia.

Michael Stover, General Counsel
United States Parole Commission;

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C) C.T.F.



(11)

United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se-Petitioner,
D.C.D.C.# 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., EIB-20
Washington, D.C., 20003;

                  V.

Michael J. Gaines, Et Al., Chairman, Et Al.,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815; Respondent's,

            And

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003; Respondent,

Civil Action No.
1:05-CV-1387

The Honorable Judge
Emmet G. Sullivan

Orders

(1)

It Is This ___ Day of _____ 2005, A.D., So Ordered: That Respondents, United States Parole Commission Employee's And Their Agent's Are Hereby Ordered Expeditedly, Forthwith To Discontinue Your Unethical, Unconstitutional, And Illegal Act's Against This Petitioner Adrian Williams-El, D.C.D.C. # 162-518, Federal No. 97648-131. You Had Your Shot At The Apple And Your Own Revocation Examiner Found No Evidence, Zero To Support A Violation Of This Petitioner. As On August 22nd, 2005, A.D. Standing To Date, You Have Violated Federal Law, You Have Violated Your Own Rules, Regulations, Procedures And Policies In Handling Revocation Procedures Cited In: Long V. Gaines, 167 F. Supp. 2d 75 (D.C. 2001). See Also Morrissey V. Brewer, 408 U.S. 471,

(2)

484- 486, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).

You, Respondents, United States Parole Commission Employee's And Your Agent's, Never Had Probable Cause To Issue Your Parole Violation Warrant Upon Known False Allegations By The Formal Arresting Metropolitan Police Officer In Formal D.C. Superior Court Criminal Case F-00041-05 That Was Dismissed With Prejudice On June 1, 2005, A.D. You Cannot Find Probable Cause Upon Known Perjured Testimony Nor Hearsay.

See Ash V. Reilly, 354 F. Supp. 2d 1 (D.D.C 2004).

See Also Gant V. Reilly, Civil Action No. 02-858 (RBW) (D.D.C. 2002), Crawford V. Washington, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (S. Ct. 2004), Morrissey V. Brewer, 408 U. S. 471, 484- 486, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), Downie V. Klincar, 759 F. Supp. 425 (N. D. Ill. 1991).

(3)

You Have Clearly Demonstrated An Overwhelming Prejudical Departure from The Norm In The Clearly Bias Mishandling Of This Matter from Its Conception. See Arnett V. Kennedy, 94 S. Ct. 1633 (1974).

See Also   United States Ex Rel. Sims v. Sielaff, 563 F. 2d 821 (1977), Woodard v. Ohio Adult Parole Authority, 107 F. 3d 1178 (C.A. 6 (Ohio), 1997.

In This Matter Before The Court, There Was Never A Clear Sign That Petitioner Was Even The Perpetrator Whom Committed Any Crimes In Formal D.C. Superior Court Criminal Felony Case F-00041-05 And As You Should Have Known That Police Reports Alone Do Not Constitute A Persons Guilt. See Ash V. Reilly,

(4)

354 F. Supp. 2d 1 (D.D.C. 2004).

It Is The Judgment Of This Court That The Writ Of Habeas Corpus Be And Is <u>Granted</u>.

Respondents, United States Parole Commission Employee's And Your Agent's Are Here By Forewarn Not To Further Retaliate Against This Petitioner In Any Form. The Court Modify's Petitioners Conditions Of Parole From Supervise To Non-Supervised, Petitioner Will Only Report Every Six Month's To His Formal Parole Officer Commencing Within 72 Hours Of This Order And Not Again Until Six Month's Later. The Petitioner Has Not Had A Single Dirty Urine In Over 21 Years

(5)

And The Court Finds No Basis For His Continuation
To Produce Urines Considering The Temptation And
Retaliatory Conduct Exhibited Here By Respondents,
United States Parole Commission And Your Agents. Thus,
It Is Further Ordered That Said Be Discontinued.
The Court Will Maintain It's Authority Over This Matter
Until Petitioners Experation From Parole.

_____
United States District Court Judge Emmet G. Sullivan

(6)