# United States District Court
## for the District of Columbia

Adrian Williams-El, Pro Se Petitioner,
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E. F1B-20
Washington, D.C., 20003,

v.

Michael J. Gaines, Et Al., Chairman,
Edward F. Reilly, Jr., Et Al., Commissioner,
Cranston J. Mitchell, Et Al., Commissioner,
John Simpson, Et Al., Commissioner,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815, Respondents,

And

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003, Respondent.

Civil Action No.
1:05-CV-1387

The Honorable Judge
Emmet G. Sullivan

(1)

Motion To Modify And Incorporate Petitioners Entitled Motion: The Solicitation Of Knowingly Perjured Testimony To Revoke Petitioners Parole Makes Respondent's United States Parole Commission Guilty Of Subornation Of Perjury to Include Federal Rules Of Civil Procedures 2, 5, 7, 7.1, 11, 64, 69, 70: And That The Court Order The United States Marshal's To forthwith Apprehend All Members And Or Agents Of The United States Parole Commission Respondsible For forcing Petitioner to Appear for A Second Time for Revocation Of Parole On November 9th 2005, A.D. At C.T.F. And Motion To forthwith Execute Relief To Petitioner Pursuant To 28 U.S.C.A §2243 Within Three Days Of This Petition Being Filed

Comes now, the pro se- Petitioner, Adrian Williams-El, D.C.D.C.# 162-518, Federal No. 97648-131, respectfully moves this Honorable Court in the above entitled matter pursuant to Federal Rules Civil Procedures 5 and 7 et seq to expedite this remedy before the Court.

(2)

As grounds for this remedy the pro se petitioner, Adrian Williams-El, respectfully states: Here: See Fed. R. Civ. Proc. 5, 7, 7.1 and 11, et seq.

A.) In petitioners Motion: The Solicitation of Knowingly Perjured Testimony to Revoke Petitioners Parole Makes Respondents, United States Parole Commission Guilty Of Subornation Of Perjury: that petitioner whom was rushing to complete said forgot to put the Federal Rules of Civil Procedures I sought to apply, And thus: Federal Rules of Civil Procedures 2, 5, 7, 7.1, 11, 64, 69 and 70 Apply to said remedy. See Also Fed. R. Civ. Proc. 81 (Amend. 1971) (28 U.S.C.A. §2243).

B.) That this Honorable Court is authorized to direct, Order the United States Marshal Service to forthwith apprehend all members of the United States Parole Commission and their Agents Responsible for forcing petitioner to appear for A ("second") revocation hearing upon the (same) alleged violation twice to undermind the August 22nd, 2005, A.D., recommendation

(3)

prejudicially and capriciously and in violation of petitioners Fifth Amendment rights to due process of law. See U.S.C.A. Const. Amend. V. Petitioners restraint and confinement is illegal and unconstitutional. See Also Walker v. Johnston, 1941, 61 S.Ct. 574, 312 U.S. 275, 85 L.Ed. 830; Ex parte Bael, 1900, 20 S.Ct. 673, 177 U.S. 378, 44 L.Ed. 813. See Compagna v. Hiatt, 1951, 100 F.Supp. 74.

See Also United States ex rel. DeFillo v. Fitzpatrick, 1967, 378 F.2d 85 (federal parole violator was entitled to challenge legality of his detention under parole violator arrest warrant by writ of habeas corpus); United States ex rel. DeLucia v. O'Donovan, 1950, 178 F.2d 876 (where it is asserted and proof shows that administrative body which caused petitioner to be taken into custody has failed to comply with statute and has therefore acted without statutory authority, district court has jurisdiction of habeas corpus proceedings, and rule requiring exhaustion of administrative remedies does not apply).

(4)

See Also <u>Baker v. Ivanbo</u>, 1982, 553 F. Supp. 53; <u>Hamdi v. Rumsfeld</u>, 124 S. Ct. 2633 (2004).

