**EXHIBIT R-1**

# HEARING SUMMARY

**Name: Williams, Adrian** **Reg No: 97648-131**

**Hearing Parameters**

Hearing Type ..............................: **Revocation (Local)**

Hearing Date ................................: 8/22/05

Examiner .......................................: Rob Haworth

Institution ....................................: D.C.-Correctional Treatment Facility

Second Designation .....................: None

**Sentence Parameters**

Sentence Type .............................: **SRAA**

GL Credit for Mos in Custody Prior to Warrant Execution............: 1

Original Authorized Term of Supervised Release ..........................: 36

Maximum Authorized New Term of Imprisonment.......................: 24

Total of New Terms of Imprisonment Previously Imposed ...........: 0

Remaining Term of Supervised Release........................................: 36

Remaining Maximum New Term of Imprisonment .......................: 24

**Warrant Parameters**

Supervision .................................: **Supervised Release**

Revoking District & Office..........: District of Columbia

Warrant Execution Date...............: 3/3/05

Probable Cause Date ....................: 3/8/05

**Additional text regarding the above parameters:**

---

**Prior Action:** Subject was released on three years supervised release (12/12/03).

**Counsel:** Subject was represented by D.C. Public Defender Service attorney Vita Johnson. Attorney Johnson was substituting for PDS Ritter.

**Witnesses:** Community Supervision Officer Sonya Atkinson attended the hearing.

The Commission issued subpoenas for Police Officer Allen and victim Haqqani. However, neither of those witnesses appeared. This examiner has no information concerning the non-appearance of these witnesses.

**Procedural Considerations:** None

EXHIBIT R-1

**Charges:**

**Charge No. 1 - Law Violation - Burglary I**

**Violation Behavior:** Subject was arrested 1/1/05 after police received a report of a residential burglary on Massachusetts Avenue in Washington, D.C. At the time of the arrest, subject was close to the area where the burglary occurred and the officer found property in his possession that was believed to have been stolen from the burglary.

This charge was pending in D.C. Superior Court at the time the prehearing assessment was prepared on 5/2/05.

**Evidence Presented:** The subject denied the above charge. He stated that it was a case of mistaken identity. He said that the description of the person who committed this crime was not even close to his personal description.

Attorney Johnson stated that the criminal charge was dismissed in D.C. Superior Court on 6/1/05. The Assistant U.S. Attorney moved for dismissal with prejudice which means that the government will not go forward with the case at anytime in the future.

Community Supervision Officer Atkinson verified that the charge has been dismissed. She stated that she has no other information concerning dismissal of the charge.

This examiner is making no finding on this charge. Subject declined to waive his right to cross-examine the witnesses which prevents using the police report to make findings of guilt. There is no basis to make a finding of guilt on this charge.

**Findings of Fact:** This examiner makes no finding concerning the above charge.
**Basis:** Insufficient evidence.

**Discipline:** None

**Release Plans:** Subject will return to his residence in the District of Columbia. During the hearing, Community Supervision Officer Atkinson stated that subject reported regularly, had negative drug tests and was very cooperative with her. She stated that she had no other problems with him under supervision. His release plan is apparently stable.

**Guideline Parameters**

**Severity Justification:** N/A
**Salient Factor Score:** N/A
**Re-parole Guideline Range:**.................N/A

**Evaluation:** There is no basis to make a finding of guilt on the charge. This examiner is recommending that the revocation process be terminated and that subject be reinstated to supervision.

This subject has been in custody on the executed warrant since 3/3/05. This examiner is not able to determine if a continuance was requested by this subject in May, 2005 or if the case was continued by the Commission.

Whichever is the case, the subject has been in custody well over the 86 days normally allowed for a revocation decision to be completed. Additionally, the witnesses did not appear and this examiner has no indication that it is likely that they would appear at a subsequent hearing. The criminal charge has been dismissed in court and the Assistant U.S. Attorney has no plans to bring the charge back up.

In view of the time that this subject has been in custody on the Commission's warrant, the dismissed charge and the lack of any information about the reliability of the witnesses, this examiner is recommending that subject be released from custody of the warrant and that he be reinstated to supervision. Subject's physical condition was an issue during the hearing. Attorney Johnson that he had a massive heart attack in September, 2004. Since he has been in custody on the Commission's warrant, he has been treated for heart problems several times by medical staff connected with the CTF and the D.C. Jail.

**Recommendation:** No finding of violation. Release forthwith from custody of the warrant dated February 17, 2005 and Reinstate to Supervision. You are to report to your Community Supervision Officer immediately upon release.

**Conditions:** None

**Statutory Interim Hearing:** None

**Guideline Use:** N/A

**Additional Text:** None

**Executive Reviewer's Comments:** (by S. Husk on 10/5/05)

I disagree with Examiner Haworth's recommendation to make a "no finding" on charge no. 1 after the first non-appearance of the adverse witnesses. Mr. Haworth has noted that Williams has been confined since 3/3/2005 and that the case was previously scheduled for May 2005. He also notes that he was not clear who continued the May hearing but that Williams has been confined for well over 86 days normally allowed for a revocation decision.

I have reviewed the file and determined that, based upon an e-mail request of 4/29/2005 **from defense attorney** Vida Johnson, the Commission continued Mr. Williams' 5/5/05 hearing. The case was then rescheduled for 8/22/2005. The adverse witnesses did not appear at this hearing. Because the case was previously continued based upon defense motion, I do not believe it is appropriate to cite the 86-day time frame as a reason why the revocation process should be terminated.

The processing of this case was delayed after the 8/22/2005 hearing because I had case analyst staff follow up with AUSA re: whether the case was dismissed due to the strength of the evidence or the lack of cooperation from the witnesses. See Jordanna Randall's phone message from 9/29/2005 re: these issues. The basis for the dismissal was the legality of the search and not the strength of the evidence or the cooperation of the witnesses. Thus, I do not believe that the Commission should make no finding on Charge No. 1. While it is not clear why the two adverse witnesses did not appear on 8/22/05, I do not conclude that they are not likely to appear at subsequent hearings.

The second issue that should be considered is whether Williams should be released and summoned to a subsequent hearing or whether he should remain in custody. A review of his file indicates that he has had at least six prior convictions for burglary, unlawful entry or robbery. The current criminal violation alleges another burglary of a residence. Thus, at this time, I believe that he should remain confined while his revocation matter is pending. Note, however, that his attorney has written to advise that Williams has been hospitalized on more than one occasion since his arrest. The case analyst should follow up re: the extent of Williams medical problems and whether these are physical ailments that were not present while he was under supervision.

Recommendation: See Order.

JRH/SMY
August 23, 2005