United States District Court
For The District Of Columbia

Adrian Williams-El, Pro Se, Petitioner,
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003,

v.

Michael J. Gaines, Et Al., Chairman,
U.S. Parole Commission, Et Al.,
      Respondents.

Civil Action No.
05-1387(EGS)

Motion In Opposition To The United States'
Motion For An Enlargement Of Time Prejudicially
Beyond The Eleventh Hour

The petitioner, Adrian Williams-El, D.C.D.C. # 162-518, Federal No. 97648-131, respectfully moves in opposition to

(1)

the United States' Motion for an Enlargement of Time Prejudicially Beyond the Eleventh Hour, pursuant to Federal Rules of Civil Procedures 5, 11. As grounds for this motion the Pro se petitioner Adrian Williams-El, respectfully states:

A.) The United States makes claim's that this Honorable Court extended their response time up to and including October 31, 2005, A.D., from the Court's August 8th, 2005, A.D., Show Cause Order.

B) If infact this is not another fictious claim by the United States because this petitioner was never notified by the Court as to any Court Ordered enlargement of times being granted or Ordered as of November 8th, 2005, A.D.

C) Administrative excuses of heavy case loads or out of town visits or illnesses have never been viewed as credible excuses for government counsels violating not only the Show Cause Order dead-lines, but violating said knowingly and intentionally

(2)

to gain an unfair prejudicial advantage. See <u>Rouse v. Cameron</u>, 373 F.2d 451, 457 (D.C. Cir. 1966)(A "(c)ontinuing failure to provide suitable... treatment cannot be justified by lack of staff or resources"); <u>Detainees of Brooklyn House of Detention for Men v. Malcolm</u>, 520 F.2d 392 (2nd Cir. 1975)("inadequate resources of finances can never be an excuse for depriving detainees of their constitutional rights").

Once Respondents violated the Time Table for answering the Courts Show Cause Order has expired, Respondents still were afforded a Ten (10) Day Grace Period barring excuses of Heavy Case Loads, Visits Out of Town and Or Insider Government Office Changes Not Procedurally Worthy of Comment. <u>Rouse v. Cameron</u>, 373 F.2d 451, 457 (D.C. Cir. 1966).

(3)

<u>Detainees of Brooklyn House of Detention for Men v. Malcolm</u>, 520 F.2d 392 (2d Cir. 1975).

We View These Latest Governmental Antics And Prejudicial Excuses By The United States Which Should Know Better, As Being No Less And No More Than A Procedural Tactic To Delay Formal Summary Judgment And On A Grant Of The Great Writ Beyond The Eleventh Hour To Afford Respondents A Second Bite Of The Apple On November 9th, 2005. By further Promoting The Perjured Testimony Of Its Star Witness From Formal D.C. Superior Court Criminal Felony Case F-00041-05 From Said Formal Arresting Metropolitan Police Officer Which Constitutes Respondent's Subornation Of Perjury. See <u>United States v. Gross</u>, 511 F.2d 910, Cert. denied,

(4)

96 S.Ct. 266, 423 U.S. 924, 46 L. Ed. 2d 249.

Furthermore, the United States And Respondent's have failed here to provide the Court with a _single_ _valid_ _excuse_, ("sworn affidavits,") or ("sworn affidavits and or any executive support for it's own lame excuses") in failing to timely respond. See <u>Superintendent Mass. Correctional Institution at Walpole v. Hill</u>, 472 U.S. 445, 455-457, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985).

Their is an essential difference between a claimant seeking a challenge of "_fact_" or "_duration_" of his _confinement_, as oppose to the "conditions of his imprisonment..." See <u>Anyanwutaku v. Moore</u>, 151 F. 3d 1053 (D.C. Cir. 1998). Where <u>Anyanwutaku</u>, the plaintiff, a D.C. prisoner, challenged the Department of Corrections' calculation of his parole eligibility date under §1983. 151 F. 3d at 1055.

