# United States District Court
# For The District Of Columbia

Adrian Williams-el, Pro Se - Petitioner,
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003,

v.

Michael J. Gaines, Et Al., Chairman,
Edward F. Reilly, Jr., Et Al., Commissioner,
Cranston J. Mitchell, Et Al., Commissioner,
John Simpson, Et Al., Commissioner,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815; Respondent's;

And;

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003, Respondent.

Civil Action No.
1:05-CV-1387
The Honorable Judge:
Emmet G. Sullivan

(1)

## Notice Of Filing

A) This is to enlighten this Honorable Court that their has been alterations within the Respondents, United States Parole Commission, and their Agents: <u>Michael J. Gaines</u> is no longer the chairman, of the United States Parole Commission... <u>Edward F. Reilly, Jr.</u>, is now the Chairman, of the United States Parole Commission. Someone by the name of <u>Cranston C. Mitchell</u>, <u>Deborah A. Spagnoloi</u>; <u>Patrick K. Cushwa</u>; and <u>Issac Fulwood, Jr.</u>, Are All Commissioners now within the United States Parole Commission. It is my understanding that these new changes have come within the past 45 days. So for whatever changes the Court may need to address regarding this matter, and whom the Court may need to direct it's Order to, hopefully, this new information will be helpful for this Honorable Court.

(2)

B.) It was brought to my attention that Respondent, Custodian, Warden Fred E. Figueroa, was served the Courts' Show Cause Order by the Honorable Courts Command to Show Cause on August 8th, 2005, A.D., by the Honorable Judge Emmet G. Sullivan, said Show Cause Order was return to this Honorable Court unexecuted on 9/22/05, A.D. This is little more than a procedural ploy orchestrated by Respondent, Custodian, Warden Fred E. Figueroa, to utilize as a tactical move that he can later claim he was never advised by the Court to Show Cause in this matter. Petitioner is submitting a copy of the Courts electronic signature and a copy of the Courts Show Cause Order again, that Respondent, Custodian, Warden Fred E. Figueroa, cannot later claim that he was unaware of the Courts Order to Show Cause.

(3)

Maybe 6½ hours per week, and I work in the law library now. Other Units are only allowed 1 hour per week which Constitutionally violates the calling in: Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L. Ed. 2d 72 (1977). It's simply humanly impossible to complete any valid meaningful access to the Courts in 1 hour per week, it simply can't be done in the 6½ hours per week I'm alloted to work in C.C.A.'s C.T.F. Law Library. Every moment of my time litigating this matter is simply a scrupulous ordeal from the moment I step inside the law library until it's closure is like a game of Russian-Roulette, and I'm somewhat educated. To be forced to ~~scramble~~ scratch, claw and scrabble for every tick upon the clock to try in complete anything in the unconstitutional limited time we're provided here is simply madness. (4) See Cochran v. State of Kansas

316 U.S. 255, 62 S.Ct. 1068, 86 L. Ed. 1453 (1942).

See Also Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L. Ed. 1034 (1941).

In Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed. 2d 718 (1969), the Supreme Court pushed the boundaries of the right of Access to courts further. In Johnson, who was a jailhouse lawyer (as this petitioner is), that the limited time allowed in the C.C.A. (D.C.) C.T.F. facilities law library is to limited to allow anyone enough time to put together any credible motion before a court of law, this kind of prohibition interfers with the rights of prisoners to present habeas corpus petitions to the courts.

See Also e.g., Thomas v. Evans, 880 F. 2d 1235, 1241, 14 Fed. R. Serv. 3d 775 (11th Cir. 1989)(source of the right of Access to courts is the First Amendment); Adams v. James, 784 F. 2d 1077 (11th Cir. 1986)(holding that "litigation undertaken in good faith by a prisoner motivated to bring about social change ... is a form of political expression' and 'political association.")(5)

See: First Amendment right to petition government for redress of grievances: See Carol Rice Andrews, A Right of Access to Court Under the Petition Clause of the First Amendment: Defining the Right, 60 Ohio St LJ 557 (1999).

See e.g., Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L. Ed. 2d 72 (1977)(describing the right of access as fundamental); Nordgren v. Milliken, 762 F. 2d 851, 853 (10th Cir. 1985)("The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the constitution.")

Thus, this kind of prejudicial hindering of appropriate time in the facilities law library, undercuts access on all valid legal and constitutional matters, as here, petitioner spends every moment available to maintain his valid constitutional litigations before this Honorable Court in pursuing and maintaining this writ of habeas corpus against these rebellious

(6)

and above the law Respondent's, United States Parole Commission and their Agent's and Respondent, Custodian, Warden Fred E. Figueroa whom continuously limits our available time in the facilities law library. See e.g., Peterkin v. Jeffes, 855 F.2d 1021, 1023-33 (3d Cir. 1988); DeMallory v. Cullen, 855 F.2d 442, 444-46 (7th Cir. 1988); Abdul-Akbar v. Watson, 775 F. Supp. 735, 748 (D. Del. 1991), order vacated on other grounds, 4 F.3d 195 (3d Cir. 1993).

Wherefore, petitioner seeks Court Ordered time in the Facility Law Library at a minimum of 8 hours per day, 6 days per week until the conclusion of this matter before this Honorable Court.

Respectfully Submitted,

Adrian Williams-El
Adrian Williams-El, Pro Se - Petitioner
(D.C.D.C. #162-518 / Federal No. 97648-131)
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

(7)