United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se-Petitioner,
D.C.D.C.# 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E, E1B-20
Washington, D.C, 20003.

v.

Michael J. Gaines, Et Al., Chairman,
Edward F. Reilly, Jr., Et Al., Commissioner,
Cranson J. Mitchell, Et Al., Commissioner,
John Simpson, Et Al., Commissioner,
United States Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland, 20815; Respondent's;

And,

Warden Fred E. Figueroa, Custodian,
Warden C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E.,
Washington, D.C, 20003. Respondent (1)

Civil Action No.
1:05-CV-1387
The Honourable Judge:
Emmet G. Sullivan

Respondent's, United States Parole Commission
And Their Agent's Are Exhibiting Their Boldness
That They Are Truely Above The Law And
Are Fearless Of Their Illegal And Unconstitutional
Acts' Where They've Sought A Second Bite Upon
The Apple

A.) Respondents, Custodian, Warden Fred E. Figueroa, was served the Courts Show Cause Order by this Honorable Court's Command to Show Cause on August 8th, 2005, A.D., by the Honorable Judge Emmet G. Sullivan, said Show Cause Order was return to this Honorable Court unexecuted on 9/22/05, A.D. Petitioner is submitting a copy of the Courts electronic signature and a copy of the Courts Original Show Cause Order again, that Respondent, Custodian, Warden Fred E. Figueroa, cannot later state falsely that he was unserved. See exhibit (A) attached here.

B.) Respondent, Custodian, Warden Fred E. Figueroa, has and is currently violating credible law library time to petitioner where said law library is utilized only 6½ hours per week in violation set-forth under:

(2)

See exhibit (A), attached hereto.

The Court may in its discretion, direct the United States Marshal Service to personally serve upon Respondent, Custodian Warden Fred E. Figueroa, a copy of the original petition/complaint and a copy of this Honorable Courts Original Show Cause Order to complete certified service of process; to comply with the Civil procedure rules on service of process. We ask, that this Honorable Court expedite that process forthwith.

C.) We respectfully request a complete (Docket Report of all activity regarding this matter before this Honorable Court.

(D.) Respondent, Custodian Warden Fred E. Figueroa, has systematically undermine the alotted time for the facility's ("law library") time to complete research, shepardizing, organization of remedies, writing appropriate motions, making copies when available to a all time low of

(4)

C.) Respondents', United States Parole Commission and their

Agent's have sought A ("Second") bite upon the Apple for

the ("SAME") Alledged violation that these ("SAME") deceivers,

Respondents, United States Parole Commission and their Agent's

discovered on August 22nd, 2005, A.D., by their own

(" Revocation of parole Advocate examiner that their simply

Wasn't "Any" evidence to support A violation of parole by

this petitioner of Any Kind....") See Morrissey V. Brewer,

408 U.S. 471, 484, 486, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).

See Morrissey V. Brewer, 408 U.S. 471, 484-86, 92 S. Ct. 2593,

33 L. Ed. 2d 484 (1972)(parolees retain A liberty interest in their

freedom, and that such an interest requires that A determination

of probable cause be made promptly after the arrest of A parolee).

This requirement was further defined by the Court's decision in:

(4)

County of Riverside v. McLaughlin, 500 U.S. 44, 111 S. Ct. 1661,

114 L. Ed. 2d 49 (1991)( In County of Riverside, the Supreme Court

held that arrestees, whose suit under §1983 alleged that the county

had failed to provide prompt determinations of probable cause

and thus had violated due process, were entitled to such a finding

within 48 hours of arrest,) 500 U.S. at 45, 111 S. Ct. 1661.

The Court noted that it had previously established in:

Gerstein v. Pugh, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54

(1975), that the determination must be made promptly, and

defined promptly as a decision made within 48 hours. 500

U.S. at 45, 111 S. Ct. 1661.

The Supreme Court has also established that a parolee is

entitled to a final parole revocation hearing within a

reasonable time from the date of arrest. See Morrissey v.

