United States District Court
for the District of Columbia

| | |
|---|---|
| Adrian Williams-El, Pro Se - Petitioner, <br> D.C.D.C # 162-518 <br> Federal No. 97648-131 <br> C.C.A (D.C) C.T.F. <br> 1901 "E" Street, S.E., E1B-20 <br> Washington, D.C. 20003, <br><br> v. <br><br> Michael J. Gaines, Et Al., Chairman, <br> United States Parole Commission, Et Al., <br> Respondent's. | Civil Action No. 05-1387 <br><br> The Honorable Judge: <br><br> Emmet G. Sullivan |

The Dr. Jackal And Mr. Hyde Syndrome Of The United States Parole Commission And Their Agent's Capriciousness And Repetition Or Reptitiousness In Failing To Adhere To Their Own Regulations, Policies, Rules, Procedures And To Court Orders For Over Thirty (30) Years Of Recklessness Mandates Relief

Comes now, the Pro se petitioner, Adrian Williams-El, whom respectfully moves this Honorable Court in the above entitled petition (1)

Pursuant to Federal Rules of Civil Procedure 5 And 11. As grounds for this petition the pro se petitioner Adrian Williams-El, D.C.D.C. # 162-518, Federal No. 97648-131, respectfully states:

## Final Analysis

A.) On November 9th, 2005, A.D., here at the C.C.A. (D.C.)C.T.F. Facility, Respondents, United State Parole Commission held their ("Second") parole revocation hearing against this petitioner Adrian Williams-El, D.C.D.C. # 162-518, Federal No. 97648-131, A ("Second") time for the ("same") Alleged violation that was presented at the original federal parole revocation proceeding held August 22nd, 2005, A.D.

B.) The November 9th, 2005, A.D., "federal parole revocation hearing" was an allegiance as the August 22nd, 2005, A.D., "federal parole revocation hearing" where petitioner was ("exonerated from any wrong doing") and that their was ("No

(2)

evidence to support any violation of parole orchestrated by this parolee-petitioner.") See *Morrissey v. Brewer*, 408 U.S. 471, 484, 486, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972).

C.) Here, Respondents, United States Parole Commission and their Agents' in their repetitiousness to take a ("second") bite upon the ("same") Apple for the ("same") alleged violation that was originally resolved in favor of this petitioner on August 22nd, 2005, A.D., by Respondents, United States Parole Commission and their Agents' regarding their own ("federal parole revocation examiner whom on August 22nd, 2005, A.D., found no evidence to warrant a violation of petitioners parole ....,") again more than 80 days after the original findings of the August 22nd, 2005, A.D., hearing ..., found for the ("second") time upon the ("same") alleged violation the ("same") findings on November 9th, 2005, A.D., ("that their was no evidence anywhere to support any violation of parole by this petitioner...")

(3)

Petitioner was ("again") Ordered forthwith, expedited to re-instatement of parole for the ("second") time around. The Supreme Court in Morrissey v. Brewer, 408 U.S. 471, 484-86, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972), held that parolees retain a liberty interest in their freedom... which has been delayed unfairly and unconstitutionally by the repugnant repetitiousness orchestrated by these Respondents. See County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed. 2d 49 (1991); Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54 (1975); Long v. Gaines, 167 F. Supp. 2d 75 (D.C. 2001). See Also Ash v. Reilly, 354 F. Supp. 2d 1 (D.D.C. 2004). See U.S.C.A Const. Amend. X.

(D.) Here, Respondents, United States Parole Commission, and their Agents were allowed the gross physical, mental realm of

(3-A)

Playing God, by Russian-Roulette tactics regarding the "life" and "physical health" of this petitioner regarding his "serious heart problems" where Respondents knew or should have known the "seriousness of their delays upon petitioners physical health" in their continued failures to provide petitioner his ("heart medications") on time, coupled with their failures to provide petitioner his ("high blood pressure medications") on time that constantly played a touch and go danger in their Russian-Roulette tactic's, with petitioners "life" and "health."

See U.S.C.A. Const. Amend. VIII.
U.S.C.A. Const. Amend. V.

All the while this Honorable Court has sat back and watched. (F.) Clearly, Respondents, United States Parole Commission and their Agents were allowed to play God's and demonstrate to everyone that they are "truely above the law."

Respectfully Submitted,

(3-B)

This 15th day of November 2005, A.D.

_Adrian Williams-El_
Adrian Williams-El, Pro Se Petitioner
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003

## Sworn Declaration

I, Adrian Williams-El, D.C.D.C. # 162-518, Federal No. 97648-131, Being Of Sound Mind, Do Certify, Verify, Swear Under Penalty of Perjury That The Information And Statements Made Here By Me Are True.

_Adrian Williams-El_
Adrian Williams-El, Swearer
D.C.D.C. # 162-518
Federal No. 97648-131

(4)

## Certificate of Service

This is to certify, verify that a true and correct copy of this petition was mailed postage pre paid to: Sherri L. Berthrong, Assistant United States Attorney, Special Proceedings Section, 555 4th Street, N.W., Washington, D.C., 20530; Room 10-450; this 15th day of November 2005, A.D., And: Michael Stover, General Counsel, United States Parole Commission, 5550 Friendship Blvd., Chevy Chase, Maryland, 20815; this 15th day of November 2005, A.D., And: Custodian-Warden Fred E. Figueroa, Warden C.C.A. (D.C) C.T.F., 1901 "E" Street, S.E., Washington, D.C., 20003; this 15th day of November 2005, A.D.

Adrian Williams-El
Adrian Williams-El, Pro Se Petitioner
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C. 20003

(5)

United States District Court
For The District of Columbia

Adrian Williams-El, Pro Se- Petitioner,
D.C.D.C. # 162-518
Federal No. 97648-131
C.C.A. (D.C.) C.T.F.
1901 "E" Street, S.E., E1B-20
Washington, D.C., 20003;

v.

Michael J. Gaines, Et Al., Chairman,
United States Parole Commission, Et Al.,
Respondents.

Civil Action No. 05-1387(EGS)

Order's

It Is This ___ Day of _____ 2005, A.D.,
So Ordered: That The Writ Of Habeas Corpus Be And Is Granted.

It Is Further Ordered: That The United States Marshals Shall Forthwith Bring forth The Petitioner And All Of

(1)

His Personal Property.

It Is Further Ordered That Respondent-Custodian Warden Fred E. Figueroa Is Ordered To Forthwith Give This Petitioner Ninety (90) Days Worth Of His Heart And Highblood Pressure Medications Until Petitioner Can Regain A Balance Back Within The Community.

It Is further Ordered That Assistant United States Attorney Sherri L. Berthrong Forthwith Bring Forth All Of This Petitioners Personal Property And Monitary Property from formal D.C. Superior Court Criminal Felony Case F-00041-05 And Petitioner Will Be Permitted To Enumerate Said And If Any Of Said Is Missing You Are Ordered To Forthwith Reimburst Or Gather Whatever Missing

(2)

Thereby, Personal Property Or Monitary Property Or Both And Charge Said To The City Of The District Of Columbia forthwith.

Finally, It Is Ordered That The Conditions of Petitioners Conditional Released Be Modified Where Petitioner Will No Longer Be Required To Produce Urine Samples, And Is Only Required To Report To His Parole Officer Once Every Six Months.

Petitioner Is Ordered Freed This Day of _____

_____ 2005, A.D.

                        Emmet G. Sullivan
                        U.S. District Court Judge

(3)