United States District Court
For the District Of Columbia

Adrian Williams-El,
    Petitioner,

v.

Michael J. Gaines, Chairman,
United States Parole Commission,

    Et Al, Respondents.

Civil Action No.
05-1387(EGS)

Petitioner's Memorandum Response to the
United States Parole Commission's Opposition to
Petitioner's Petitions for A Writ Of Habeas Corpus

A. Contrary to the United States Parole Commission's Answer,
Petitioner Adrian Williams-El, pro se, has never in this
matter challenged his convictions, nor any formal history as

(1)

his formal prior convictions in this matter. What petitioner challenged here was the United States Parole Commission's ("probable cause findings to issue it's warrant upon knowingly false allegation's and perjured testimony, that it knew was false allegation's orchestrated by the ("same arresting police officer from formal (D.C. Superior Court Criminal Case F-00041-05,") that is or was the Nut-shell of the Alleged violation.")

See Napue V. Illinois, 360 U.S. 264 (1959).

See (Violations of 18 U.S.C.A. §1621.

See Also Morrissey V. Brewer, 408 U.S. 471, 484-486, 92 S.Ct. 2593, 33 L. Ed. 2d 484 (1972).

What the United States Parole Commission has failed to present, was that the Original formal criminal felony case occured, in formal (D.C. Superior Court Criminal Case F-00041-05, on the

Morning of January 1, 2005, A.D. It wasn't until mid January or early February of 2005, A.D., from formal (D.C. Superior Court Criminal Case F-00041-05, that the said formal "arresting Metropolitan Police Officer admitted that he'd lied on this petitioner." See Petitioner's Evidence of the Hearing Transcript provided this honorable court revealed that said formal ("arresting Metropolitan Police Officer admitted he'd lied against this petitioner.") Evidence from formal (D.C. Superior Court Criminal Case F-00041-05.

Thus, that evidence was presented the petitioner's parole officer before said parole officer sought a violator warrant against this petitioner. Thus, Respondent's, United States Parole Commission had in it's "possession," the "damnable evidence," that the formal ("arresting Metropolitan Police Officer") had willfully lied against this petitioner prior to any issuance of a parole violative warrant by the United States Parole Commission.

(3)

In *Superintendent, Mass. Connectional Institution at Walpole V. Hill*, 472 U.S. 445, 455-457, 105 S.Ct. 2768, 86 L. Ed. 2d 356 (1985) ("Under the some evidence standard, the focus is exclusively on the factual basis supplied by the Executive to support its own determination...explaining that the some evidence standard "does not require" a "weighting of the evidence," but rather calls for assessing "whether there is any evidence in the record that could support the conclusion").

That is a very important (Key) factor, here, it was the ("substance of the allege claim of wrongful conduct or (act thereof") that should constitute due process or probable cause to either move forward or delay the issuance of a warrant. *See Long V. Gaines*, 167 F. Supp 2d 75 (D.C. 2001)(*see* "Statement of Michael Stover," 7/16/01 Tr. At 83... "I think that it is absolutely clear that as we have defined satisfactory evidence, and in fact the Chairman said so in a published

(4)

regulation, that the two are equivalent.") The Commission's procedures, governed by 28 C.F.R. § 2.98, and § 2.101, provide for a multifaceted determination of probable cause. First, before a parole violation warrant is issued, the regulations require that the Commission find that "satisfactory evidence" exists that the parolee has committed the alleged parole violation. The Commission's handbook specifically states that the satisfactory evidence requirement is "less stringent than the probable cause standard." United States Parole Commission Rules & Proc., Man. at 211. However, all that changed by admission of the General Counsel, Mr. Michael Stover, the Commission's own General Counsel in the: Long V. Gaines, 167 F. Supp. 2d 75 (D.C. 2001) (Statement of Michael Stover, 7/16/01 Tr. At 83)(whom stated: "I think that it is absolutely

(5)

clear that as we have defined satisfactory evidence, and in fact the Chairman said so in a published regulation, that the two are equivalent." Statement of Michael Stover, 7/16/01 Tr. at 83.")

In addition to this initial determination of satisfactory evidence, the Commission's regulations call for a more comprehensive determination of probable cause. Either someone fell asleep at the switch in making this so-called more comprehensive determination of probable cause, or knowingly false allegations or perjured testimony is the nut shell to probable cause in this case.

See 28 C.F.R. § 2.101(a).

