UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ADRIAN WILLIAMS-EL,** : | Civil Action No. 05-1387 (EGS) |
| Petitioner : | |
| : | |
| : | |
| v. : | |
| : | |
| **MICHAEL J. GAINES, CHAIRMAN** : | |
| **U.S. PAROLE COMMISSION, et. al.,** : | |
| Respondents : | |

### U.S. PAROLE COMMISSION'S SUPPLEMENTAL OPPOSITION TO PETITIONER'S PETITIONS FOR A WRIT OF HABEAS CORPUS

The U.S. Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files its supplemental opposition to the petitioner's petitions for a writ of habeas corpus. The petitioner has filed at least five pro se petitions for writ of habeas corpus in which he claims that the U.S. Parole Commission ("Commission") lacks the authority to revoke his supervised release because his criminal case, which formed the basis for the Commission's warrant, has been dismissed, because the Commission has relied on the allegedly perjurious testimony of a police officer, because his revocation hearings have been delayed, because he was not promptly released after the initial revocation hearing, because the Commission's policies and practices for issuing warrants are discriminatory and violate the Equal Protection Clause of the Constitution, and because the petitioner did not consent or agree to the terms of his supervised release.  The U.S. Parole Commission filed its opposition to the petitioner's petitions on November 8, 2005.

Subsequent to this filing, the U.S. Parole Commission held another revocation hearing on

November 9, 2005. As a result of this hearing, on November 30, 2005, the Commission found insufficient evidence to support the law violation and ordered the petitioner to be reinstated to supervision. See Exhibit A (Notice of Action dated 11/30/05). The petitioner was released from custody on December 1, 2005. See Exhibit B (Department of Corrections Inmate Record). Thus, to the extent that the petitioner challenged the supervised release revocation procedures and sought his release from custody, those claims are now moot. See, e.g. In Re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("request for habeas corpus relief is moot as a result of [petitioner's] release from prison"); Alonso-Martinez v. Meissner, 697 F.2d 1160, 1165-66 (D.C. Cir. 1983) (petitioner's release from INS detention to parole made his habeas petition moot); Solomon v. Cameron, 377 F.2d 170, 172 (D.C. Cir. 1967) (insanity acquittee's release from St. Elizabeth's Hospital made appeal of the denial of his habeas petition moot); Banks v. Ferrell, 411 A.2d 54, 56 (D.C. 1979) (prisoner's suit regarding D.C. Board of Parole procedures held mooted by his transfer to the Bureau of Prisons and the subsequent parole grant from the U.S. Parole Commission); Hardesty v. Draper, 687 A.2d 1368, 1371 (D.C. 1997) (habeas action challenging confinement in mental institution held moot because petitioner had been released from institution).

Accordingly, the respondents request that the petitioner's claims challenging the possible revocation of his supervised release be dismissed as moot, and that the remaining claims be denied for the reasons stated in the U.S. Parole Commission's original opposition filed on November 8, 2005.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Notice has been electronically filed with the Court and served by mail upon the petitioner, Adrian Williams-El, 607 Condon Terrace, S.E., Washington, D.C. 20032, and to Nadine Wilburn, Assistant Deputy Chief, Civil Litigation Division, Office of the Attorney General, 441 Fourth Street, N.W., Suite 6-South, Washington, D.C. 20001, this 8th day of December, 2005.

_____
Sherri L. Berthrong
Assistant United States Attorney