IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADRIAN WILLIAMS-EL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>THE UNITED STATES PAROLE )<br>COMMISSION, *ET AL.*, )<br>)<br>Respondents. ) | Civil Action No. 05-1387 |

THE RESPONDENT FRED FIGUEROA'S REPSONSE
TO THE COURT'S ORDER TO SHOW CAUSE

Respondent Fred Figueroa, as Warden of the Central Treatment Facility of the Correctional Corporation of America, Inc., hereby responds to the Court's Order to Show Cause. As reasons why this petition should be denied, Fred Figueroa states the following:

1. Petitioner, an inmate at the Central Treatment Facility in the District of Columbia, seeks relief from this Court for what he contends are the illegal actions of the United States Parole Commission. Fred Figueroa is the warden of the facility in which petitioner is housed. *See Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1238-39 (D.C.Cir. 2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810-11 (D.C.Cir. 1988), holding, the appropriate respondent in a habeas corpus action is his custodian -- the warden of the facility where the petitioner is incarcerated, since that warden has the ability to release the petitioner from any illegal confinement.

2. As warden, Mr. Figueroa is bound by any court order as it relates to petitioner's continued incarceration. However, Mr. Figueroa is unable to respond to the

merits of the petitioner's claim which challenges a decision of the United States Parole Commission [denying/revoking parole, failing to hold a revocation hearing, etc]. Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, D.C. Official Code § 24-131 (2001 ed.) ("Revitalization Act"), the United States Congress transferred responsibility for the general imprisonment of D.C. felons from the District to the United States, and transferred the parole authority for such felons from the D.C. Board of Parole to the U.S. Parole Commission. *Crawford v. Jackson*, 323 F.3d 123, 125-126 (D.C.Cir.), *cert. denied*, 540 U.S. 856 (2003). Accordingly, the United States Parole Commission has sole responsibility for decisions concerning the petitioner's parole. Because respondent Figueroa has no authority to determine petitioner's entitlement to parole, this Order to Show Cause against him should be summarily discharged.

3.  To the extent petitioner claims that respondent Fred Figueroa denied him access to the law library, petitioner cannot receive any relief from this Court based on this claim because his claims challenge "conditions" of his confinement as opposed to the "fact" of confinement, which is the proper subject of a habeas petition. *See Preiser v. Rodriguez,* 411 U.S. 475, 484-85 (1973).

WHEREFORE, for the reasons stated herein, the Court's Order to Show Cause as against Fred Figueroa, Warden of the Central Treatment Facility, must be discharged, and the petition for writ of habeas corpus denied.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, D.C.
        Civil Litigation Division

        _____
        PATRICIA A. JONES #428132
        Civil Litigation Division
        Chief, General Litigation Section IV

        _____
        GEORGE E. RICKMAN #433298
        Assistant Attorney General
        Civil Litigation Division
        General Litigation Section IV
        P.O. Box 14600
        Washington, DC 20044-4600
        202-442-9840/fax 202-727-3625

## CERTIFICATE OF SERVICE

I do hereby certify that on this 13th day of December, 2005, a copy of this response to petitioner's petition for a writ of habeas corpus and proposed order was mailed first class postage pre-paid to:

Adrian C. Williams-El
R97648-131
1901 E Street, SE
Medical Unit 82-15
Washington, D.C.  20003

        _____
        GEORGE E. RICKMAN
        Assistant Attorney General, D.C.

3