(C.) Until federal prisoners were paroled, wardens of the federal facilities at which the prisoners were confined, rather than Parole Commission, were "custodians" of the prisoners and were the proper respondents to the prisoners' habeas petitions. See <u>Guerra v. Meese</u>, 1986, 786 F. 2d 414, 252 U.S. App. D.C. 1. But See Also <u>Bozeman v. Lambert</u>, 1984, 587 F. Supp. 1021, Affirmed, 762 F. 2d 1022; <u>Langston v. Ciccone</u>, 1970, 313 F. Supp. 56.

(d.) Once petition for writ of habeas corpus is filed, unless court is of opinion that petitioner is not entitled to an Order to show cause, writ must be awarded forthwith or order to show cause must be issued, and thereafter, if court concludes petitioner is entitled to evidentiary hearing it must order one promptly. <u>Harris v. Nelson</u>, 1969, 89 S. Ct. 1082, 394 U.S. 286, 22 L. Ed. 2d 281, rehearing denied, 89 S. Ct. 1623, 394 U.S. 1025, 23 L. Ed. 2d 50.

Here, Respondent's, United States Parole Commission and their Agent's after their findings of petitioner's revocation of parole hearing on August 22nd, 2005, A.D. where "no evidence was found to warrant petitioners parole being revoked," where now, Respondent's, United States Parole Commission and their Agent's seek to undo their own findings prejudically in violation of: ("Under the some evidence standard, the focus is exclusively on the factual basis supplied by the Executive to support its own determination", (Citing Superintendent, Mass. Correctional Institution at Walpole v. Hill, 472 U.S. 445, 455-457, 105 S.Ct. 2768, 86 L. Ed. 2d 356 (1985.)( explaining that the some evidence standard "does not require" a "weighting of the evidence," but rather calls for assessing "whether there is any evidence in the record that could support the conclusion")). See Also Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L. Ed. 2d 935 (1974). We argue here, that their was no evidence in

(5-A)

the record to validly support a ("second bite upon the ("same") apple for the ("same alleged violation that was factually determined on August 22nd, 2005, A.D."") See, e.g., St. Joseph Stockyards Co. v. United States, 298 U.S. 38, 51-52, 56 S. Ct. 720, 725-726, 80 L. Ed. 1033 (1936); Ng Fung Ho v. White, 259 U.S. 276, 284-285, 42 S. Ct. 492, 495, 66 L. Ed. 938 (1922).

It is therefore, "arbitrary" for Respondent's, United States Parole Commission and their Agents to seek a ("second bite upon the ("same") apple for the (" same alleged violation that was factually determine by their own federal parole revocation officer on August 22nd, 2005, A.D., here at C.C.A. (D.C.) C.T.F.") See Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). See Also Nelson v. Commissioner of Corrections, 390 Mass. 379, 456 N.E. 2d 1100 (1983); 1001 Plays, Inc. v. Mayor of Boston, 387 Mass. 879, 444 N.E. 2d 931 (1983);

(5-B)

<u>Douglas v. Buder</u>, 412 U.S. 430, 432, 93 S. Ct. 2199, 2200, 37 L. Ed. 2d 52 (1973)(per curiam)(revocation of probation); <u>Schware v. Board of Bar Examiners</u>, 353 U.S. 232, 239, 77 S. Ct. 752, 756, 1 L. Ed. 2d 796 (1957)(denial of Admission to bar); <u>United States ex rel. Vajtauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106, 47 S. Ct. 302, 303, 71 L. Ed. 560 (1927)(deportation).

Here, their simply was "no evidence" to engage a ("second bite upon the ("same") apple for the (" same alledge violation that orchestrated this whole prejudicially ugly affair by Respondent's, United States Parole Commission and their Agent's demonstrated here and herein petitioners pleadings."))

This is nothing less than an ugly witch hunt by Respondents, United States Parole Commission and their Agent's whom believe they are infact Above the law.

(5-C)

See Also Ruby v. United States, 1965, 341 F. 2d 585, Certiorari denied, 86 S.Ct. 1877, 384 U.S. 978, 16 L. Ed. 2d 689 (Extraordinary remedy of habeas corpus requires Court, justice or judge to act forthwith, and application usurps attention and displaces calendar of judge or justice and receives prompt attention from him within four corners.) See Fed. R. Civ. Proc. 81 (1971 Amendment; 28 U.S.C.A. §2243).

See Un de Jung Ah Lung, 1885, 25 F. 141.