The Circuit Court held that the plaintiffs' claim was properly brought under §1983 since parole in D.C. is entirely discretionary, and as such, a favorable decision would not "necessarily imply or automatically result in a speedier release from prison." 151 F.3d at 1056. See also Gwin v. Snow, 870 F.2d 616, 624-625 (11th Cir. 1989); Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987); Georgevich v. Strauss, 772 F.2d 1078, 1087 (3rd Cir. 1985)(en banc); Walker v. Prisoner Rev. Bd., 694 F.2d 499, 501 (7th Cir. 1982).

Here, we're dealing with the "Liberty Interest" directly. Here, Respondent's delays, and more delays in view of petitioners "serious medical condition" where his very life Respondents have repeatedly been allowed to play "Russian-Roulette" with petitioners very life by not providing timely his "heart medications,"

(6)

Now <u>additionally</u> ("because of petitioners litigations against them,") prejudicially seek a "second" or maybe even a "third" or "fourth" or "fifth" "bite upon the same Apple" for the ("same") allege violation, where Respondents utilizing whatever "<u>false allegations</u>" or "<u>perjurious testimony</u>" it can gain in their desperate attempt to <u>revoke</u> petitioners <u>parole</u> in violation of the procedural due process guards under the Fifth Amendment of the United States federal constitution. That is constitutionally and illegally unjustifiably a "complete miscarriage of justice." See <u>Morrissey v. Brewer</u>, 408 U.S. 471, 484, 486, 92 S.Ct. 2393, 33 L.Ed. 2d 484 (1972). <u>See Also</u> County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed. 2d 49 (1991); <u>Long v. Gaines</u>, 167 F. Supp. 2d 75 (D.C. 2001).

<u>See</u> Habeas Corpus Act <u>et seq</u>. ("The Case of the Knights of the

(8)

"Round Table.") See Also Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995); Milton v. Morris, 767 F.2d 1443, 1447 (9th Cir. 1985).

See Also 28 U.S.C.A. §2243, 1971 Amendment.

See Federal Rules of Civil Procedure 81 et seq.

See U.S.C.A. Const. Amend. V.
U.S.C.A. Const. Amend. VI.

These unconscionable acts of delay that certainly threaten and endanger the health and welfare of this petitioner on a governmental whim to justify their above the law attitude should not, cannot be tolerated by one whom professes to be responsible. You cannot become responsible by exhibiting unconscionable acts that prejudice fair play. Respondents have already prejudicially violated Morrissey, 408 U.S. at 488, 92 S.Ct. 2593. See Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

Once Respondents met on August 22nd, 2005, A.D., and issued their findings thereof, 28 C.F.R. §2.10(A), and there was no

(9)

evidence demonstrating that petitioner violated his parole...")
Petitioner's release, should have been <u>forthwith</u>, as <u>Ordered by</u> Respondent's own "<u>Revocation of parole examiner on August 22nd 2005, A.D.</u>"

Wherefore, the "United States" nor Respondent's have presented a valid excuse for a beyond an eleventh hour plea for enlargement of time and said should be <u>denied</u> forthwith.

As presented here in attached exhibit (A), Respondent Warden Fred E. Figueroa, is again attempting to <u>limit</u>, <u>impede</u> (indigent <u>detainee's</u>) large brown envelopes to be able to mail our litigations to the Court, unless first approved by this administration as to <u>indigent status</u> and permission to mail out "<u>legal mail</u>" through this <u>Administrations approval</u> is constitutionally illegal under: <u>Bounds v. Smith</u>, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed. 2d 72 (1977) and the "<u>canopy</u>" of cases cited therein.

(10)

See Also Johnson v. Avery, 393 U.S. 483, 485 (1969)(prisoners' right of access to courts may not be denied or obstructed.)

See Wolff v. McDonnell, 418 U.S. 539, 578-580 (1974)(right of access violated by policy prohibiting prisoners from consulting each other on legal matters and limiting them to consultation with single inmate legal advisor); Ex parte Hull, 312 U.S. 546, 548-549 (1941)(right of access violated by policy requiring parole board official to review all legal documents prepared by inmates prior to filing with court); Gramegna v. Johnson, 846 F.2d 675, 676-678 (11th Cir. 1988)(right of access violated by policy allowing "sizeable bundle" of mail to accumulate prior to delivery which resulted in prisoner not receiving notice of denial of petition in time to appeal). (10-A)

Nevertheless, contrary to popular belief in: <u>United States ex rel. Vance v. Kenton</u>, 252 F. Supp. 344 (Conn. 1966)("Administrative convenience alone cannot justify a parolee's incarceration in suspense for an unreasonable length of time.")(<u>Vance</u>, <u>supra</u>, at 346).