(4-A)

illegally searched, illegally seized") in violation of petitioners federal constitutional rights under the fourth and fifth Amendments of the United States federal Constitution. See Malcolm v. United States, 332 A. 2d 917, 918 (D.C. 1975). See Also Brown v. Illinois, 422 U.S. 590 (1975).

Here, the government could not satisfy the heavy burden it must meet to satisfy the warrantless seizure of petitioner.

Petitioner was seized when he was stopped unjustifiably and held by police officers.

A seizure for fourth Amendment purposes occurs when a reasonable person, innocent of any crime, would not feel free to walk away from the police. See Smith v. United States, 558 A. 2d 312, 314 (D.C. App. 1989)(en banc). United States v. Mendenhall, 446 U.S. 544, 554 (1980).

(4-C)

In the formal (D.C. Superior Court Criminal Felony Case F-00041-05, *United States of America V. Adrian Williams*, the petitioner was illegally seized in that case while walking to a bus stop, accused of "rape" and "handcuffed." *See Prophet V. United States*, 207 A. 2d 1087 (D.C. 1992). Petitioner certainly did not feel free to move when he was confronted in that way. *See e.g. Keeten V. United States*, 635 A. 2d 903, 907 n. 10 (D.C. App. 1993).

Police had neither probable cause nor reasonable articulable suspicion to seize this petitioner.

In order for a seizure to be constitutional, the police must have had probable cause to believe that petitioner had committed a crime. *See Hayes V. Florida*, 470 U.S. 811 (1985); *Dunaway V. New York*, 442 U.S. 200 (1979).

(4-D)

See Also Rhoads v. McFerran, 517 F. 2d 66, 67 (2d Cir. 1975).

Thus, where Respondent's, United States Parole Commission, and their Agent's prejudicially dug themselves in a ditch to deep to climb out, is where they sought ("false testimony") or the ("perjured testimony") of the formal ("arresting Metropolitan Police Officer"), in formal (D.C. Superior Court Criminal Felony Case F-00041-05, to seek a ("second bite upon the Apple") for the ("same") alleged parole violator offense that these ("same") Respondent's, United States Parole Commission and their Agent's gain their probable cause to issue their parole violation warrant upon knowingly false allegations and perjured testimony orchestrated by the ("same") formal ("arresting Metropolitan Police Officer") in formal (D.C. Superior Court

(4-H)

Criminal Felony Case F- 00041-05, whom willfully lied about his ("reason's for stopping this petitioner for an alleged rape that never took place...") then continued to lie about having ("obstruct justice") by chasing off petitioners ("two white elderly gentlemen eyewitnesses to that illegal stop and unconstitutional seizure of this petitioner") whom went on to lie at petitioners formal Preliminary Hearing then assisted the government in obtaining their indictment by further perjuring himself before the Grand Jury of the Superior Court in the above entitled criminal felony case: F- 00041-05, and then finally getting caught lying under oath and admitting that he lied under cross-examination. See Petitioners Proceedings Transcripts from formal D.C. Superior Court Criminal Felony Case: F- 00041-05.

(4- I)

"A liberty interest inherent in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that 'the [prisoner] or as here the [parolee] be accorded due process.'" See Whitehorn v. Harrelson, 758 F. 2d 1416, 1420 (11th Cir. 1985)( quoting Gagnon, 411 U.S. at 781, 93 S.Ct. at 1759).

See Also Edwards v. Lockhart, 908 F. 2d 299 (8th Cir. 1990). The identification of the liberty interests that are protected by the Due Process Clause is a question of federal constitutional law: Memphis Light, Gas, & Water Div. v. Craft, 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L. Ed. 2d 30 (1978).

Thus, the injuries to petitioner here, by these outrageous

(4-J)

Witch hunters, Respondents, United States Parole Commission
And their Agents violates every procedural aspect of: Morrissey V.
Brewer, 408 U.S. 471, 484-86, 92 S.Ct. 2593, 33 L. Ed. 2d 484 (1972).

See Also Wolfel V. Sanborn, 666 F. 2d 1005 (1982).