Thus, Respondents, United States Parole Commission and their Agents are guilty of the solicitation of knowingly false allegations and perjured testimony in their attempt to have petitioners parole revoked in their proffer of the false allegations and perjured testimony to justify a violation of petitioners parole. See

(6)

_United States V. Gross_, 511 F. 2d 910, _Certiorari denied_, 96 S. Ct. 266, 423 U.S. 924, 46 L. Ed. 2d 249.

The Respondents, United States Parole Commission and their Agents can't have it both ways, they are guilty of _subornation of perjury_. From the _on-set_ of seeking the parole violative warrant in the _first-instance_ in this case, to their _promotion of knowingly false allegations and the perjurious testimony_ from the formal "_Arresting Metropolitan Police officer_" in formal D.C. Superior Court Criminal Case _F-00041-05_, in their attempt to _gain_ and _promote_ a _wrongful result_ and further _detain_ petitioner upon what they, Respondents, United States Parole Commission and their agents _knew_ or _should have known_ was an _unconstitutional detainment_ of this petitioner, upon _knowingly_ "_false Allegations_" and "_perjurious testimony._"

(7)

And to add insult to further injury, Respondents, United States Parole Commission and their Agents failed to lission to the recommendations of their own parole revocation examiner on August 22nd, 2005, A.D., (that found no evidence of any wrong doing by this petitioner to warrant violation of his parole") and then the ("same") result was reached a second time on November 9th, 2005, A.D., that their was ("no evidence to find that petitioner violated his parole") again petitioner was recommended reinstated forthwith.

Respondents, United States Parole Commission, and their Agents lied in stating that this petitioner was identified by "any" witnesses in formal @ D.C. Superior Court Criminal Case F-00041-05.

On June 1, 2005, A.D., the Assistant United States Attorney in formal @ D.C. Superior Court Criminal Case F-00041-05 stated for

the Record that this petitioner never fitted the description of the complaintant witnesses, whom stated that the suspect was 6'5" or 6'6", 185 pounds, no facial hair, extreemly dark completion, 18 to 25 years of age.

Again, this petitioner is 5'10", 235 pounds, grayblack beard, brown completion, 57 years of age.

Where the suspect was said to be _swift on foot_... this petitioner could _barely walk_ and has serious _breathing problems_.

The Assistant United States Attorney prosecuting formal (D.C. Superior Court Criminal Case F-00041-05, on June 1, 2005, A.D., admitted before the Court that this petitioner _should never have been stoped, should have never been searched nor seized._ See _Closing Statements_ from formal Assistant United

(9)

States Attorney in formal (D.C. Superior Court Criminal Case
F-00041-05. Thus, Respondents, United States Parole
Commission and their Agents attempted to capitalize off Knowingly
false allegations and perjured testimony to bring about an
unjust result to deny petitioners Parole.

In so doing, Petitioner's "liberty interest" or
"conditional liberty interest" was threaten by these Respondents
illegally and Unconstitutionally, and said authorities continue to
"detain Petitioner illegally and Unconstitutionally." See Morrissey V.
Brewer, 408 U.S. 471, 484, 486, 92 S.Ct. 2593, 33 L. Ed. 2d 484
(1972)(parolees retain a liberty interest in their freedom...)

"A liberty interest inherent in the Constitution arises when
a prisoner has acquired a substantial, although conditional,
freedom such that the [prisoner] or as here the [parolee] be

(10)

Accorded due process." See Whitehorn v. Harrelson, 758
F. 2d 1416, 1420 (11th Cir. 1985)(quoting Gagnon, 411 U.S. at 781,
93 S.Ct. At 1759). See Gagnon v. Scarpelli, 411 U.S. 778,
785, 93 S.Ct. 1756, 36 L. Ed. 2d 656 (1973).

Petitioner, clearly identifies the dispositive characteristic
that marks the point at which the Due Process Clause
itself implies a liberty interest.

"it is the fact of release from incarceration...
The liberty associated with a life outside
the walls of a penal facility dwarfs that
available to an inmate. It is the freedom
to "be gainfully employed...(as petitioner was,)
"to be with family and friends," (as petitioner was,)
And "to form the other enduring attachments
of normal life," ("that petitioner was.") See

_Morrissey_ V. _Brewer_, 408 U.S. at 482,
92 S.Ct. at 2601.

"It is the ability to reside in a home of one's own
("as petitioner once had...;") without _bars_ or _fences_ or _bonds_,
beyond the immediate authority of _guards_ or _wardens_, ("as
petitioner once had...,") The _passage_ outside the walls
of a prison does not simply alter the degree of confinement,
Rather, it works a fundamental change in the kind of
confinement, a transformation that signals the existence of an
inherent liberty interest and necessitates the full panoply
of procedural protections outlined in: _Morrissey_. _See_ _e.g._, _id_,
at 481-84, 92 S.Ct. at 2600-02.