E.) Necessity of Return: See Smith v. Anderson, 1963, 317 F. 2d 172, 115 U.S. App. D.C. 109.

F.) Time of Return: District Court was free to either consider or disregard government's untimely response to writ to show cause why prisoner should not be granted habeas corpus. Frick v. Quinlin, 1980, 631 F. 2d 37.

Respondent's, United States Parole Commission and their Agents

(6)

stand in total, complete violation of Federal Rules of Civil Procedure 81 et seq. See Also Fed. R. Civ. Proc. 81 (1971 Amendment, 28 U.S.C. §2243).

In a habeas corpus proceeding, the Court sits as a court of law to determine, in a summary way, whether the petitioner is unlawfully restrained of his liberty. Overholser v. Treibly, 1945, 147 F. 2d 705, 79 U.S. App. D.C. 389, Certiorari denied, 66 S. Ct. 38, 326 U.S. 730, 90 L. Ed. 434.

See Also Levy v. Dillon, 1969, 415 F. 2d 1263; Blanchard v. Brewer, 1969, 318 F. Supp. 28, Affirmed, 429 F. 2d 89, Certiorari denied, 91 S. Ct. 1224, 401 U.S. 1002, 28 L. Ed. 2d 535.

C.) Discretion of Court: Federal Court has broad discretion in conditioning judgment granting habeas relief. Hilton v. Braunskill, 1987, 107 S. Ct. 2113, 481 U.S. 770, 95 L. Ed. 2d 724, on remand, 824 F. 2d 285.

See Also Ex parte Royall, 1886, 6 S. Ct. 734, 117 U.S. 241, 29 L. Ed.

(7)

868, Minnesota v. Brundage, 1901, 21 S.Ct. 455, 180 U.S. 499, 45 L.Ed. 639.

H.) Bail: It is within inherent power of court to authorize bail pending hearing and decision on petition for writ of habeas corpus. Mitchell v. Bell, 1978, 458 F. Supp. 1044.

See Also United States ex rel. Lee Fook Seem v. Shaughnessy, 1952, 104 F. Supp. 819.

I.) Discharge or Release of Detainee generally:

See United States ex rel. Brown v. Rundle, 1970, 427 F.2d 223. See Also: 28 U.S.C. §2243; Fed. R. Civ. Proc. 81 (1971 Amendment.)

J.) Conditional Release: See David v. Pitchess, 1974, 388 F. Supp. 105, Affirmed, 518 F.2d 141, reversed on other grounds, 95 S.Ct. 1748, 421 U.S. 482, 44 L.Ed. 2d 317 (Under this section giving court authority to dispose of a matter as law and justice requires, federal court has jurisdiction to order a prisoner released unconditionally.)

(8)

See Also *Ex parte Lee Tong Took*, 1948, 74 F. Supp. 68.

K.) <u>Summary Judgment</u>: Motion for summary judgment was available in habeas corpus proceeding. See *McShane v. Petition*, 1964, 235 F. Supp. 262.

See Also 28 U.S.C.A. § 2243. (June 25, 1948, c. 646, 62 Stat. 965.)

The requirement for return within 3 days "Unless for good cause additional time, not exceeding 20 days, is allowed" in the second paragraph, was substituted for the provision of such section 455 which allowed 3 days for return if within 20 miles, 10 days if more than 20 but not more than 100 miles, and 20 days if more than 100 miles distant. See Also Fed. R. Civ. Proc. 81 (1971 Amendment, 28 U.S.C. § 2243).

Here, petitioner and petitioners respondents, United States Parole Commission and their agents are all within the 20 mile mark as is petitioners custodian.

(9)

Yet, this Honorable Court provided Respondents, United States Parole Commission and their Agent's and petitioners Custodian 30 days to respond to this Honorable Courts Show Cause Order, for which Respondents, United States Parole Commission and their Agent's and petitioners Custodian are "All" in breach of Prejudicially.

The Court's Show Cause Order was issued on: August 8th, 2005, A.D. This is now October 27th, 2005, A.D., and still Respondents, United States Parole Commission and their Agent's alongwith petitioners Custodian, "All" refused to respond within the 30 days as provided by the Honorable Court.