Here, Respondents and the United States' stand in violation of 18 U.S.C.A. §§ 4203(A) and 4207. <u>See</u> <u>Adams v. Hudspeth</u>, 121 F. 2d 270, 272; <u>United States ex rel. Rowe v. Nicholson</u>, 78 F. 2d 468, 471, <u>Cert. denied</u>, <u>Rowe v. Nicholson</u>, 296 U.S. 573, 56 S. Ct. 118, 80 L. Ed. 405; <u>Application of Gillette</u>, (D.C.E.D.N.Y.), 175 F. Supp. 255, 256; <u>MacAboy v. Klecka</u>, 22 F. Supp. 960, 962. <u>See</u> exhibit (B) attached here.

What puts this case above the rest, is that Respondent's, United States Parole Commission's own Revocation hearing officer found on August 22nd, 2005, A.D., ("No evidence to warrant any violation of parole by this petitioner...") Here, the "objection to the unreasonable delay" is presented. <u>See</u> <u>United States v. Lustman</u>, 258 F. 2d 475, <u>Certiorari denied</u>, 358 U.S. 880, 79 S. Ct. 118, 3 L. Ed. 2d 109. <u>United States v. Kenton</u>, 287 F. 2d 534 (1961).

(10-B)

We respectfully request that said be deemed Unconstitutional, And <u>Order</u> Respondent-Custodian Warden <u>Fred E. Figueroa</u> to forthwith provide every inmate in their custody brown legal size envelopes to mail their litigations to the Courts. <u>See Ex parte Hull</u>, 312 U.S. 546, 548-49 (1941).

Finally, we respectfully move this Honorable Court to forthwith grant the Writ of Habeas Corpus pursuant to 28 U.S.C.A. § 2243 And <u>Order</u> petitioners release forthwith and the return of all of petitioners personal property and monitary property from formal D.C. Superior Court Criminal Felony Case <u>F-00041-05</u>.

This being the 8th day of November, 2005, A.D.

<u>Adrian Williams-El</u>
Adrian Williams-El, Pro Se-Petitioner
D.C.D.C. #162-518 / Federal No. 97848-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C. 20003

(11)

## Sworn Declaration

I, _Adrian Williams-El_, Being of Sound Mind, D.C.D.C. #162-518, Federal No. 97648-131, Being of Sound Mind, Do Verify, Certify, Swear Under Penalty of Perjury That The Information And Statements Made Here By Me Are True.

_Adrian Williams-El_
Adrian Williams-El, Swearer
D.C.D.C. #162-518
Federal No. 97648-131

This Being The 8th Day of _November_ 2005, A.D.

_Adrian Williams-El_
Adrian Williams-El, Pro Se-Petitioner
D.C.D.C. #162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

(12)

## Certificate Of Service

This is to certify, verify that a true and correct copy of petitioners: Motion In Opposition To The United States Motion for An Enlargement Of Time Prejudicially Beyond The Eleventh Hour was mailed postage pre paid to: Sherri L. Berthrong, Assistant United States Attorney, 555 4th Street, N.W., Room 10-450, Special Proceedings Section, Washington, D.C., 20530, this 8th day of November 2005, A.D.; to: Michael Stover, General Counsel, United States Parole Commission, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815, this 8th day of November 2005, A.D.; Warden-Custodian Fred E. Figueroa, Warden, C.C.A. (D.C.) C.T.F., 1901 "E" Street, S.E., Washington, D.C., 20003, this 8th day of November 2005, A.D.

Adrian Williams-El, Parole-Petitioner
D.C.D.C.# 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.

(13)

1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003.


_____
Adrian Williams-El, Pro Se - Petitioner
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

(14)

Adrian Williams-El v. Michael J. Gaines, Et Al, Chairman, United States Parole Commission, Et Al.

Civil Action No. 05-1387 (EGS)

Exhibit (A)