Petitioner clearly identifies the dispositive characteristic
that marks the point at which the Due Process Clause
itself implies a liberty interest:

"it is the fact of release from incarceration...
the liberty associated with a life outside
the walls of a penal facility dwarfs that
Available to an inmate. It is the freedom
to "be gainfully employed," "to be with family
and friends," and "to form the other
enduring attachments of normal life." Morrissey
V. Brewer, 408 U.S. at 482, 92 S.Ct. at 2601.

(4-K)

It is the ability to reside in a home
of one's own, without bars or fences or
bonds, beyond the immediate authority
of guards or wardens. The passage
outside the walls of a prison does not
simply alter the degree of confinement;
rather, it works a fundamental change
in the kind of confinement, a transformation
that singals the existence of an inherent
liberty interest and necessitates the full
panoply of procedural protections outlined
in Morrissey. See e.g., id., at 481-84, 92
S. Ct. At 2600-02; See also Brennan v. Cunningham, 813
F. 2d 1, 5-6 (1st Cir. 1987) ("(T)he Court has found
independent constitutional liberty interests where total release
from institutional life has been revoked."); Whitehorn, 758

(4-L)

F. 2d at 1420-21 (same).

See Also United States v. Stephenson, 928 F. 2d 728, 732 (6th Cir. 1991)(finding inherent liberty interest in continued placement in supervised release program that allowed convicts to live in society.)

See Also Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L. Ed. 2d 935 (1974).

Here, Respondents, United States Parole Commission and their Agents to undermine their own origional findings of the August 22nd, 2005, A.D., federal parole revocation hearing by their own federal revocation of parole examiner is to great a taint of fundamental due process for these Racial Witch hunters to overcome. See (Duckett v. Quick, 282 F. 3d 844, 847 (D.C. Cir. 2002)(citing (Douglas v. Buder,

(4-M)

412 U.S. 430, 432 (1973)("holding that revocation of probation 'totally devoid of support' (as here) violates due process")). Clearly, Respondents, United States Parole Commission and their Agents seeking a ("second bite upon the same Apple for the same Alledged violation that was decided by one of their own on August 22nd, 2005, A.D., is an overwhelming "Abuse of discretion" by these Respondents. In this jurisdiction it is a fundamental Axiom of the doctrine of constructive possession that mere presence alone is not enough. United States v. Richardson, 161 F. 3d 728, 731-32 (D.C. Cir. 1998)("Generally, neither 'mere proximity' to nor 'mere knowledge of the presence' of contraband alone is enough to prove constructive possession." (citations omitted)); Bernard v.

(4-N)

United States, 575 A. 2d 1191, 1195 (D.C. 1990)("To establish constructive possession it is not sufficient for the prosecution to show that [the individual was] within reach of drugs; mere proximity to an illegal item is not enough.") To prove constructive possession, it must be adduced that the petitioner not only knew that the contraband was inside the bag, but that he had "the ability to exercise knowing 'dominion and control'" over the contraband. Richardson, 161 F. 3d at 731 (citations omitted); See Rivas V. United States, 783 A. 2d 125, 129 (D.C. 2001)(en banc)(requiring both knowledge and "both the ability and the intent to exercise dominion or control over it.") Rivas, 783 A. 2d at 130 (quoting United States V. Pardo, 636 F. 2d 535, 549 (1980).

(4-0)

Thus, Petitioner should be legally entitled to a copy of Respondents', United States Parole Commission and their Agent's Recovation of parole hearing tape of this petitioners parole Revocation hearing of August 22nd, 2005, A.D., and where petitioner should be allowed a _copy free_: _See Griffin V. Illinois_, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L. Ed. 891 (1956).

Said should be forthwith admitted into evidence for this Honorable Courts review, evidence for petitioner should be Ordered by this Honorable Court to gain rightful control over said (" federal revocation hearing proceedings of this petitioners federal revocation of parole hearing held on August 22nd, 2005, A.D., by Respondents' and their Agents.")