See _Also_ _Brennan_ V. _Cunningham_, 813 F. 2d 1, 5-6 (1st
Cir. 1987) ("(T) he Court has found independent constitutional

(12)

liberty interests where total release from institutional life has been revoked.") <u>Whitehorn</u>, 758 F. 2d at 1420-21 (same).

See Also <u>United States v. Stephenson</u>, 928 F. 2d 728, 732 (6th Cir. 1991)( finding inherent liberty interest in continued placement in supervised release program that allowed convicts to live in society.) Respondents, United States Parole Commission and their Agents, in taking a ("second") bite of the ("same") Apple for the ("same") alleged violation was clearly an <u>abuse of discretion</u>, prejudically outside the August 22nd, 2005, A.D., original revocation hearing here upon a foundation of knowingly "false allegations" and "perjurious testimony" can be anything less than racial. See <u>Duckett v. Quick</u>, 282 F. 3d 844, 847 (D.C. Cir. 2002)(citing <u>Douglas v. Buder</u>, 412 U.S. 430, 432 (1973)(

"holding that revocation of probation "totally devoid of support" violates due process.")

See Also Harper V. Young, 64 F. 3d 563 (C.A. 10 (Okla.) 1995), the Due Process Clause shields from this Kind of "arbitrary" or "capricious" deprivation those facets of a convicted criminal's existence that qualify as "liberty interests." See Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972).

See Also Edwards V. Lockhart, 908 F. 2d 299 (8ᵗʰ Cir. 1990), Hewitt V. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 868, 74 L. Ed. 2d 675 (1983).

See The Federal Prisoner's Right to a Due Process Hearing Before Work-Release Revocation, 15 U.S.F.L. Rev. 617, 617 n. 1 (1981). See S. Rep. No. 613, 89ᵗʰ Cong., 1st Sess. 5, reprinted in 1965 U.S. Code Cong. & Admin. News 3076, 3079 (discussing the federal work release program). (14)

"A Liberty interest inherent in the Constitution arises when a prisoner has acquired a substantial, although conditional, freedom such that the loss of liberty entailed [by its revocation] is a serious deprivation requiring that the [prisoner] be accorded due process." See Also Morrissey. See, e.g., id., at 481-84, 92 S.Ct. at 2600-02; See Also Brennan v. Cunningham, 813 F.2d 1, 5-6 (1st Cir. 1987)("[T]he Court has found independent Constitutional liberty interests where total release from institutional life has been revoked.")

See Also Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed. 2d 935 (1974). Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed. 2d 356 (1985).

There is nothing, absolutely nothing this petitioner has discovered that authorizes probable cause to be founded upon knowingly

(15)

"false allegations" or "perjured testimony" in over 400 historical years of habeas corpus law, not within the colonist of these United States nor during the Kings bench of the Knights of the Round Table has it been permissible to establish probable cause upon knowing "false allegations" and or "perjured testimony." Such a foundation would be political suicide. See U.S.C.A. Const. Amend. V.

B.) Respondents, United States Parole Commission and their agents falsely stated that this petitioner was not prejudice by the delay that was not a cause by counsel's continuance until after the thought to be criminal trial in formal D.C. Superior Court Criminal Case F-00041-05, dismissed with prejudice June 1, 2005, A.D.

(16)

What Respondent's Attempted to do here, was to conseal the fact that their Parole Violation Warrant Was issued after it became clear that this petitioner, Coupled with two investigators were out Attempting to locate petitioner's "two elderly white eyewitnesses" Whom Would have exposed the government's case in formal F-00041-05, for the set-up And sham it factually Was. So, to off-set the Honorable Superior Court Judges HolzMANis decision in releasing this petitioner on bail, And to stop petitioner from re-locating his "two elderly white eyewitnesses" the Respondents, United States Parole Commission And their Agents issued the Warrant upon such Inconstitutionally infirm grounds, to keep petitioner from re-locating those two critical eyewitnesses; And thus petitioner Was indeed prejudice by it.