Under Federal Rules of Civil Procedure, et seq., Respondents, United States Parole Commission and their Agent's alongwith petitioners Custodian's silences are by rule an Admission of their guilt to the facts and allegations presented in the original

(10)

Petition. Thus, under 28 U.S.C.A. §2243, petitioner is legally and constitutionally entitled to the relief sought, as well as the forthwith return or reimbursement of petitioner's personal property and monitary property illegally and unconstitutionally seized from format D.C. Superior Court Criminal Felony Case F-00041-05 forthwith.

Wherefore, based upon this facts, petitioner respectfully moves this Honorable Court to expedite forthwith the relief justly sought by this petitioner. See 28 U.S.C. §2243 (1971 Amendment).

This being the 31 day of October 2005, A.D.

_Adrian Williams-El_
Adrian Williams-El, Pro Se - Petitioner
D.C.D.C # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

(11)

## Sworn Declaration

I, Adrian Williams-El, D.C.D.C.# 162-518, Federal No. 97648-131, Being Of Sound Mind, Do Verify, Certify, Swear Under Penalty of Perjury That The Information And Statements Presented Here Are True.

*Adrian Williams-El*
Adrian Williams-El, Swearer
D.C.D.C.# 162-518
Federal No. 97648-131

This being the 31 day of October, 2005, A.D.

*Adrian Williams-El*
Adrian Williams-El, Swearer
D.C.D.C.# 162-518
Federal No. 97648-131

(12)

## Certificate Of Service

This is to certify, verify that a true and correct copy of this matter was mailed postage pre paid to: <u>Michael Stover, General Counsel, United States Parole Commission</u>, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815; this <u>31</u> day of <u>October</u> 2005, A.D., to: <u>United States Attorney for the District of Columbia</u>, 555 Fourth Street, N.W., Washington, D.C., 20004; this <u>31</u> day of <u>October</u>, 2005, A.D., to: <u>Warden Fred E. Figueroa</u>, Custodian, Warden C.C.A. (D.C) C.T.F., 1901 "E" Street, S.E., Washington, D.C., 20003; this <u>31</u> day of <u>October</u> 2005, A.D.

Adrian Williams-El
Adrian Williams-El, Pro Se-Petitioner
D.C.D.C.# 162-518
Federal No. 97648-131
C.C.A. (D.C) C.T.F.
1901 "E" Street, S.E., EIB-20
Washington, D.C., 20003

(13)

United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se - Petitioner,
D.C.D.C. #162-518
Federal No. 97648-131

v.

Michael J. Gaines, Et Al., Chairman,
United States Parole Commission.
                                    Respondent's,
And,
Warden Fred E. Figueroa, Custodian
Warden C.C.A. @ D.C./C.T.F.
                                    Respondent.

Civil Action No.
1:05-CV-1387

The Honorable Judge
Emmet G. Sullivan

Order's

It Being This ____ Day of _____ 2005, A.D., So
Ordered: That The United States Marshal's Are Ordered To Forthwith
Apprehend All Members Of The United States Parole Commission and
Their Agents For Solicitation Of Perjury And Subornation of
Perjury Regarding Petitioner's Parole Revocation Hearing Set For

(1)

November 9th, 2005, A.D., Here At 1901 "E" Street, S.E., C.C.A. (D.C.) C.T.F., Washington, D.C., 20003; And At the United States Parole Commission's offices At: 5550 Friendship Blvd., Chevy Chase, Maryland, 20815. And Bring Said Parties Responsible For Seeking A Second Bite Of Apple After The August 22nd, 2005, A.D., Revocation Hearing Held At C.T.F., Before This Honorable Court Forthwith.

It Is Further Ordered: That The Petition For Writ Of Habeas Corpus Is <u>Granted</u>.

It Is Further Ordered: That The United States Attorney Forthwith Surrender Petitioners Personal Property And Monitary Property To Petitioner Forthwith And Should There Be Anything Missing Of Petitioners Personal Property Or Monitary Property You Are Directed To Retain The City's Credit Card And Re-Purchase Said Missing Items Or Monitary Funds Forthwith.

United States District Court Judge Emmet G. Sullivan

(2)