(4-P)

Here, Respondents, United States Parole Commission and their Agents are desperate in their attempts to now cover <u>truth</u> with falsehood. These <u>evil doer's</u> think not of consequences, for desperate men like these Respondents; United States Parole Commission and their Agents do harmful, desperate things as exhibited here by these <u>evil doer's</u>, whom already act as though they are indeed above the laws of common man and dare anyone to challenge their illegal and unconstitutional acts exhibited here in this valid matter before this Honorable Court.

Thus, the federal court is faced with this federal question:
Are these evil doer's truely above the law?
Are they not held accountable for their illegal and unconstitutional acts exhibited here?

(4-P-1)

See Canett V. Multnomah County, 141 F. Supp. 2d 1046
(2001); Bean V. Kautzky, 305 F. 3d 802 (8th Cir. 2002).

Here, Respondent's, United States Parole Commission and their
Agents' have exhibited an evil motive to pursue this
petitioner by any and all means illegally and unconstitutionally
to violate petitioners parole.

Here, Respondent's, United States Parole Commission and their
Agents' sought a ("second") bite upon the ("same") Apple
for the ("same") alleged violation that their own federal
parole revocation examiner on August 22nd, 2005, A.D., ("found
no credible or valid evidence to support "any" violation of
parole by this petitioner...") and the only way that can change
if Respondent's, United States Parole Commission and their Agents',
injest the ("second hearing with falsity") to undermine the August 22nd

(4-B)

2005, A.D., proceedings with tainted falsity and or perjured testimony in their illegal and unconstitutional quest to revoke petitioners parole.

It is now certainly clear, that someone within the Respondents, United States Parole Commission and their Agents now seek to further taint the Revocation process with falsities to undermine their own findings at the August 22nd, 2005, A.D. Revocation of parole hearing to unjustly, illegally and unconstitutionally revoke petitioners parole orchestrated by their evil capricious, vindictive, and prejudicial motive that threatens to closeted the original valid findings by its own ("federal parole revocation examiner") on August 22nd, 2005, A.D., to undeniably revile their own valid findings in their poisonous corruption and queer quest to taint

(5)

the ("truth") presented at their own ("revocation of parole hearing held on August 22nd, 2005, A.D.,") with their prejudicial scatterbrained schemes to scandalously undermine the ("truth") by ("closeting their origional valid findings on August 22nd, 2005, A.D.,") by injecting their prejudically vindictive, evil motive to interject the ("truth") or replace it with "falsity" to invalidate their own origional findings at their own origional ("parole revocation hearing on August 22nd, 2005, A.D.,") and revoke petitioners parole on their own self-manufactured "untruth's," "falisities" and "perjury."

Respectfully Presented By,

Adrian Williams-El

Adrian Williams-El, Pro Se- Petitioner

@ D.C.D.C. # 162-518 / Federal No. 97648-131

(6)

The "Witch Hunt:" See The Case of Priscilla Marsh, in or around our load, 1692, State of Massachusetts, she was hanged on the orders of Cotton Hanting when she was just 30 years old. She had been dead less than a day when evidence of her innocence had arrived. Priscilla Marsh hadn't been teaching the young ladies of her neighborhood witchcraft, But how to cure earaches. Her death should have been a lesson to future representives of these Respondents, United States Parole Commission and their Agents, past and present, But alas, old habits are hard to give up as exhibited here by these Racist Respondents.

Respectfully Presented By:

Adrian Williams-El

Adrian Williams-El, Pro Se-Petitioner
D.C. D.C. # 162-518/ Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

(7)

# Declaration Of Oath

I, _Adrian Williams-El_, Being Of Sound Mind, Do Verify, Certify, Swear Under Penalty Of Perjury That The Information And Statements Made Here By Me Are True And Correct To The Best Of My Knowledge And To That They Are True.

_Adrian Williams-El_

Adrian Williams-El, Swearee

D.C.D.C # 162-518

Federal No. 97648-131

This Being The 3rd

Day of _November_ 2005, A.D.