(17)

It can be stated, that Respondent's, United States Parole Commission and their Agent's aided the formal "Arresting Metropolitan Police Officer" in formal D.C. Superior Court Criminal Case F-00041-05, in "obstruction of justice" by unconstitutionally detaining Petitioner from reaching, locating the "two critical elderly white eyewitnesses" and calming their fears that the police could not continue to threaten them to stop them from coming forward and telling the truth. A truth that Respondent's, United States Parole Commission and their Agent's to have revealed, or rather they did all they could do to prevent the truth of what took place that morning on January 1, 2005, A.D., from being told. Thus, We view these Respondents, United States

(18)

Parole Commission and their Agent's as Nothing less than Accomplices to the "obstruction of justice."

C.) Petitioner was prejudice by the unusual delay from the August 22nd, 2005, A.D., origional revocation hearing to the ("Second") hearing upon the ("Same") Alleged violation. The ("Second") hearing took place November 9th, 2005, A.D., upon the ("Same") Alleged violative offense and again Respondent's Revocation Examiner "found no evidence to Warrant that this petitioner ever Violated his parole." Petitioner for the ("Second") time was recommended forthwith ("reinstated,") on November 9th 2005, A.D., which to date has yet to be accomplished. See Gerstein v. Pugh, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975). See Also Barker v. Wingo, 407 U.S. 514, 531, 92 S. Ct. 2182,

(19)

33 L. Ed. 2d 101 (1972); Rouse V. Cameron, 373 F. 2d 451, 457 (D.C. Cir. 1966); (Detainees of Brooklyn House of Detention for Men V. Malcolm, 520 F. 2d 392 (2nd Cir. 1975). See United States ex rel. Sims v. Sielaff, 563 F. 2d 821 (1977). Violation of 28 C.F.R. § 2.103 (A) and 28 C.F.R. § 2.105 (C).

Respondents, United States Parole Commission and their Agents After the original parole revocation hearing on August 22nd, 2005, A.D., violated 28 C.F.R. § 2.101 (d)(2), Although here petitioner has never been found to have violated a single condition of his parole and had petitioner been "white," their never would have been a ("second bite upon the same Apple for the same alleged violation,") As was the prejudicial case here on November 9th, 2005, A.D., where again petitioner Underwent the prejudical toils of a ("second revocation hearing for the same alleged violation,") and petitioner was again found to not have violated a single rule and

(20)

for the ("second") time forthwith recommended petitioners immediate reinstatement to parole forthwith, At present to no avail, petitioner and petitioners family are held in limbo. See (Dent v. State of West Virginia, 9 S. Ct. 231, 129 U.S. 114, 32 L. Ed. 623 (1889).

See Also Morrissey v. Brewer, 408 U.S. 471, 484, 486, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S. Ct. 1756, 1759, 36 L. Ed. 2d 656 (1973), Herbert v. Louisiana, 272 U.S. 312, 316, 317 S., 47 S. Ct. 103, 48 A.L.R. 1102. See e.g., (Darnel's Case ["Five Knights' Case"] 3 How. St. Tr. 1, 59 (K. B. 1627).

(2.) Respondents, United States Parole Commission and their Agents again lied to the Court by attempting to mislead the Court down the erronious path of: Maddox v.

(21)

_Elzie,_ 238 F. 3d 437 (D.C. Cir. 2001).

We call this Honorable Court's attention to: _Ash v. Reilly,_ 354 F. Supp. 2d 1 (D.D.C. 2004).

E.) Finally, petitioner agree's that Respondent Warden Fred E. Figueroa, is petitioners custodian, and whom was served by the United States Marshal's. _See Rumsfeld v. Padilla,_ — U.S. —, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004).

_See Also Ex parte Endo,_ 323 U.S. 283, 65 S. Ct. 208, 89 L. Ed. 243 (1944).

F.) Finally, petitioner is rightfully, legally and constitutionally entitled to the relief he justly seek's. _See United States ex rel. De Lucia v. O' Donovan,_ 178 F. 2d 876 (1950).

_See Also Hamdi v. Rumsfeld,_ 124 S. Ct. 2633 (2004).

(22)

United States ex rel. Brown v. Rundle, 427 F. 2d 223 (1970);

Davis v. Pitchess, 388 F. Supp. 105, Affirmed, 518 F. 2d 141,

Reversed on other grounds, 95 S. Ct. 1748, 421 U.S. 482,

44 L. Ed. 2d 317 (1974); United States ex rel. Sims v.

Sielaff, 563 F. 2d 821 (1977); Long v. Gaines, 167 F. Supp.

2d 75 (D.C. 2001); Gant v. Reilly, 2002 (DDC 235

(D.D.C. 2002).