_Adrian Williams-El_

Adrian Williams-El, Pro Se Petitioner

D.C.D.C # 162-518

Federal No. 97648-131

(8)

Certificate of Service

I in in to certify, verify that a true and correct copy of this matter was mailed to: Michael Stover, General Counsel, United States Parole Commission, 5550 Friendship Blvd, Chevy Chase, Maryland, 20815, this 3rd day of November 2005, A.D., United States Attorney Office, 555 Fourth Street, N.W., Washington, D.C., 20004; this 3rd day of November, 2005, A.D., Warden Fred E. Figueroa, Custodian, Warden C.C.A. (D.C.) C.T.F., 1901 "E" Street, S.E., Washington, D.C., 20003; this 3rd day of November 2005, A.D.

Adrian Williams-el -cf
Adrian Williams-el, Pro Se - Petitioner
D.C.D.C.# 162-518
Federal No. 97848-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

(9)

Adrian Williams-El    V.    Michael J. Gaines, Et Al.

Civil Action No. 1:05-CV-1387

The Honourable Judge:

Emmet G. Sullivan

Exhibit (A)



DCD_ECFNotice@dcd .uscourts.gov

08/08/2005 01:47 PM

To    DCD_ECFNotice@dcd.uscourts.gov

cc

bcc

Subject    Activity in Case 1:05-cv-01387-EGS WILLIAMS-EL v. GAINES et al "Order"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. District Court**

**District of Columbia**

Notice of Electronic Filing

The following transaction was received from ah, entered on 8/8/2005 at 1:47 PM and filed on 8/8/2005

**Case Name:**    WILLIAMS-EL v. GAINES et al
**Case Number:**    1:05-cv-1387
**Filer:**
**Document Number:**    3

**Docket Text:**
ORDER directing respondents to show cause within 30 days of service why the writ of habeas corpus should not issue; directing court officers to effectuate service of the order and the petition upon the respondents. Signed by Judge Emmet G. Sullivan on 8/8/05. (ah)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Williams-El.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=8/8/2005] [FileNumber=849256-0] [ 95e85c989629de3e17cdd77e1da3ea4f9f730bbeeabaf698a1360adc4e276ef877eb7c 1de09818111339aa469f4cbc4919e3e59537d8cf59cc8509685abb6ab5]]

**1:05-cv-1387 Notice will be electronically mailed to:**

**1:05-cv-1387 Notice will be delivered by other means to:**

ADRIAN C. WILLIAMS-EL
R97648-131

1901 E Street, SE
Medical Unit 82-15
Washington, DC 20003

Case 1:05-cv-01387-EGS   Document 3   Filed 08/08/2005   Page 1 of 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ADRIAN WILLIAMS-EL,                         )
                                            )
                   Petitioner,              )
                                            )
          v.                                )          Civil Action No.  05-1387
                                            )
MICHAEL J. GAINES, CHAIRMAN,                )
UNITED STATES PAROLE COMMISSION             )
*et al.*,                                   )
                                            )
                   Respondents.             )

## ORDER DIRECTING RESPONDENT TO SHOW CAUSE

Pursuant to 28 U.S.C. § 2243, it is this 8th day of August 2005,

ORDERED that respondent, by counsel, shall, within 30 days of service of a copy of

this Order and the Petition, file with this Court and serve on the petitioner a statement showing

why the Writ of *Habeas Corpus* should not issue.

The Clerk of Court is directed to furnish a copy of the Petition and a certified copy of

this Order to the United States Marshal for the purpose of making service of same on

petitioner's warden, the United States Parole Commission, and the United States Attorney for

the District of Columbia.

                              SIGNED:     EMMET G. SULLIVAN
                              UNITED STATES DISTRICT JUDGE

United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se- Petitioner
D.C. D.C. #162-518
Federal No. 97648-131

V.

Michael J. Gaines, Et Al, Chairman,
United States Parole Commission, Respondents;

and

Warden Fred E. Figueroa, Custodian,
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E.
Washington, D.C., 20003, Respondent.

Civil Action No.

1:05-CV- 1387

The Honorable Judge
Emmet G. Sullivan

Order

It Being This ___ Day of _____ 2005, A.D.,
So Ordered: That The Relief Sought By Petitioner
Is Granted.

(1) _____
U.S. District Ct. Judge Emmet G. Sullivan