See Also Washington v. Glucksberg, — U.S. —, —, 117

S. Ct. 2258, 2268, 138 L. Ed. 2d 772 (1997)(quoting

Palko v. Connecticut, 302 U.S. 319, 325, 58 S. Ct. 149, 151-52,

82 L. Ed. 288 (1937); Poe v. Ullman, 367 U.S. 497, 542-

43, 81 S. Ct. 1752, 1776-77, 6 L. Ed. 2d 989 (1961).

Rochin v. California, 342 U.S. 165, 172, 72 S. Ct. 205, 209-

10, 96 L. Ed. 183 (1952); Black v. Lane, 22 F. 3d 1395,

(23)

1403 (7th Cir. 1994). See also Cole V. Johnson, 861 F.2d 943, 949 (6th Cir. 1988); Franco V. Kelly, 854 F.2d 584, 589 (2d Cir. 1988).

See Burton V. Livingston, 791 F.2d 97 (8th Cir. 1986).

Wherefore, petitioner is constitutionally and legally entitled to be free of the arbitrary abuse in authority by these Respondents, United States Parole Commission and their Agents. Their malicious prosecution of petitioner over and over again on clearly false allegations and perjurious testimony warrants petitioners immediate release.

Respectfully submitted,

Adrian Williams-El

Adrian Williams-El, Pro Se- Petitioner

D.C.D.C. # 162-518

Federal No. 97648-131

C.C.A. (D.C.) C.T.F.

1901 E Street, S.E., E1B-20

(24)

Washington, D.C., 20003.

This being the 23rd day of November ———— 2005, A.D.

_Adrian Williams-El_

Adrian Williams-El, Pro Se - Petitioner

D.C.D.C.# 162-518

Federal No. 97648-131

C.C.A. (D.C.) C.T.F.

1901 E Street, S.E., E1B-20

Washington, D.C., 20003.

## Sworn Declaration

I, _Adrian Williams-El_ , D.C.D.C.# 162-518, Federal No. 97648-131, Being Of Sound Mind, Do Verify, Certify, Swear Under Penalty Of Perjury That The Information And Statements Made Here Are True.

_Adrian Williams-El_

Adrian Williams-El, Swearee

D.C.D.C.# 162-518

Federal No. 97648-131

(25)

This being the 23rd

day of November, 2005, A.D.

Adrian Williams-El

Adrian Williams-El, Swearee

D.C.D.C. # 162-518

Federal No. 97648-131


Certificate of Service

This is to certify, verify, that a true and correct copy

of Petitioners Memorandum Response To The United

States Parole Commission's Opposition to Petitioner's

Petition For A Writ Of Habeas Corpus Was mailed postage

pre paid to: Sherri L. Berthrong Assistant United

States Attorney, Special Proceedings Section, 555 4th Street,

N.W., Room 10-450, Washington, D.C. 20530; this 23rd

day of November 2005, A.D., and: Michael Stover,

General Counsel, United States Parole Commission, 5550 Friendship

(26)

Blvd., Chevy Chase, Maryland, 20815, this 23rd day of

November _____ 2005, (A.D., and to: Warden Fred E.

Figueroo, Custodian, C.C.A. (D.C) C.T.F., 1901 E Street,

S.E., Washington, (D.C., 20003; this 23rd day of

November _____ 2005, A.D.

Adrian Williams-El

Adrian Williams-El, Pro Se Petitioner

(D.C@DC # 162-518

Federal No. 97648-131

C.C.A. (D.C.) C.T.F.

1901 E Street, S.E., F1B-20

Washington, (D.C., 20003

(27)

United States District Court
for the District of Columbia

Adrian Williams-El,
        Petitioner,

        v.

Michael J. Gaines, Chairman,
United States Parole Commission,
        Et Al., Respondents.

Civil Action No.
05-1387 (EGS)

Order's

It Is This ___ Day of _____ 2005, A.D.,
So Ordered: That The Writ of Habeas Corpus Be And
Is Hereby Granted.
The United States Marshal's Are Hereby Ordered To
Bring Forth Petitioner And All His Personal Property
And A 90 Day Supply Of Petitioners Heart And

(1)

High Blood Pressure Medications Forthwith.

The Assistant United States Attorney Sherri L. Berthrong

Is Forthwith Ordered To Provide All Of Petitioners

Personal Property And Monitary Property From

Formal D.C. Superior Court Criminal Case F-00041-05

Forthwith And Release Said To This Petitioner

Forthwith.

Emmet G. Sullivan
United States District Court Judge

(2)